UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-CR-50014-TLB |
| | ) |
| JOSHUA JAMES DUGGAR, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully opposes the Government's oral motion for detention and respectfully requests that this Court release him on bail subject to a combination of conditions of release that will reasonably assure his appearance at trial and the safety of the community or any other person. This Court has scheduled a detention hearing on May 5, 2021 at 1:30 p.m.

As a matter of law, the Bail Reform Act preserves the preference of release of the accused pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987). Liberty is the norm, and detention prior to trial is "the carefully limited exception." *Id*. Duggar is 33 years old, has no criminal convictions, and has known about this federal criminal investigation since November 2019 when Homeland Security Investigations ("HSI") executed a search of Duggar's prior workplace and issued a statement to the media through a spokesperson that "HSI was present there pursuant to an ongoing federal criminal investigation."[1] Since then, Duggar, his wife, and his six children have continued to reside in the Western District of Arkansas and, through legal counsel,

---

[1] *See* https://www.fox6now.com/news/agents-with-homeland-security-investigations-visited-duggar-home (last visited April 29, 2021).

Duggar has maintained an open dialogue with the U.S. Attorney's Office in connection with this investigation. The Government permitted Duggar to voluntarily self-surrender in connection with this case and he complied precisely as directed—underscoring his commitment to meet these charges and to accept and abide by any conditions of release set by this Court.

As set out herein and as will be clearly established at the hearing before this Court, Duggar is neither a risk of flight nor a danger to the community. As such, the law mandates pretrial release pending trial.

## I.  Procedural Background

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). Duggar has pleaded not guilty to both counts.

## II.  Applicable Law

Under the Bail Reform Act (hereinafter, the "Act"), "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755. As the Eighth Circuit has held,

> The passage of the pretrial detention provision of the 1984 Act did not…signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the impostion [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."

*United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* 1984 Code Cong. & Ad. News at 3189).

Consistent with the plain language of the statute and with the intent of Congress, the Act encourages release of the accused pending trial so long as some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the

community or any other person. *Id.* at 890-91. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. Moreover, "[d]oubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

Duggar acknowledges that this is a case in which there is a rebuttable presumption of detention (based on the receipt count). However, "[i]n a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436.

"Even in a presumption case," the prosecution "retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and by "a preponderance of the evidence that the defendant presents a risk of flight." *Id*. at 436 (internal citations omitted).

III. **Duggar Does Not Pose a Danger to Any Other Person or the Community and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This**

Duggar is 33 years old, has no prior criminal convictions, and has deep ties to the Western District of Arkansas, where he was born, raised, and currently resides. The charges against him arise out of alleged conduct involving a desktop computer at a business Duggar previously owned and operated. When investigators arrived unannounced in November 2019 to execute a search of the business and to seize, *inter alia*, computers and electronic devices, Duggar fully complied with

all law enforcement directives. As HSI noted in its official investigative report, "Duggar was cooperative and wanted to make sure investigators had access to everything they needed before he departed the premises."[2] Duggar's full and unfettered cooperation with federal law enforcement occurred after, by HSI's own account, he "retrieved an Apple iPhone from his pocket and stated he would like to contact his attorney," at which time, "SA Aycock and SA Faulkner seized the Apple iPhone from Duggar and SA Faulkner explained that pursuant to the search warrant, the device was being seized and he would have an opportunity to contact his attorney at a later time."[3] While this is neither the time nor the place to litigate possible constitutional violations arising from this incident, the bottom line remains for purposes of this Court's bail determination: Duggar was, by all accounts, fully cooperative with law enforcement notwithstanding his being prohibited from communicating with his legal counsel.

More recently, through legal counsel, upon learning about the possibility of an indictment from the Government, Duggar expressly volunteered to self-surrender in the event the Government obtained an indictment—obviating any need to put law enforcement in the unnecessary position of having to execute his arrest. Thus, even in the absence of any conditions imposed by this Court and prior to any charges being brought against him, Duggar has demonstrated an unfettered willingness to submit to any and all law enforcement directives.

