# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-CR-50014-001 |
| ) | |
| JOSHUA JAMES DUGGAR, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO CONTINUE TRIAL

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully requests that this Court continue the trial in this case from the current setting of July 6, 2021. (Doc. 13). Specifically, Duggar requests that this Court set a trial date in this case in or after February 2022.[1]

### I.  Background

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). Duggar has pleaded not guilty to both counts.

### II.  Reasons for Continuance

This is a complex case arising out of a several-year federal investigation concerning allegations involving both the so-called "dark web" and peer-to-peer BitTorrent file-sharing networks.

---

[1] The defense appreciates and acknowledges this is a lengthy request for a continuance. However, for the reasons set out herein, the defense is making this request in an attempt to obviate the need for any future motions to continue and in light of scheduling conflicts for counsel presented by trials throughout the remainder of 2021 which were scheduled in rapid succession as a result of the COVID-19 pandemic and the inability to hold federal jury trials at earlier dates.

Based on the discovery provided to date, the Government's allegations largely center on computer forensic evidence and anticipated expert opinion testimony. (The Government utilized the services of two Government-affiliated computer forensic experts during its investigation.) The defense has retained an independent computer forensic expert who must conduct a computer forensic examination of each of the devices at issue—a time-consuming process that requires review at a government facility for the one device the Government alleges contained child pornography. The defense expert must also conduct a time-intensive process of reviewing the remaining devices that the Government does not allege contained child pornography. Indeed, based on litigation to date, it appears the Government intends to make evidentiary use of one or more of those devices. Thus, given the complexity of the allegations and the scope of the digital discovery at issue, the defense's computer forensic expert anticipates her review and subsequent analysis of the relevant evidence may take several months.

Furthermore, the defense requires additional time to complete its review of the discovery and, separately, to pursue certain investigative leads based on the discovery. In particular, based on the discovery disclosed to date, it appears there are certain key witnesses whom the Government did not interview and certain sources of possible evidence the Government did not obtain during its investigation.

The Government has disclosed voluminous discovery in some respects. However, in other respects, the defense has expressly requested additional discovery but has not received it. For example, at the detention hearing in this case, the Government's Special Agent who supervised this investigation testified that this investigation originated out of the Little Rock Police Department:

> Q: Okay. Now, Special Agent, you testified that this investigation began in May of 2019, is that correct?

>A: That is correct.
>
>Q: And you testified that a detective in Little Rock named Amber Kalmer was the initial law enforcement officer investigating this case, is that correct?
>
>A: Yes, sir.

(Detention Hearing Tr. at 58-59).

However, despite multiple requests by the defense, the Government has turned over virtually no discovery regarding Detective Kalmer's investigation—not a single police report or document setting out the scope of the Little Rock Police Department's actions in connection with this case.[2]

Remarkably, the Government also recently disclosed—for the first time and only by way of a screenshot of an unidentified database—that two other Arkansas state law enforcement agencies allegedly participated in this investigation at least in a minimal capacity. The search warrant applications make no reference to these agencies, the Special Agent's testimony at the detention hearing made no mention of these agencies, and the remainder of the discovery does not reveal which agencies participated and what, if anything, these agencies did. At the detention hearing in this case, the Government's DHS HSI special agent who supervised this investigation testified only that this was a DHS HSI case that originated with the Little Rock Police Department. *See* Det. Hearing Tr. at 58-59 (identifying Little Rock Police Department) and 80-81 ("Q: …this was an HSI case, a Department of Homeland Security case, correct? A: That is correct. Yes, sir").

Thus, the defense requires additional time to navigate discovery issues with the Government and, if necessary, to raise any discovery disputes with this Court sufficiently in advance of trial.

---

[2] The exception is that the Government disclosed purported computer-generated logs reflecting alleged file downloads.

Separate and apart from the factual allegations in this case, the defense anticipates critical pretrial motion practice in this case involving important constitutional and legal issues. It would be premature to file certain anticipated motions at this time as the defense has not yet had the opportunity to review all relevant discovery and to fully benefit from the defense expert's computer forensic analysis. That said, the defense anticipates the need for an evidentiary hearing will arise in advance of trial and sufficient time for the parties to fully brief the issues and for this Court to make determinations will be necessary. Significantly, some of these anticipated motions, if decided in Duggar's favor, would obviate the need for a trial.

Finally, the defense requests a trial date in or after February 2022 to give Duggar sufficient time to fully prepare a defense in this case and due to certain scheduling conflicts during the remainder of 2021. Specifically, Duggar's lead counsel, Justin Gelfand, has federal criminal trials scheduled to begin in July 2021, September 2021, October 2021, and November 2021—all of which were scheduled in rapid succession as a result of the COVID-19 pandemic and the inability to hold federal jury trials at earlier dates.

**III.   Conclusion**

Based on the foregoing, Duggar respectfully requests that this Court enter an Order continuing the trial in this case to a date in or after February 2022.

Duggar submits that the ends of justice served by granting this requested continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161, *et. seq*.

Respectfully submitted,

**Margulis Gelfand, LLC**

<u>/s/ *Justin K. Gelfand*</u>
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

--- *and* ---

**Story Law Firm, PLLC**

<u>*/s/ Travis W. Story*</u>
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
3608 Steele Blvd., #105
Fayetteville, AR 72703
Telephone: (479) 448-3700
Facsimile: (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

    I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and all counsel of record.

                                                          */s/ Justin K. Gelfand*
                                                          JUSTIN K. GELFAND, MO Bar No. 62265*
                                                          7700 Bonhomme Ave., Ste. 750
                                                          St. Louis, MO 63105
                                                          Telephone: 314.390.0234
                                                          Facsimile: 314.485.2264
                                                          justin@margulisgelfand.com
                                                          *Counsel for Defendant*
                                                          **Admitted Pro Hac Vice*