**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**


**UNITED STATES OF AMERICA**

**v.**                                                       **Criminal No. 5:21-CR-50014-001**

**JOSHUA JAMES DUGGAR**


### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL

Comes now the United States of America by and through Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, for its Response to the Defendant's Motion to Continue Trial until February of 2022 (Doc. 26) and states that the United States does not oppose a reasonable continuance of approximately three (3) months to allow a defense hired expert to review the digital evidence in this case and provide a subsequent opinion, however a continuance as requested until February of 2022 would result in unnecessary delay. For all matters relevant, the United States maintains the following:

1.      This case is currently set for trial on Tuesday, July 6, 2021. There have been no prior continuances requested by either party in this matter. (See Doc. 13, Minute entry from Arraignment held on April 30, 2021).

2.      The defendant is charged with One (1) Count of Receipt of Child Pornography and One (1) Count of Possession of Child Pornography. Said charges involve both child victims and crimes of violence.

3.      The Government has made timely and complete disclosure of all discovery material as contemplated by Rule 16 of the Federal Rules of Criminal Procedure and as further instructed

by the Court's Pretrial Scheduling Order (Doc. 15).

4.       On or about May 6, 2021, defense counsel notified the Government that they hired a computer forensic expert and requested assistance in facilitating the defense expert's review of the digital evidence in this case.[1]  The digital evidence at issue, overall, consists of two (2) separate computers, one containing the Child Sexual Abuse Material (CSAM) charged in the Indictment and the other containing relevant corroborative evidence, such as text messages and digital photographs, placing Mr. Duggar in proximity to the computer containing CSAM during the relevant timeframe. Per the defense request, the Government made arrangements for the defense expert to review the computer evidence depicting CSAM at the Homeland Security Field Office in Phoenix, Arizona. Said review is scheduled to commence this Wednesday, June 23, 2021, and conclude on or before this Friday, June 25, 2021.

5.       Additionally, on May 11, 2021, at the request of the defense, the United States offered to provide the defense a digital copy of the second computer containing the corroborate evidence (text messages, digital photos, etc.) for their expert to review. To facilitate said defense request, the United States told the defense to provide a hard drive to Homeland Security Investigations in Fayetteville so the information could be uploaded thereto and returned to the defense. On or about June 17, 2021, HSI in Fayetteville received the requested hard drive from the defense. The United States anticipates providing the digital copy of this computer to the defense expert while she is at the Phoenix HSI office this week. Notably, the amount of time required to review this corroborative evidence should be comparatively short, given the review the evidence of the charged crimes is scheduled to take three (3) days or less. Consequently, the Government

---

[1] The United States has previously made available for defense counsel's review the charged child pornography images; two (2) of the defendant's attorneys conducted a limited review (at their request) of the graphic images.

does not oppose a reasonable continuance of approximately three (3) months to facilitate the defense expert's review and opinion described above, as this is common practice in computer-based child exploitation cases. But as communicated to defense counsel prior to the filing of the instant motion, there exists no legally or factually valid reason supporting a continuance until February of 2022.

6.      In his motion, the defendant cites in support of his continuance request that "the Government's allegations largely center on computer forensics and anticipated expert testimony." (Doc. 26, p. 2). The United States acknowledges this point, as it is true for all internet and computer-based child pornography offenses. However, a continuance of seven (7) to eight (8) months remains unsupported. As stated above, the defense hired expert is set to begin and complete her review of the essential evidence this week.

7.      Additionally, the defense asks for time "to complete its review of the discovery and, separately, to pursue certain investigative leads…" (Doc. 26, p. 2). The defense has had the discovery since early May and certainly three (3) additional months should provide ample time to "complete" their review of the reports and identify any alleged witnesses favorable to the defense. The defendant likewise alleges that the Government has failed to turn over certain documents related to the Little Rock Police Department's (LRPD) involvement in this case. (Doc. 26, p. 3). But, as indicated to the defense, the Government has turned over all reports in its possession pursuant to the Federal Rules of Discovery reflecting LRPDs limited involvement in this case. And, per the defendant's own motion, the Government even had a Special Agent from HSI to testify about the extent of the LRPDs involvement in this case. While on May 12, 2021, defense counsel did request from the United States certain irrelevant and extraneous information about the LRPD, when the Government declined to provide such, the appropriate responsive motion to file

was a Motion to Compel Discovery. A failure to timely file such a motion is not however supportive of a motion to continue.[2]

8.      Next, the defendant alleges his request for a lengthy continuance is supported in order to file certain "critical" pretrial motions involving constitutional and legal issues. (Doc. 26, p. 4). The United States notes that virtually all pretrial motions in every criminal case involve constitutional and legal issues, as this is a federal case set in a federal court of law. As part of the Pretrial Scheduling Order, this Court has directed pretrial motions to be filed 14 days prior to the trial date. To date, none have been filed. And if, as defense counsel argues, the motions are contingent on the defense expert's review of the digital evidence, then a lengthy continuance remains misplaced as the expert has yet to conduct her review. Presumably, her opinion might not conform with the motions the defense desires to file.[3] Consequently, a continuance of approximately three (3) months should reasonably allow for both the review and opinion of the defense hired expert, as well as any derivative motions.

9.      Lastly, in support of the instant motion, defense counsel alleges he has federal trials scheduled to begin over the next several months. However, a continuance of approximately three (3) months will resolve most of defense counsel's calendar related issues. Thereafter, if any remaining trials factually pose a conflict, a subsequent motion can be filed stating such with specificity. In that instance, the Court then could appropriately tailor the length of the continuance

_____

[2] Per the Pretrial Scheduling Order, a motion to compel should be filed within 10 days of the declination to disclose material by either party (Doc. 15, p. 6). A failure to timely file such may result in a waiver of the issue.

[3] Given defense counsel has hired the same forensics firm utilized by the defense in *United States v. Hoeffener*, 950 F3d 1037 (8th Cir. 2020), the Government anticipates similar motions to be filed. However, given the established caselaw, the issues presented therein should not necessitate extensive delay. The same is true with respect to a motion to suppress the defendant's statement, which notably is not contingent on the forensics involved in this case.

to the actual conflict, so as to not result in unnecessary delay.

WHEREFORE, the United States does not oppose an approximately three (3) month continuance to allow for the defense hired expert to complete a review of the digital evidence, but maintains that the request for a continuance until February of 2022 is unsupported and would result in unnecessary delay.

Respectfully submitted,

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:    /s/ Dustin Roberts

Dustin Roberts
Assistant United States Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR 72901
Office: 479-783-5125

## <u>CERTIFICATE OF SERVICE</u>

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, and Gregory Payne, Attorneys for the Defendant

/s/ Dustin Roberts

Dustin Roberts
Assistant United States Attorney