IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

**V.**                          **CASE NO. 5:21-CR-50014-001**

**JOSHUA JAMES DUGGAR**                                                   **DEFENDANT**

## AMENDED PRETRIAL SCHEDULING ORDER

### I. TRIAL SETTING AND PRETRIAL CONFERENCE

This case is set for trial on **NOVEMBER 30, 2021, at 9:00 a.m.** in Fayetteville, Arkansas, before the Honorable Timothy L. Brooks.  A pretrial conference will be conducted on **NOVEMBER 18, 2021, at 9:00 a.m.** in Fayetteville, Arkansas.  These proceedings will be held in person and open to the public but will not be broadcast by videoconference or otherwise.  Audio and/or video recording inside the courtroom is strictly prohibited.

### II. PRETRIAL DISCOVERY AND INSPECTION

#### A. Government's Discovery Obligations

It is the Court's understanding that upon arraignment the parties mutually invoked full reciprocal discovery obligations pursuant to Rule 16.  Accordingly, with regard to the Defendant's request for discovery pursuant to Rule 16(a), the Government shall provide the following materials (if it has not already done so) by not later than **JULY 16, 2021:**

(1)     the substance of any relevant oral statement made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew

1

    was a Government agent if the Government intends to use the statement at trial, Fed. R. Crim. P. 16(a)(1)(A);

(2) any relevant written or recorded statement by the Defendant if: the statement is within the Government's possession, custody, or control; and the attorney for the Government knows---or through due diligence could know---that the statement exists, Fed. R. Crim. P. 16(a)(1)(B)(i);

(3) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation by a person the Defendant knew was a Government agent, Fed. R. Crim. P. 16(a)(1)(B)(ii);

(4) the Defendant's recorded testimony before a grand jury relating to the charged offense, Fed. R. Crim. P. 16(a)(1)(B)(iii);

(5) the statement of any organizational Defendant in accordance with Fed. R. Crim. P. 16(a)(1)(C);

(6) a copy of the Defendant's prior criminal record that is within the Government's possession, custody, or control if the attorney for the Government knows---or through due diligence could know---that the record exists, Fed. R. Crim. P. 16(a)(1)(D);

(7) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the Government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the Government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the Defendant, Fed. R. Crim. P. 16(a)(1)(E);

(8) the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the Government's possession, custody, or control; (ii) the attorney for the Government knows---or through due diligence could know---that the item exists; (iii) and the item is material to preparing the defense or the Government intends to use the item in its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(F); and

(9) a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(G).

### B. The Government's Other Required Disclosures

In addition to Rule 16 discovery, the Government has additional disclosure obligations. The Court encourages the early disclosure of the following materials (and any other notices required by the Federal Rules of Evidence) in order to avoid any unnecessary delay in the trial of this case.

(1) The Government must provide reasonable notice of the general nature of any evidence of the Defendant's other crimes, wrongs, or acts that—although inadmissible to prove the Defendant's bad character—the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning any instant charge, in accordance with Fed. R. Evid. 404(b).

(2) *Brady* material: Any evidence which might tend to exculpate Defendant, mitigate punishment, or impeach testimony which may be determinative of Defendant's guilt or innocence should be disclosed as soon as reasonably possible. *Brady v. Maryland*, 373 U.S. 83 (1963).

(3) *Jencks Act* material: Statements of witnesses the Government intends to call at trial must be disclosed by not later than immediately after the witness has testified on direct examination. 18 U.S.C. § 3500; *see also United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998).

(4) *Giglio* material: Evidence of plea agreements or other promises made by the Government to a witness must be disclosed by not later than immediately prior to the testimony of the witness to whom such material relates, *Giglio v. United States*, 405 U.S. 150 (1972).

(5) Rule 5(f) Admonition: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the United States' case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and **ORDERS** the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

### C.   Government's Decision not to Disclose

The Government may decline to make any one or more of its required disclosures if, in the judgment of the Government, **it would not be in the interests of justice to make such disclosure**.  But in that event, the Government must, **by any applicable disclosure deadline**, make such declination in a writing directed to Defendant's counsel, and shall specify the types of disclosures that are declined.  If the Defendant seeks to challenge the declination, Defendant should proceed pursuant to paragraph "G" below.

