UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:21-CR-50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL**

Defendant Joshua James Duggar ("Duggar"), by and through his undersigned counsel, respectfully requests that this Court enter an Order compelling the Government to produce (1) all discovery related to, and underlying, an undated screen shot disclosed by the Government Bates-numbered "Joshua Duggar Discovery Provided 6-2-2021 001"; and (2) all law enforcement reports and related discovery prepared by the Little Rock, Arkansas law enforcement entity and 2 other unidentified law enforcement entities which participated in the investigation of this case.

As set out herein, the Government disclosed to the defense a screen shot pursuant to Federal Rule of Criminal Procedure 16 (hereinafter, "Rule 16"). However, the screen shot does not identify what it is a screen shot of and the Government has not provided any information concerning the "Summary" or "Investigative Activity" tabs which are visible in the picture. The screen shot also provides no information concerning who Brandon King or David Warren are (two names which appear in the screen shot) and what, if any, involvement either had in investigating this matter. A cursory Google search suggests they may be affiliated with two separate Arkansas law enforcement entities.

The defense has repeatedly attempted to obtain this unambiguously discoverable evidence

from the Government without unnecessarily involving this Court but, unfortunately, the Government has refused to produce this evidence in violation of Rule 16 and Duggar's constitutional rights. Given that the Government initially disclosed the screen shot pursuant to Rule 16—thus acknowledging that it is discoverable—the Government's position is perplexing because the Government has apparently determined that the *actual* evidence underlying the screen shot is, somehow, not discoverable but the screen shot is. Where, as here, a picture of evidence is discoverable, the evidence itself is undeniably discoverable as well.

Furthermore, despite the defense's attempts to obtain from the Government the law enforcement reports and related evidence generated by the Little Rock, Arkansas law enforcement entity which the Government acknowledges initiated this investigation and similar reports from the two other law enforcement entities which the Government disclosed allegedly downloaded the same file on May 14, 2019, the Government is refusing to produce this discovery. This is particularly troubling because discovery thus far reveals that a file was allegedly downloaded from a specific IP address on May 14, 2019 by Detective Amber Kalmer, an officer with a Little Rock, Arkansas law enforcement entity, and by two other individuals who appear to be affiliated with other Arkansas-based law enforcement entities. The documents disclosed by the Government reveal that this matter was not even referred to Homeland Security Investigations ("HSI") until October 2019—begging the question of what transpired during the 5 months between May 2019 and October 2019. In this day and age, it is exceedingly unlikely that no reports whatsoever were generated in these intervening months by any of the three law enforcement entities which allegedly downloaded this file and the Government has responded to these discovery requests in a way that strongly suggests the discovery exists but the prosecution simply refuses to turn it over.

The bottom line is that the evidence Duggar seeks in this motion is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and their progeny. But despite multiple requests for this evidence in which the defense specifically and expressly explained to the Government why Duggar is legally and constitutionally entitled to it, the Government has flat-out refused to produce it and has done so without acknowledging, much less engaging with, the defense's positions. As such, Duggar is left with no option but to move this Court to enter an order compelling its disclosure.

I.      **Relevant Background**

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). Duggar has pled not guilty to both counts.

The Government has produced certain discovery to Duggar. However, on June 2, 2021, the Government notified the defense that it was producing additional discovery: a one page document that the Government described as "a screenshot of the reflecting [sic] that 2 other Arkansas law enforcement agencies likewise downloaded the same file as Detective Kalmer from Duggar's IP address on May 14, 2019." (*See* Exhibit 1). Later that same day, the Government provided a cover letter to the defense accompanying the screen shot, expressly stating, "[p]ursuant to Rule 16 of the Federal Rules of Criminal Procedure, I am enclosing the following additional discovery materials Bates numbered 001: Law enforcement log for May 14, 2019 IP Address 167.224.196.113[.]" (*See* Exhibit 2).

In response, the defense served on the Government a supplemental discovery request seeking, among other things, discovery related to the screen shot. (*See* Exhibit 3). In the supplemental discovery request, the defense expressly requested:

- the information under the "Summary" tab reflected on the screen shot;

- the information under the "Investigative Activity" tab reflected on the screen shot;

- disclosure of the information reflected on the screen shot in native format (*i.e.*, not simply a screen shot);

- disclosure of the date the screen shot was captured and identification of the individual(s) who captured the screen shot;

- law enforcement reports from the Little Rock, Arkansas law enforcement entity in connection with this investigation; and

- law enforcement reports from the two other law enforcement agencies which allegedly downloaded the same file on May 14, 2019, per the Government's email disclosure expressly disclosing that alleged fact.

