

**MARGULIS GELFAND**
Attorneys at Law

July 9, 2021

**BY EMAIL**
Carly Marshall
Assistant United States Attorney
carly.marshall@usdoj.gov

Dustin Roberts
Assistant United States Attorney
dustin.roberts@usdoj.gov

William Clayman
Trial Attorney
william.clayman@usdoj.gov

cc: Travis Story, Esq. and Gregory Payne, Esq.

> **RE:** _United States v. Joshua Duggar_ **(5:21-CR-50014-TLB)**
> **(Supplemental Discovery Request)**

Dear Ms. Marshall, Mr. Roberts, and Mr. Clayman:

I am writing regarding my client, Joshua Duggar. We have received the Government's initial discovery disclosures—both before and after indictment. However, we are specifically and expressly requesting additional discovery pursuant to Federal Rule of Criminal Procedure 16, _Brady_, _Giglio_, _Kyles v. Whitley_, and all other relevant legal authority.

**1. Discovery Related to the Undated Screen Shot Labeled "Joshua Duggar Discovery Provided 6-2-2021 001"**

In June 2021, the Government disclosed, for the first time, a single additional page of discovery which appears to be an undated screen shot labeled, "Joshua Duggar Discovery Provided 6-2-2021 001." The screen shot does not identify what it is a screen shot of, nor does it provide discovery related to the "Summary" and/or "Investigative Activity" tabs visible on the screen shot. The screen shot also does not identify what, if any, involvement Brandon King and/or David Warren had with this investigation and/or who these people are.

By way of email, the Government also disclosed that two other law enforcement agencies allegedly downloaded the same file as Detective Kalmer from Mr. Duggar's alleged IP address on May 14, 2019. However, to date, the Government has not identified those two other law enforcement agencies or provided any discovery whatsoever related to any such agencies and their investigation.

As such, please consider this letter our formal request for the remainder of this discovery. Specifically, this request seeks all outstanding discovery including, but not limited to:

7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105

p. 314.390.0234
f. 314.485.2264
margulisgelfand.com

(a) the information under the "Summary" tab reflected on the screen shot;

(b) the information under the "Investigative Activity" tab reflected on the screen shot;

(c) law enforcement reports from the two other law enforcement agencies which allegedly downloaded the same file on May 14, 2019 per the Government's email disclosure; and

(d) law enforcement reports from the Little Rock, Arkansas law enforcement entity in connection with this investigation.

Additionally, we are requesting disclosure of the information reflected on the screen shot in native format (*i.e.*, not simply a screen shot). Finally, with respect to the screen shot, we are requesting disclosure of the date the screen shot was captured and identification of the individual(s) who captured the screen shot.

To further elaborate—and in an effort to obviate unnecessary litigation before the Court regarding discovery—HSI Special Agent Faulkner testified under oath that "Detective Amber Kalmer of the Little Rock Arkansas Police Department was conducting an online investigation from the BitTorrent peer-to-peer file sharing program, at which time she identified a computer that was located in the Northwest Arkansas area that was participating in the sharing of known images and videos containing child pornography." (*See* Detention Hearing Transcript at 13). Agent Faulkner testified that, subsequently, "the file or the case files and images were sent to the Homeland Security Investigations ICAC Task Force for further investigation," that he "received those files," and that he then proceeded to investigate the matter. (*See id*. at 16). On cross-examination, Agent Faulkner testified, "I was given the initial files by Detective Kalmer, I want to say in possibly June of 2019." (*Id*. at 60). Agent Faulkner did not mention, let alone testify about, any law enforcement actions by any other Arkansas law enforcement entities. Thus, while the documents we are requesting are discoverable generally, they are unquestionably discoverable in light of the testimony at the detention hearing in this case.

## 2. Forensic Images of External Storage Drives

In its investigation, the Government seized the following devices and reported that "no evidence relevant to this investigation was found." We are requesting disclosure of these devices and/or forensic images of all devices seized that do not allegedly contain contraband regardless of whether the Government believes there is "no evidence relevant to this investigation." Specifically, this includes:

8GB SanDisk Thumb Drive
16 GB PNY SD Card
2GB PNY SD Card
8GB SanDisk SD Card
4GB SanDisk Cruzer Thumb Drive

Please note that we previously requested this discovery by email on May 6, 2021.

### 3.   Discovery Related to Torrential Downpour

In discovery, the Government provided documentation that appears to be log files related to "Torrential Downpour version 1.44" for May 14, 2019, May 15, 2019, and May 16, 2019. *See* Joshua Duggar Discovery Provided 3-19-2021 001, 010. The Government also provided some additional unidentified documents that also appear to be log files. *See* Joshua Duggar Discovery Provided 3-11-2021 1989-1992.

However, we are expressly requesting additional disclosures related to law enforcement's use of Torrential Downpour that have not yet been provided. Specifically, please provide all log files generated by law enforcement's software as a result of connections with IP address 167.224.196.113 including, but not limited to:

> details.txt
> summary.txt
> netstat.txt
> torrentinfo.txt
> datawritten.xml
> downloadstatus.xml

### 4.   Execution of Initial Search Warrant

Discovery provided by the Government has revealed that law enforcement obtained a search warrant for a residence prior to obtaining a the search warrant for Mr. Duggar's business. However, as it stands, the Government has not provided discovery concerning the execution of the warrant at the residence, any reports of interviews conducted at or near that time, etc. We are expressly requesting any and all discovery related to the execution of the search warrant at the residence.

Thank you in advance for your prompt attention to these matters. As always, please do not hesitate to contact us with any questions or concerns by phone and/or email. My direct line is (314) 390-0230, ████████████████ and my email address is justin@margulisgelfand.com.

Respectfully,

**Margulis Gelfand, LLC**

*/s/ Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
(314) 390-0234
justin@margulisgelfand.com
*Counsel for Duggar*