

July 21, 2021

**BY EMAIL**
Carly Marshall
Assistant United States Attorney
carly.marshall@usdoj.gov

Dustin Roberts
Assistant United States Attorney
dustin.roberts@usdoj.gov

William Clayman
Trial Attorney
william.clayman@usdoj.gov

cc: Travis Story, Esq. and Gregory Payne, Esq.

    **RE:**    *United States v. Joshua Duggar* **(5:21-CR-50014-TLB)**
             **(Response to Discovery Correspondence)**

Dear Ms. Marshall, Mr. Roberts, and Mr. Clayman:

    I am writing regarding my client, Joshua Duggar.

    On July 9, 2021, we requested specific items of discovery pursuant to Federal Rule of Criminal Procedure 16, *Brady*, *Giglio*, *Kyles v. Whitley*, and all other relevant legal authority.

    On July 16, 2021, the Government responded by email and subsequently provided some additional discovery. However, the Government did not respond to the following specific discovery requests or provide responsive discovery:

    **1. Discovery Related to the Undated Screen Shot Labeled "Joshua Duggar Discovery Provided 6-2-2021 001"**

    In our July 9, 2021 discovery letter, we requested:

        (a) the information under the "Summary" tab reflected on the screen shot;

        (b) the information under the "Investigative Activity" tab reflected on the screen shot;

        (c) disclosure of the information reflected on the screen shot in native format (*i.e.*, not simply a screen shot); and

7700 Bonhomme Avenue                                         p. 314.390.0234
Suite 750                                                            f. 314.485.2264
St. Louis, MO 63105                                          margulisgelfand.com

      (d) disclosure of the date the screen shot was captured and identification of the individual(s) who captured the screen shot.

With respect to these requests, we received no responsive discovery and no response from the Government.

We also requested:

      (e) law enforcement reports from the Little Rock, Arkansas law enforcement entity in connection with this investigation.

With respect to this request, we received no responsive discovery and no response from the Government.

Finally, we requested:

      (f) law enforcement reports from the two other law enforcement agencies which allegedly downloaded the same file on May 14, 2019 per the Government's email disclosure expressly disclosing that fact. *See* Government Email Dated June 2, 2021 ("Also, we will be uploading a one page document via USAfx that is a screenshot of [sic] the reflecting that 2 other Arkansas law enforcement agencies likewise downloaded the same file as Detective Kalmer from Duggar's IP address on May 14, 2019").

With respect to this request, the Government responded that this discovery "is extraneous to the present investigation/case and, therefore, is not covered by the rules of discovery" and the Government asked us to "explain…why discovery of this information is covered by the rules of evidence."

**Our Response**:

As an initial matter, the rules of discovery—including Federal Rule of Criminal Procedure 16, *Brady*, *Giglio*, *Kyles v. Whitley*, and all other relevant legal authority—govern whether this needs to be disclosed—not "the rules of evidence." Thus, we respectfully decline to "explain…why discovery of this information is covered by the rules of evidence," nor does the law require us to do so.

Toward that end, the Government's response is perplexing because the Government disclosed the screenshot—which superficially depicts *precisely* what we are seeking—"[p]ursuant to Rule 16 or the Federal Rules of Criminal Procedure." *See* Government Discovery Letter Dated June 2, 2021. Thus, the Government has already correctly acknowledged that this evidence is discoverable pursuant to Fed. R. Crim. P. 16. If a screenshot of evidence is discoverable pursuant to Rule 16, the evidence pictured is necessarily discoverable pursuant to Rule 16.

Furthermore, we explained in our July 9, 2021 discovery letter that HSI Special Agent Faulkner testified, under oath:

> Detective Amber Kalmer of the Little Rock Arkansas Police Department was conducting an online investigation from the BitTorrent peer-to-peer file sharing program, at which time she identified a computer that was located in the Northwest Arkansas area that was participating in the sharing of known images and videos containing child pornography.

(*See* Detention Hearing Transcript at 13). Agent Faulkner then testified that, subsequently, "the file or the case files and images were sent to the Homeland Security Investigations ICAC Task Force for further investigation," that he "received those files," and that he then proceeded to investigate the matter. (*See id*. at 16). On cross-examination, Agent Faulkner testified, "I was given the initial files by Detective Kalmer, I want to say in possibly June of 2019." (*Id*. at 60). Agent Faulkner did not mention, let alone testify about, any law enforcement actions by any other Arkansas law enforcement entities. Thus, while the documents we are requesting are discoverable generally, as they were apparently the basis for obtaining the search warrant by citing to the work of an "affiliate agency," they are unquestionably discoverable in light of the testimony at the detention hearing in this case. The Government did not address, let alone respond to, these additional bases for this evidence being discoverable.

Moreover, all we are seeking is the actual discovery underlying what the Government has already disclosed. In other words, the Government disclosed an undated screenshot without identifying what it is a screenshot of, without providing the information under the "Summary" or "Investigative Activity" tabs visible on the screenshot, without identifying who Brandon King and/or David Warren are and/or what their involvement was with this investigation, and without disclosing the actual discovery in its native format. To the extent other law enforcement agencies had any involvement with respect to using Torrential Downpour or any other software in connection with this precise case and/or any involvement whatsoever with respect to investigating this case, that is unambiguously discoverable as it is material to the defense and falls well within the Government's obligations under *Kyles v. Whitley*.

To be clear, the Government has already disclosed this discovery—in part and in a format rendering it impossible to use by the defense—after correctly acknowledging, in writing, that it is discoverable "[p]ursuant to Rule 16 of the Federal Rules of Criminal Procedure." Unless the Government is now taking the opposite position, please disclose what we requested without any further delay and without requiring us to unnecessarily seek judicial intervention.

2. **Forensic Images of External Storage Drives**

On May 6, 2021, and again on July 9, 2021, we requested copies of forensic images of the devices other than the desktop computer. Per the Government's response, we would appreciate it if you would have the drives dropped off at Mr. Story's law firm as soon as they are available.

3. **Discovery Related to Torrential Downpour**

We requested all log files and other specifically-identified files related to torrential downpour. Per the Government's email, the Government provided the previously-undisclosed files this week related to Detective Kalmer's downloads. However, the Government has not disclosed

any torrential downpour files related to the alleged downloads conducted by two other law enforcement agencies—to date unidentified by the Government—of the same file(s) on the same date(s) at issue.

Please provide that requested discovery.

---

Please understand that our objective in sending this subsequent correspondence is to obviate any need for unnecessary litigation. Thus, we would appreciate the Government's prompt attention to these matters and a response concerning each of these outstanding discovery items.

As always, please do not hesitate to contact us with any questions or concerns by phone and/or email.

Respectfully,

**Margulis Gelfand, LLC**

*/s/ Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
(314) 390-0234
justin@margulisgelfand.com
*Counsel for Duggar*