# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-CR-50014-001 |
| | ) |
| JOSHUA JAMES DUGGAR, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO SUPPRESS PHOTOGRAPHS OF DUGGAR'S HANDS AND FEET WHILE IN CUSTODY

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully moves to suppress photographs law enforcement took of Duggar's hands and feet while requiring him to pose for the photographs in custody.

**I.   Background**

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). Duggar has pleaded not guilty to both counts.

This motion focuses on photographs taken by law enforcement on or about April 29, 2021 while Duggar was in the custody of the United States Department of Homeland Security ("HSI") after self-surrendering as instructed:

  

The photographs—which depict Duggar's hands and feet from atypical angles—were taken after Duggar self-surrendered with the assistance of his local attorney in Fayetteville, Arkansas. Outside the presence of his legal counsel, HSI ordered Duggar to position his hands and feet in particular ways prior to and during the taking of the photographs. HSI did not have a warrant which authorized the taking of the photographs.

## II.     This Court Should Suppress These Warrantless Photographs

It is well settled in this Circuit that law enforcement must obtain a warrant which permits photographing a defendant's body parts (other than a simple booking photograph) and to permit requiring a defendant to pose in a particular manner for these types of photographs. For instance, the United States District Court for the District of Minnesota expressly addressed the need for a search warrant under these circumstances in a case where, unlike here, law enforcement obtained a warrant:

> This Court concludes that Special Agent Drengson did not unreasonably execute the search warrant allowing him to obtain "body views and photography of [Merrell's] hands" (Gov't's Ex. 2) when he took approximately forty-seven photographs and posed Merrell's hands in certain ways. Although Special Agent Drengson manipulated Merrell's hands during the execution of the search warrant… the Court concludes that, for purposes of the Fourth Amendment, the need for obtaining useful photographs pursuant to the search warrant outweighs this intrusion on Merrell's personal rights.

*United States v. Merrell*, 88 F. Supp. 3d 1017, 1031-32 (D. Minn. 2015).

Unlike in *Merrell*, law enforcement in this case had no "search warrant allowing [them] to obtain body views and photography of [Duggar's] hands" when they took "photographs and posed [Duggar's] hands in certain ways." *Id*. HSI "manipulated [Duggar's] hands" but did so without a "search warrant." *Id*. Indeed, in stark contrast to *Merrell*, HSI did *not* "obtain[] useful photographs pursuant to [a] search warrant." *Id*.

2

On appeal, the Eighth Circuit reiterated: "In this case, the warrant specified that law enforcement could search '[t]he person of Roxanne Merrell, specifically body views and photography of her hands.'" *United States v. Merrell*, 842 F.3d 577, 581 (8th Cir. 2016). Indeed, the appellate court's framing of the issue is determinative for purposes of the motion before this Court: "the photographs were evidence gathered during the execution of a valid search warrant." *Id*. at 582.

In this case, HSI gathered evidence[1] using means requiring a valid search warrant—but HSI had no search warrant. Instead, Duggar was in custody having just left the presence of his attorney when he self-surrendered as instructed. What is particularly egregious about HSI's conduct in this capacity is that Duggar's body parts were manipulated and he was required to pose for the photographs. By any measure, this constitutes a search and an "intrusion on [his] personal rights"—all without his counsel present—in violation of his Fourth, Fifth, and Sixth Amendment rights. *See Merrell*, 88 F. Supp. 3d at 1032.

This requires suppression of these photographs.

**III.    Conclusion**

Based on the foregoing, this Court should suppress photographs law enforcement took of Duggar's hands and feet while requiring him to pose for the photographs in custody.

---

[1] In filing this motion to vindicate Duggar's rights, the defense is in no way even suggesting that these photographs have any actual evidentiary value to the Government.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

--- *and* ---

**Story Law Firm, PLLC**

*/s/ Travis W. Story*
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
3608 Steele Blvd., #105
Fayetteville, AR 72703
Telephone: (479) 448-3700
Facsimile: (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

4

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

                                                 */s/ Justin K. Gelfand*
                                                 JUSTIN K. GELFAND, MO Bar No. 62265*
                                                 7700 Bonhomme Ave., Ste. 750
                                                 St. Louis, MO 63105
                                                 Telephone: 314.390.0234
                                                 Facsimile: 314.485.2264
                                                 justin@margulisgelfand.com
                                                 *Counsel for Defendant*
                                                 **Admitted Pro Hac Vice*