IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

v.   Criminal No. 5:21-CR-50014-001

JOSHUA JAMES DUGGAR

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHOTOGRAPHS OF DEFENDANT'S HANDS AND FEET

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, and William G. Clayman, Trial Attorney for the United States Department of Justice, and for its Response in Opposition to the Defendant's "Motion to Suppress Photographs of Duggar's Hands and Feet While in Custody," (Doc. 38), states:

### BACKGROUND

On April 28, 2021, a grand jury sitting in the Western District of Arkansas returned a two-count indictment charging the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (Doc. 1), and an arrest warrant was issued. The defendant was arrested the following day.

While the defendant was being processed as he was taken into custody, a special agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") asked the defendant if he could photograph the defendant's hands. The defendant expressly consented to having the photographs taken. At no time during this process did the special agent or any other

1

law enforcement officers involved in the processing of the defendant raise their voice at him, intimidate him, or verbally or physically threaten him.

The photographs document a scar on the defendant's hand, which is plainly visible. Law enforcement observed the same scar in images recovered from the defendant's electronic devices seized pursuant to a search warrant in this case.

## ARGUMENT

The defendant's motion appears to raise three separate claims: (1) law enforcement's photographing of his hands constituted a warrantless search in violation of the Fourth Amendment; (2) law enforcement's photographing of his hands constituted a violation of the Fifth Amendment for unspecified reasons; and (3) law enforcement's photographing of his hands constituted a violation of his Sixth Amendment right to counsel. (Doc. 38 at 5). For the reasons that follow, the defendant is incorrect on all counts.

**I.     The Defendant's Fourth Amendment Rights Were Not Violated**

"A Fourth Amendment search occurs 'when the government violates a subjective expectation of privacy that society recognizes as reasonable.'" *United States v. Morgan*, 842 F.3d 1070, 1074–75 (8th Cir. 2016) (quoting *Kyllo v. United States*, 533 U.S. 27, 33 (2001)). "In contrast, whatever 'a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Id.* (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)). Further, to the extent a search does implicate an individual's Fourth Amendment rights such that a warrant is required, a warrantless search is still "valid if conducted pursuant to the knowing and voluntary consent of the person subject to a search." *United States v. Sanders*, 424 F.3d 768, 773 (2005) (quoting *United States v. Brown*, 763 F.2d 984, 987 (8th Cir. 1985)). "Whether consent is voluntarily given is a question of fact," based on "the totality of the circumstances." *Id.*

Here, law enforcement's photographing of the defendant's hands did not constitute an unreasonable or warrantless search of the defendant. As made clear by the photographs included in the defendant's motion, his hands were in plain view and clearly visible. This is not a case in which law enforcement, for example, ordered the defendant to remove an article of clothing so that officers could view and photograph an otherwise covered parts of his body. *See Pace v. City of Des Moines*, 201 F.3d 1050, 1053–54 (8th Cir. 2000) (finding that individual had reasonable expectation of privacy in his chest). Instead, this is a case in which law enforcement simply observed and documented a physical characteristic of the defendant that is constantly exposed to the public. *See United States v. Dionisio*, 410 U.S. 1, 14–15 (1973) (finding no Fourth Amendment protections for the "physical characteristics of a person's voice," which are "constantly exposed to the public," similar to "a man's facial characteristics" or "handwriting"); *see also United States v. Anthony*, 4:18-cr-00012, 2019 WL 471984, at *2–3 (W.D. Va. Feb. 5, 2019) (finding that defendant has no reasonable expectation of privacy in parts of his body that are exposed to the public on a day-to-day basis).

Law enforcement's photographing of the defendant's hands was therefore not a search, and the case relied upon by the defendant does not compel a different conclusion. (Doc. 38 at 2–3). Indeed, in *United States v. Merrell*, neither the district court nor the circuit court was presented with the question of whether a search warrant was needed to photograph an individual's hands, and neither court made any specific findings to that effect. Instead, the courts simply addressed whether the officers, who had obtained a warrant based on the particular circumstances of an entirely different investigation, executed that warrant reasonably. *United States v. Merrell*, 88 F. Supp. 3d 1017, 1031–32 (D. Minn. 2015); *United States v. Merrell*, 842 F.3d 577, 581–82 (8th Cir. 2016).

In any event, even if the taking of these photographs constituted a search, suppression is not warranted because the defendant voluntarily consented to having them taken, as detailed above. In a very similar case, the Eighth Circuit affirmed the lower court's decision not to suppress photographs taken by law enforcement of the defendant's arm after he was taken into custody. *See Morgan*, 842 F.3d at 1075. Noting that the defendant agreed to move his shirt sleeve when asked by a detective and consented to having a photograph taken of his tattooed arm, the Eight Circuit agreed with the lower court's conclusion that suppression of the photographs—which were taken without a warrant—was inappropriate. *Id.* Here, the defendant also consented to having these photographs and he did not even have to manipulate or remove any article of clothing to accommodate the request. Moreover, there is no allegation—let alone any actual evidence—that law enforcement forced or coerced the defendant into doing so. Accordingly, his motion to suppress the photographs of his hands and feet on this basis should be denied.

## II.     The Defendant's Fifth Amendment Rights Were Not Violated

In a throwaway line at the end of his motion, the defendant also asserts without elaboration that the photographs should be suppressed because they were taken in violation of his Fifth Amendment rights. The defendant provides no additional elaboration, although he may be arguing that the photographs constitute testimonial evidence taken in violation of his Fifth Amendment protection against self-incrimination. Such an argument would be confusing in light of the defendant's simultaneous claim that these photographs have no evidentiary value. (Doc. 38 at 3, n.1.). More importantly, it is incorrect. It is well established that the display of a defendant's physical characteristics is non-testimonial in nature and therefore not subject to the Fifth Amendment privilege against self-incrimination. *See, e.g.*, *Dionisio*, 419 U.S. at 5–6. The

defendant's motion to suppress the photographs of his hands on this vague basis should therefore be denied, as well.

## III.     The Defendant's Sixth Amendment Rights Were Not Violated

The defendant last argues that the photographs should be suppressed because they were taken in violation of his Sixth Amendment rights.  Once again, he provides little by way of argument or legal precedent in support of this request, but he appears to be suggesting that these photographs must be suppressed because they were taken after his arrest without his counsel present.  And once again, he is mistaken. As the Fifth Circuit has explained in rejecting a petitioner's claim that his right to counsel was violated when he was photographed after his arrest and that photograph was used to identify him in a lineup, the taking of a photograph did not violate that petitioner's Sixth Amendment right to counsel.  *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989).  This is because the right to counsel only attaches at the critical stages of criminal proceedings, and the taking of photographs is not a critical stage of the proceedings.  *Id.* (citing cases); *see also United States v. Nixon*, 15-cr-20020, 2015 WL 4430176, (E.D. Mich. July 20, 2015) (finding no Sixth Amendment violation where agent took photographs of defendant in jail and noting that complaints about the lighting, angle, and relevance of such images are misplaced). Accordingly, the defendant's motion should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's "Motion to Suppress Photographs of Duggar's Hands and Feet While in Custody," (Doc. 38).

Respectfully submitted,

By:  /s/ *Dustin Roberts*
Dustin Roberts
Assistant United States Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR 72901
Office: 479-249-9034

/s/ *Carly Marshall*
Carly Marshall
Assistant United States Attorney
Arkansas Bar No. 2012173
414 Parker Avenue
Fort Smith, AR 72901
Office: 479-249-9034

AND

/s/ *William G. Clayman*
William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

*/s/ Dustin Roberts*
Dustin Roberts
Assistant United States Attorney