IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:21CR50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR | ) | |

**GOVERNMENT'S MOTION IN LIMINE CONCERNING
TRADEMARK INSCRIPTIONS**

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, William G. Clayman, Trial Attorney for the United States Department of Justice, and moves *in limine* for a pretrial ruling from the Court that the trade inscription affixed to the HP desktop computer belonging to the Defendant and seized from Wholesale Motorcars on November 8, 2019, is self-authenticating and admissible pursuant to Fed. R. Evid. 902(7). For this matter, the Government states as follows:

**FACTUAL SUMMARY**

The Defendant, Joshua James Duggar, is charged in a two-count Indictment with violating Receipt of Child Pornography under 18 U.S.C. § 2252A(a)(2) and (b)(1) and Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). As to Count One, the Indictment charges that between on or about May 14, 2019 and May 16, 2019, in the Western District of Arkansas, Fayetteville Division, the Defendant, knowingly received child pornography, as that term is defined by 18 United States Code, Section 2256(8)(B), using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including computer, and attempted

to do so. As to Count Two, the Indictment charges that between on or about May 14, 2019 and on or about May 16, 2019, in the Western District of Arkansas, Fayetteville Division, the Defendant, knowingly possessed material that contained images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8), including images of minors under the age of 12, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do.

## TRADEMARK INSCRIPTIONS

At present, the Government intends to introduce the HP desktop computer via HSI Computer Forensic Analyst Marshall Kennedy, who extracted the data, including the child pornography, from the device. The Government maintains that the trade inscription contained on the device provides evidence that the device was manufactured outside the State of Arkansas and is admissible as such without any extrinsic proof.

Under the Federal Rules of Evidence, the possibility of fraud, forgery and mis-attribution of certain documents or items is so slight that general requirement of authentication by extrinsic evidence called for by Fed. R. Evid. 901 is dispensed with. See <u>United States v. Howard-Arias</u>, 679 F.2d 363, 366 (4th Cir. 1982). Several types of documents and items have been specifically singled out from the requirement of authentication under Fed. R. Evid. 902, which, in relevant part, provides:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> . . .

> (7) Trade inscriptions and the like. An Inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

This exception to Fed. R. Evid. 901 has been recognized and applied to the following items: documents, see <u>Alexander v. CareSource</u>, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticated under 902(7)); business letters and emails, see <u>Lorraine v. Markel Am. Ins. Co.</u>, 21 F.R.D. 534, 551-52 (D. Md. 2007) (holding business emails containing identifying marks of company are self-authenticated), <u>Olson v. J.J. Marshall & Assoc.</u>, 2009 WL 3347420, 4 (E.D. Ky. 2009) (unreported) (holding letters containing business's letterhead were self-authenticating), and <u>Reitz v. City of Mt. Juliet</u>, 2009 WL 5170200, 5 (M.D. Tenn. 2009) (holding letters written on company's letterhead were self-authenticating); firearms, see <u>United States v. Alvarez</u>, 972 F.2d 1000, 1004 (9th Cir. 1992) (holding a manufacturer's inscription on a firearm was not subject to the hearsay rule and properly admitted as evidence that it had been manufactured in Spain); markings on the opening frames of a news broadcast, see <u>L.A. News Serv. v. CBS Broad., Inc.</u> 305 F.3d 924, 936 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under 902(7)); tapes, see <u>Fenton v. Sterling Plumbing Grp. Inc.</u>, 21 F.3d 1113, 3 (9th Cir. 1994) (holding tapes that carry company's logo were self-authenticating); sporting goods, see <u>Warrior Lacrosse, Inc. v. STX, L.L.C.</u>, 2006 WL 1420826, 4 (E.D. Mich. 2006) (unreported) (holding inscriptions on sporting goods was self-authenticating); and computers and other digital devices, see <u>ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods.</u>, 592 F. Supp. 2d 1208, 1219 (N.D. Cal. 2008) (holding label on computers was self-authenticating under Fed. R. Evid. 902(7) because label was inscribed with manufacturer's trade name for that make of computer), <u>United States v. Boles</u>, 914 F.3d 95, 109 (2nd Cir. 2019)

(holding that inscriptions on the back of seized pieces of computer hardware are self-authenticating under Fed. R. Evid. 902(7)), United States v. Burdulis, 753 F.3d 255, 263 (1st Cir. 2014) (same). Further, because the trade inscription is simply a part of the physical evidence in the case, it is not a statement within the meaning of Fed. R. Evid. 801. See Alvarez, 972 F.2d at 1004 ("[T]he evidence consisting of a manufacturer's inscription on a firearm is not an assertion subject to the hearsay rule."); United States v. Koch, 625 F.3d 470, 480 (8th Cir. 2010) ("[W]e have previously rejected the claim that a manufacturer's inscription on a product is inadmissible hearsay."); Burdulis, 753 F.3d at 263 (noting that "[a]n authentic inscription, of the kind made regularly by manufacturers in accordance with federal law, bears significant similarity to other forms of evidence admissible under the enumerated hearsay exceptions"); United States v. Thody, 978 F.2d 625, 631 (10th Cir. 1992) (holding that a "manufacturer's imprint in the gun is not hearsay" since it "is technically not an assertion by a declarant as contemplated by" the hearsay rules).

In United States v. Brown, 4:08-cr-0006-DFH-MGN-1, 2009 WL 2090193 (S.D. Ind. July 13, 2009), the district court dealt with this very same issue in a child pornography possession case. The prosecution moved *in limine* to admit a trade inscription on a computer hard drive stating "Product of Malaysia." Id. at 10. The court granted the motion, finding that the trade inscription was self-authenticating, not hearsay, and simply part of the physical evidence in the case. Id. at 11; see also Koch, 625 F.3d at 480 (holding that computer and flash drive labels indicating they were manufactured in China were not inadmissible hearsay, and citing *United States v. Bowling*, 32 F.3d 326, 328 (8th Cir. 1994), which held that a manufacturer's name stamped on a firearm is not a statement).

WHEREFORE, the United States seeks a pretrial ruling from the Court that pursuant to Fed. R. Evid. 902(7) that the trade inscription of "Made in China" on the Defendant's HP desktop computer is self-authenticating as to the origin of this item that requires no additional extrinsic evidence of authenticity.

Respectfully submitted,

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By: */s/ Dustin Roberts*
Dustin Roberts
Assistant U.S. Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR 72901
Phone: 479-783-5125
Email: dustin.roberts@usdoj.gov

By: */s/ Carly Marshall*
Carly Marshall
Assistant U.S. Attorney
Arkansas Bar No. 2012173
414 Parker Avenue
Fort Smith, AR 72901
Phone: 479-783-5125
Email: carly.marshall@usdoj.gov

By: */s/ William G. Clayman*
William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Carly Marshall, Assistant United States Attorney for the Western District of Arkansas, hereby certify that on November 3, 2021, a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

    Justin Gelfand, attorney for the Defendant, justin@margulisgelfand.com
    Travis Story, attorney for the Defendant, travis@storylawfirm.com
    Greg Payne, attorney for the Defendant, greg@storylawfirm.com

                                        */s/ Carly Marshall*
                                        Assistant United States Attorney