IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:21-CR-50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR | ) | |

GOVERNMENT'S MOTION IN LIMINE TO ADMIT PRIOR
STATEMENTS MADE BY DEFENDANT

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, William G. Clayman, Trial Attorney for the United States Department of Justice, and files its Motion in Limine requesting a pretrial ruling deeming admissible certain prior statements made by the defendant regarding an addiction to online pornography, and states:

1.      The defendant, Joshua James Duggar, is charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). A jury trial is scheduled to begin on November 30, 2021.

2.      At trial, the Government seeks to introduce statements made by the defendant in which he admitted to having an online pornography addiction. The Government maintains that said statements are admissible as non-hearsay admissions of a party opponent, prior wrongful conduct intrinsic to the offense at issue, or, alternatively, as evidence of identity, intent, knowledge, and motive pursuant to the Federal Rules of Evidence, Rule 404(b).

3.      Specifically, the defendant, in 2015, publicly admitted via a post to his family's social media account that "I have been the biggest hypocrite ever. While espousing faith and family values, I have secretly over the last several years been viewing pornography on the internet and

this has become an addiction." The defendant subsequently admitted his addiction to internet pornography to numerous witnesses the Government intends to call at trial.

4. The Government anticipates the facts produced at trial will reflect that the defendant had a program entitled Covenant Eyes installed on his devices seized by law enforcement, including his HP desktop computer, his personal laptop, and his cellular phone, as a result of his self-professed addiction to online pornography. Covenant Eyes is a program and service advertised as an internet accountability software geared specifically to help individuals "live porn free with confidence." (See www.covenanteyes.com). The overall service essentially monitors internet activity on a particular device with an intention of detecting and reporting pornography-related searches to the subscriber's designated accountability partner. The software's website advertises itself as a personal service specifically designed for "helping members overcome porn addiction" with the assistance of friends, family, or even their church, as opposed to a professional computer monitoring program for a workplace setting. Id.

5. With respect to the HP computer, the forensic examination of said device revealed that just prior to the downloading of Child Sexual Abuse Material (CSAM), the defendant installed a Linux partition on the device. Notably, the partition was installed on May 13, 2019. On that same day, the Tor (The Onion Router) Browser, which is means of accessing the Dark Web, was downloaded onto the Linux Partition. The following day, May 14, 2019, the Tor Browser was utilized to access CSAM. Shortly thereafter, the peer-to-peer program uTorrent was separately installed on the Linux partition side of the device and utilized to download CSAM.

6. As a part of the investigation, the Government issued legal process to Covenant Eyes requesting subscriber information connected to the account located on the HP computer. In response, Covenant Eyes produced records reflecting that the subscriber of the internet

pornography monitoring service installed on the HP computer was the defendant, Joshua Duggar, and his wife, Anna Duggar. The records likewise revealed that Anna Duggar was the designated accountability partner for the defendant, who would have been notified of pornography related searches on the device. Representatives of Covenant Eyes also informed the Government that their service is not compatible with Linux, and therefore, any activities conducted on the Linux partition side of the device would not have been detected nor reported to Anna Duggar by Covenant Eyes.

7. Importantly, the Government observes that an "addiction" to pornography is not a recognized disorder within the context of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM). Therefore, a publicly stated "addiction" to pornography is akin to a statement of habit as opposed to a prior bad act, crime, or wrongful conduct. Under these circumstances, the defendant's public and often repeated statements regarding a pornography addiction are simply admissions that further identify him as the user of the computer when CSAM was downloaded and accessed. An "admission of a party opponent" has two requirements, namely that a statement be "offered against a party" and be "the party's own statement individual or representative capacity." *United States v White*, 868 F.2d 305, 306 (8th Cir. 1989); see also *United States v. McGee*, 189 F.3d 626, 632 (7th Cir. 1999) (holding that there is no requirement for a statement to be inculpatory for such to be deemed admissible non-hearsay under Federal Rules of Evidence, Rule 801(d)(2)(A)).