Against this backdrop, Duggar is presumed innocent of the pending charges. Indeed, while child pornography crimes are unquestionably serious, the indictment certainly does not allege that Duggar personally interacted with a single child and the Government would be hard-pressed to identify how conditions of release set by this Court would not protect the community from criminal

---

[2] To the extent necessary, Duggar is prepared to elicit the testimony of HSI Special Agent Howard Aycock. Duggar is also complying with the arguably-applicable Touhy regulations governing Special Agent Aycock's anticipated testimony.
[3] This is reflected in an official report drafted by HSI Special Agent Aycock.

conduct. Rather, this Court should conclude that the Government's decision to not even charge Duggar until 17 months after executing the search—17 months during which Duggar fully complied with the law, maintained an open dialogue with the Government through legal counsel, and continued to support his family through lawful employment—unambiguously demonstrates that Duggar poses no risk of flight or danger to the community.

While the defense submits that no additional conditions of release beyond those standard conditions applicable to virtually every defendant in this district are warranted, Duggar would willingly submit to any conditions of release that this Court sees fit—underscoring that detention should remain the "carefully limited exception" that should not apply in this case. *See Salerno*, 481 U.S. at 755.

**IV.    Duggar Does Not Pose a Risk of Flight and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This**

This Court should readily conclude that Duggar poses no risk of flight. Duggar has known about this criminal investigation since November 2019. And this is no surprise to the Government. After executing a search of Duggar's workplace, an HSI spokesperson expressly stated, "HSI was present there pursuant to an ongoing federal criminal investigation."[4] Duggar did not flee the district or the country. In stark contrast, he continued to support his wife and six children while residing in this district and, through legal counsel, he maintained an open line of communication with the Government.

Moreover, Duggar has deep roots in this community—further underscoring that he poses no risk of flight. He was born and raised in this community and, with the exception of a stint working in politics in Washington, D.C., this has always been his home. Indeed, Duggar's life—

---

[4] *See* https://www.fox6now.com/news/agents-with-homeland-security-investigations-visited-duggar-home (last visited March 28, 2021).

and that of his parents and 18 siblings—has been largely documented on camera and in the media. In that vein, Duggar has a widely-recognizable face and has spent the majority of his life in the public spotlight—making any concern that he is a risk of flight all the more unwarranted. As he has demonstrated for the 17 months during which he has been aware of this investigation, there is no danger of Duggar fleeing.

Furthermore, the Bail Reform Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189). One charged with a crime is, after all, presumed innocent. *See Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan, J. and Marshall, J). Due to these fundamental interests involved, it naturally follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted).

V.  **Conditions of Release**

Duggar is requesting that this Court permit him to return home to his immediate family during the pendency of this case. The residents of his home are his wife (who is pregnant) and their six children.

In the alternative and consistent with Chief Judge Wiedemann's request at arraignment, Duggar has provided this Court's Office of Pretrial Services the name and contact information of

6

a third-party custodian with whom Duggar can reside. No minor children reside in that home. It is the defense's understanding that the Office of Pretrial Services has investigated this possibility in lieu of detention.

Regardless of where he resides, Duggar is committed to abide by any conditions of release established by this Court.

### VI. Conclusion

As this Court is aware, this detention hearing is neither the time nor the place to litigate the underlying merits of the case. The law presumes Duggar innocent and Duggar's conduct for the 17 months that have transpired since the Government executed a search of his former workplace and publicly acknowledged this investigation to the media underscores that Duggar is neither a danger to the community nor a risk of flight. Duggar was unwaveringly cooperative with federal law enforcement in November 2019, has remained fully compliant with the law, has continued to reside with his wife and raise his six children in this community, and self-surrendered as directed so as to obviate any need for an unnecessary law enforcement operation.

Under these circumstances, and as will be further established at the hearing before this Court, Duggar should be released on bail with a combination of conditions that will reasonably assure his appearance at trial and the safety of the community or any other person.

This case falls squarely within "the norm," where "liberty" pending trial is appropriate. *Salerno*, 481 U.S. at 755.

Respectfully submitted,

**Margulis Gelfand, LLC**

/s/ *Justin K. Gelfand*
Justin K. Gelfand, MO Bar No. 62265*
7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

**Story Law Firm, PLLC**

/s/ *Travis W. Story*
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
3608 N. Steele Blvd., Suite 105
Fayetteville, AR 72703
Telephone: 479.443.3700
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

/s/ *Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*