### D.   Information the Government is Not Required to Disclose

Except as provided in Federal Rule of Criminal Procedure 16(a)(1), the Government is not obligated to disclose reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.  Fed. R. Crim. P. 16(a)(2).

Except for scientific or medical reports, the Defendant is not obligated to disclose (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or (B) a statement made to the defendant, or the defendant's attorney or agent, by: (i) the defendant; (ii) a government or defense witness; or  (iii) a prospective government or defense witness. Fed. R. Crim. P. 16(b)(2).

The Government is directed to maintain the "field notes" of any Government agent made during the investigation of this case.   These notes are not discoverable except on separate Order of the Court.

### E. Defendant's Discovery Obligations

The Defendant shall have ten (10) days[1] from receipt of the Government's Rule 16(a) discovery responses (or from the date of this Order, whichever is later) to provide the disclosures required by Rule 16(b), including:

(1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the Defendant's possession, custody, or control; and (ii) the Defendant intends to use the item in the Defendant's case-in-chief at trial, Fed. R. Crim. P. 16(b)(1)(A); and

(2) the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the Defendant's possession, custody, or control; and (ii) the Defendant intends to use the item in the Defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony, Fed. R. Crim. P. 16 (b)(1)(B).

**An extension of the Defendant's disclosure deadline will only be granted for good cause shown.**

### F. The Defendant's Other Required Disclosures

The following material should also be disclosed by the Defendant as noted below. The Court encourages the early disclosure of the following material in order to avoid any unnecessary delay in the trial of this case.

(1) The Defendant must, at the Government's request, give to the government a written summary of any testimony that the Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if: (i) the Defendant requests disclosure under subdivision (a)(1)(G) and the Government complies; or (ii) the Defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the Defendant's mental condition. Fed. R. Crim. P. 16(b)(1)(C). **Such disclosure should also be made within 5 days of the Government's notice of request for discovery if disclosure is mandated pursuant to subsection (i). If the Defendant gives notice under Rule 12.2(b), the Government does not need to make a separate request for disclosure if it has already filed a**

---

[1] All deadlines in this order are calculated as calendar days and not business days.

**notice of request for disclosure that encompasses this subsection. Rather, in such case, the Defendant must provide the disclosures mandated under subsection (ii) at the time that notice is given under Rule 12.2(b).**

Similarly, the Defendant will not be obligated to make a separate request for disclosure under Fed. R. Crim. P. 16(a)(1)(G) if he or she has already filed a notice of request for disclosure that encompasses that subsection. Rather, in such case, the Government must give the Defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of Defendant's mental condition **within 5 days of service of a proper Rule 12.2(b) notice**---with disclosures as outlined in the above paragraph---by the Defendant. The summary provided must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

(2)  After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, will order an attorney for the Government or the Defendant and the Defendant's attorney to produce, for the examination and use of the moving party, any statement, as defined by Rule 26.2(f), of the witness that is in their possession and that relates to the subject matter of the witness's testimony. Fed. R. Crim. P. 26.2(a). The parties should be prepared to provide such statements, upon motion, immediately after a witness testifies on direct examination.

### G.  Motions to Compel

In the event either party seeks discovery or inspection of material the other party has elected not to disclose, the requesting party may file a motion to compel disclosure. Such motion must be filed within ten (10) days after the receipt of the declination to disclose by the opposing party. **In order to be considered by the Court, any motion to compel disclosure must contain:**

(1)  a statement that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without intervention of the Court; and

(2)  the date of said conference.

In order to expedite the Court's consideration, the motion should make clear the specific discovery or inspection issue in dispute.

**The failure to file a timely motion to compel may result in the waiver of any objection to the declination to disclose.**

### H.     Continuing Duty to Disclose

Any party's duty of disclosure and discovery set forth in this order is a continuing one.  Fed. R. Crim. P. 16(c).

### III.    DISPOSITIVE MOTIONS, DEFENSES, OBJECTIONS AND OTHER REQUESTS

The deadline to file dispositive motions and/or to raise any defense, objection or request capable of determination without trial of the general issue[2] is **AUGUST 20, 2021.** See Federal Rule of Criminal Procedure 12(c).  Any response to such a motion must be filed within fourteen (14) days.