(*See id.*).

On July 16, 2021, the Government responded by email. (*See* Exhibit 4). Refusing to provide the requested discovery, the Government argued, "the information you requested further detailing the downloading of CSAM from your client by 2 other law enforcement agencies is extraneous to the present investigation/case and, therefore, is not covered by the rules of discovery. If you feel we are wrong, please explain to us why discovery of this information is covered by the rules of evidence." (*Id.*). The Government provided no response to Duggar's request for the law enforcement reports from the Little Rock, Arkansas law enforcement entity which allegedly led to the investigation at the heart of this case. (*See id.*).

On July 21, 2021, the defense provided a written response, explaining that Rule 16, *Brady*, *Giglio*, and *Kyles* govern the Government's discovery obligations—not the "rules of evidence." (*See* Exhibit 5). And the defense explained that the Government had already acknowledged the

4

screen shot was discoverable pursuant to Rule 16 but was inexplicably taking the position that the evidence depicted in the screen shot was not. (*See id.*). Further, the defense noted that the Special Agent who testified at the detention hearing in this case had materially omitted the alleged investigative activities of two other law enforcement agencies when testifying about the investigation to date, making this evidence all the more discoverable as impeachment evidence that should have been disclosed before the detention hearing and, at a minimum, soon after. (*See id.*). The defense also noted that the Government had not yet provided any law enforcement reports from the Little Rock, Arkansas law enforcement entity with respect to the Government's investigation with the exception of some log files generated by computer software the Government utilized. (*See id.*).

In response, the Government curiously advanced a new position that its intention in providing the screen shot "was to make the defense generally aware that two (2) other law enforcement agencies in Arkansas downloaded CSAM from your client on May 14, 2019" but that "the factual underpinnings of these other two (2) investigations are extraneous to the current case." (*See* Exhibit 6). And, again, the Government ignored the defense's request for law enforcement reports generated by the Little Rock, Arkansas law enforcement entity related to the Government's case. (*See id.*).

The Government's position with respect to Duggar's requests is surprising and legally unjustified, and this Court should grant Duggar's motion to compel this critical evidence.

**II.     Discussion**

The evidence Duggar seeks is discoverable for several reasons, any one of which is sufficient to grant this motion. As the Government has already correctly acknowledged, the screen shot was, and is, discoverable under Rule 16. Thus, the actual evidence the Government's screen

shot depicts is also discoverable under Rule 16. Furthermore, evidence related to the screen shot is discoverable pursuant to *Brady*, *Giglio*, and *Kyles* as it is potentially exculpatory, constitutes impeachment evidence of at least one Government witness, and is potentially favorable material evidence known by law enforcement, even if not known by the prosecutors handling this case. And records created by the Little Rock, Arkansas law enforcement entity is discoverable for these same reasons and, additionally, because, as it stands, there is an inconsistency between the written discovery disclosed by the Government and the special agent's under-oath testimony at Duggar's detention hearing as to what happened between May 2019 and October 2019 when the Government applied for a search warrant. This matters—generally and also as to whether the evidence allegedly seized by the Government in this case should be suppressed.

   A. <u>Rule 16</u>

Evidence related to the undated screen shot is discoverable pursuant to Rule 16(a)(1)(E)(i) as it is "material to preparing the defense[.]" For example, it is the defense's understanding that when files are downloaded by law enforcement using the Torrential Downpour software utilized by the Government in this case, detailed logs are created which provide significant information. Specifically, these logs can reveal the type of *hardware* a file was allegedly downloaded from (*i.e.*, an Apple computer, a PC computer, a smartphone, etc.). By contrast, an IP address reveals only that a certain internet connection was utilized but does not identify in any manner the device from which the file was downloaded.

Duggar is entitled to this evidence, not only for the alleged download by Detective Amber Kalmer which allegedly led to HSI's involvement in this case, but also for the alleged downloads by Brandon King and David Warren and their respective law enforcement entities. Will the logs generated by their respective uses of Torrential Downpour reveal the same information or will they

6

differ in certain respects? If, for example, one of the three logs reveals that the download involved a smart phone while another log revealed the involvement of a computer, this would be useful in preparing a defense and, potentially, relevant to a motion to suppress. But, as it stands, the prosecution has concealed the logs related to 2 of 3 law enforcement agencies from the defense and the prosecution has concealed the actual evidence underlying the screen shot.

To be clear, the vast amount of data generated by the software used by the 3 law enforcement entities that allegedly downloaded the same file on the same day from the same IP address is being hidden from the defense for no good reason and this Court should enter an Order requiring the Government to disclose this evidence to Duggar without any further delay. Indeed, Duggar's computer forensics expert should have access to this data.

Moreover, this Court can and should conclude that the Government is estopped from advancing an inconsistent position with respect to this particular discovery. The Government produced the screen shot revealing that three people, on the same day, allegedly downloaded the same file from a certain IP address, and the prosecution expressly produced this discovery to the defense "[p]ursuant to Rule 16 of the Federal Rules of Criminal Procedure[.]" (*See* Exhibit 2). That the Government is now taking the position that the evidence depicted in the screen shot is somehow not discoverable pursuant to the same Federal Rule of Criminal Procedure is as curious as it is illogical. Duggar is expressly asking this Court to conclude that the Government is estopped from changing course in this manner. *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (judicial estoppel "prohibit[s] parties from deliberately changing positions according to the exigencies of the moment" (quoting *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir. 1993)). If, for example, the Government were prosecuting a gun case, it would surely not take the position that the defense was only entitled to a picture of the gun allegedly at issue but that the defense was

not entitled to access the gun itself. But that is essentially the position the Government is advancing here.

Duggar is similarly entitled to law enforcement records created by the Little Rock, Arkansas law enforcement entity prior to this matter being referred to HSI. There is a lengthy gap in discovery—the screen shot shows that a file was allegedly downloaded from an IP address in May of 2019, but HSI was not referred this case until approximately October 2019 according to its own written reports. It strains credulity to assume that absolutely no records were generated after Detective Kalmer's activity in May of 2019 until HSI began its investigation. What, if anything, that was done during this time is material to Duggar's preparation of his defense and is, therefore, discoverable pursuant to Rule 16. Furthermore, what, if anything, was done during this time may be relevant to a motion to suppress and, perhaps, other pretrial motions.

> B.   *Brady*, *Giglio*, and *Kyles*

This evidence is also unambiguously discoverable as it could be used to impeach the credibility of at least one Government witness in this case: Special Agent Faulkner.

At the detention hearing, Special Agent Faulkner did not mention, let alone testify about, any law enforcement actions by any other law enforcement entities and, therefore, evidence related to any other entity's investigations constitutes evidence which tends to impeach his credibility. This is even more significant because Special Agent Faulkner testified under oath that the case was referred to HSI before the date HSI's reports reveal (October 2019). As such, this evidence is unambiguously discoverable pursuant to *Giglio*.

The Torrential Downpour logs generated by the 2 other law enforcement entities are very likely exculpatory as there is no good reason the Government would refuse to produce them if they were consistent with the logs the Government produced related to the Little Rock, Arkansas law

enforcement entity. *See Brady*, 373 U.S. at 87 ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). However, regardless of whether the evidence Duggar seeks in this motion is material to the defense, impeachment evidence, or facially exculpatory, the bottom line is this: Duggar is constitutionally entitled to it and the Government has no right to hide it.

The Government's conclusory arguments that the activities of "2 other law enforcement agencies is extraneous to the present investigation/case and, therefore, is not covered by the rules of discovery" (*see* Exhibit 4) and "the factual underpinnings of these other two (2) investigations are extraneous to the current case" (*see* Exhibit 6) are refuted by settled law in both this Circuit and in courts throughout the United States. The Government has an affirmative obligation to learn of, and disclose, this type of evidence. *See United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) ("Because '[a] prosecutor has a duty to disclose evidence known by police officers, even if not known by the prosecutor,' a prosecutor has an attendant duty to learn of such evidence") (quoting *United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008)); *see also Kyles*, 514 U.S. at 437-38 ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable") (internal citation to *Brady* omitted). The Government's attempts to label this evidence as extraneous to its case and not discoverable merely because this evidence was created by a different entity are uncompelling and should be rejected by this Court.

### III.     Conclusion

Based on the foregoing, Duggar respectfully requests that this Court enter an Order requiring the Government to produce all discovery related to and underlying the undated screen shot labeled "Joshua Duggar Discovery Provided 6-2-2021 001" and all law enforcement reports generated by the Little Rock, Arkansas law enforcement entity and the 2 other law enforcement entities reflected on the screen shot at issue.

Respectfully submitted,

**Margulis Gelfand, LLC**

  /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

**Story Law Firm, PLLC**

/s/ Travis W. Story
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
3608 Steele Blvd., #105
Fayetteville, AR 72703
Telephone: (479) 448-3700
Facsimile: (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by email upon counsel for the United States of America.

      /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*\*Admitted Pro Hac Vice*