8. Alternatively, evidence of the defendant's addiction to online pornography is admissible as *res gestae* evidence. "[R]es *gestae*, also known as intrinsic evidence, is 'evidence of wrongful conduct other than the conduct at issue ... offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted to complete the story or provide a total picture of the charged crime." *United States v. Parks*, 902 F.3d 805, 813–14 (8th Cir. 2018)

(internal quotation omitted). In this case, the evidence demonstrates that the defendant's motive for creating the Linux partition on the HP computer was to mask the downloading and viewing of CSAM from being detected and reported by Covenant Eyes. Consequently, the existence of Covenant Eyes on the HP desktop computer and the reason why it was installed on the device in the first place—the defendant's self-professed addiction to online pornography—are inherently and intrinsically intertwined with the charged crimes. As such, if the defendant's prior statements regarding a "pornography addiction" are viewed by this Court as prior "wrongful conduct," the statements remain admissible as the Eighth Circuit has held that where evidence of other wrongful conduct is so blended or connected with the crimes on trial that proof of one incidentally involves the other or explains the circumstances, it is admissible as an integral part of the immediate context of the crime charged. See *United States v. Luna*, 94 F.3d 1156, 1162 (8th Cir. 1996) (citing *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986)).

9.  Indeed, the admission of evidence of the defendant's addiction to online pornography is necessary to provide "the context in which the charged crime[s] occurred" and to complete "the story or provide a total picture of the charged crime[s]." *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013) (internal citations and quotation marks omitted). Any natural and comprehensible account of the defendant's receipt and possession of child pornography necessarily requires an explanation of the existence of Covenant Eyes on his work computer—a fact that is itself explicable only by reference to the defendant's pornography addiction. Absent evidence of his pornography addiction, the Government will be deprived of its right to "fashion its own case and present a continuing, logical story to satisfy its ultimate burden." *United States v. Basham*, 789 F.3d 358, 386 (4th Cir. 2015) (citing *Old Chief v. United States*, 519 U.S. 172, 189 (1997)). In short, the Government would be required to present evidence to the jury that a computer

program designed to help an individual overcome "pornography addiction" with the assistance of the individual's friends, family, and even their church, had been installed on a workplace computer without any explanation of who installed the software and why. This relatively bizarre scenario becomes perfectly sensible and understandable, however, when the required context—that the program was installed by or at the direction of the defendant and his wife because the defendant publicly admitted to having an addiction to online pornography—is supplied. In other words, this is precisely the type of evidence that is inextricably intertwined with evidence of the charged offense, and it should therefore be admitted.

   10. Lastly, Federal Rule of Evidence 404(b) bars admission of a Defendant's other crimes or bad acts from being used as character evidence, while permitting such evidence to prove other factors such as motive, opportunity, intent, identity, preparation, plan, knowledge, or absence or mistake or accident. Fed. R. Evid. 404(b). It is a rule of inclusion, meaning that evidence offered for permissible purposes is presumed admissible absent a contrary determination. *United States v. Henson*, 939 F.2d 584, 585 (8th Cir. 1991). In the case before this Court, the evidence of the Defendant's stated addiction to pornography directly provides motive, intent, knowledge, and identity. In summary, his stated addiction to pornography explains the existence of Covenant Eyes on the HP computer, its purpose of being there, his knowledge/identity in being aware the program was on the device, and his actions and intent in creating the partition in order to avoid detection.

   For these reasons, the United States respectfully request this Court admit the above identified statements of the defendant as evidence at trial.

Respectfully submitted,

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY


By: */s/ Dustin Roberts*
    Dustin Roberts
    Assistant U.S. Attorney
    Arkansas Bar No. 2005185
    414 Parker Avenue
    Fort Smith, AR 72901
    Phone: 479-783-5125
    Email: dustin.roberts@usdoj.gov

By: */s/ Carly Marshall*
    Carly Marshall
    Assistant U.S. Attorney
    Arkansas Bar No. 2012173
    414 Parker Avenue
    Fort Smith, AR 72901
    Phone: 479-783-5125
    Email: carly.marshall@usdoj.gov

By: */s/ William G. Clayman*
    William G. Clayman
    D.C. Bar No. 1552464
    Trial Attorney
    Child Exploitation and Obscenity Section
    U.S. Department of Justice
    1301 New York Avenue NW
    Washington, D.C. 20005
    Telephone: 202-514-5780
    Email: william.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

                                        /s/ Dustin Roberts
                                        Dustin Roberts
                                        Assistant United States Attorney