### IV.    MOTIONS IN LIMINE, WITNESSES, AND EVIDENCE

If the parties desire rulings on motions in limine prior to trial, such motions should be filed by **NOVEMBER 3, 2021.**  Responses to such motions should be filed by **NOVEMBER 10, 2021**.  If any motion in limine has not been ruled on by the date of the pretrial conference, counsel should be prepared to present oral argument on the motion at that time.

---

[2] Those matters include, but are not limited to, those listed in Fed. R. Crim. P. 12(b)(3): (1) defects in the institution of the prosecution, (2) defects in the indictment, (3) suppression of evidence, and (4) severance under Fed. R. Crim. P. 14.  Also included, without limitation, are (5) selective or vindictive prosecution, (6) outrageous Governmental misconduct, (7) misjoinder, (8) pre-indictment delay, (9) speedy trial, (10) prejudicial publicity, (11) lack of personal jurisdiction, (12) Posse Comitatus Act [18 U.S.C. 1385], (13) recantation as a defense to perjury, (14) limitations, (15) double jeopardy, (16) multiple sentencing, and (17) immunity.

The Government is directed to provide the Court (via email) and Defendant copies of its tentative witness and exhibit lists by no later than the close of business **NOVEMBER 1, 2021**. The Government's *final* exhibit and witness lists, as well as exhibit notebooks must be provided to Chambers by not later than **NOVEMBER 17, 2021**.

In the absence of good cause and leave of court, the Defendant shall disclose its tentative witness and exhibit lists to the Court (via email) and opposing counsel by no later than **NOVEMBER 10, 2021** (except that Mr. Duggar need not disclose whether he will testify until trial). The Court asks that the Defendant's proposed exhibits be provided to Chambers in a notebook (indexed and tabbed) by not later than the pretrial conference on **NOVEMBER 18, 2021**.

## V.     JURY INSTRUCTIONS

To the greatest extent possible, the parties should confer regarding the proposed jury instructions in an attempt to narrow areas of disagreement. With regard to instructions that are mutually agreed, the Government shall submit a packet of AGREED instructions (clearly marked "AGREED" on each instruction) to the Court on or before **NOVEMBER 16, 2021**. The Eighth Circuit Model instructions should be used whenever possible, and all instructions should note the source and/or basis of the instruction at the end of each instruction. "AGREED" verdict forms should be submitted by the deadline as well.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same deadline. Such instructions should be clearly marked as "[Government's/Defendant's] DISPUTED Instruction No. ____." The legal basis for the instruction and brief description

of the parties' disagreement shall be provided with the disputed instruction (either in the space below the instruction or attached on a separate page).

Agreed and disputed instructions/verdict forms should be submitted electronically in Word format to *tlbinfo@arwd.uscourts.gov*.

## VI.  STATEMENT OF THE CASE

By no later than **NOVEMBER 16, 2021**, each party must submit to the Court (via email) a concise proposed statement of the case, no more than one page in length. The statement (as ultimately edited by the Court) will be used to introduce the case to the venire panel and provide context to aid the panel in determining whether they might have a conflict of interest or other touchpoint or life experience that would hinder their ability to be fair and impartial. The same (or substantially similar) statement of the case will also be inserted into the preliminary jury instructions and will be read to the jury prior to opening statements. Your proposed statement should be concise, neutral, balanced, and devoid of unnecessary detail.

## VII.  CHANGE OF PLEA

In the event of a decision to enter a plea of guilty, the Court and counsel opposite must be advised in writing or by e-mail no later than **OCTOBER 18, 2021**. A copy of the signed plea agreement must be submitted to the Court (via email) by no later than **OCTOBER 20, 2021**.

**BE ADVISED,** that any notice of pleas received after **OCTOBER 18, 2021**, **will result in an "open" plea** (*i.e.* the defendant will be pleading guilty without the benefit of a plea agreement), unless the Court, for *exceptionally* good cause shown, grants an exception. Exceptions must be requested in writing at least ten (10) days prior to trial. A

case will not be removed from the trial docket until a signed plea agreement has been received and a date and time have been set for the defendant to enter a plea of guilty.

### VIII. CHANGE OF PLEA HEARING DATE

PLEASE BE FURTHER ADVISED, in the event the Court timely receives a signed plea agreement, this case will be set for a Change of Plea Hearing on **OCTOBER 22, 2021**. The specific time for the hearing will be established in the resetting text order.

**IT IS SO ORDERED** this 29th day of June, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE