IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:21-CR-50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR | ) | |

GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE THIRD PARTY GUILT EVIDENCE

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, William G. Clayman, Trial Attorney for the United States Department of Justice, and files its Motion in Limine requesting a pretrial ruling excluding unsubstantiated third-party guilt evidence at trial, and states:

1. The defendant, Joshua James Duggar, is charged in a two-count Indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). A jury trial is scheduled to begin on November 30, 2021.

2. At trial, the Government anticipates that the defendant will attempt to introduce evidence suggesting that other individuals had access to the HP desktop computer at issue and therefore could have committed the offenses charged in the indictment. Any such evidence is nothing more than wishful speculation based on bare suspicion, which is inadmissible under the legal precedent cited herein.

3. On August 20, 2021, the defendant filed a motion entitled "Defendant's Motion to Dismiss for Government's Failure to Preserve Potentially Exculpatory Evidence" (Doc. 40). Therein, the defendant identified three individuals and speculated that their cellular phones possibly contained exculpatory evidence -which amounts to incriminating evidence against the

three individuals- because they had "access to Wholesale Motors." *Id.* at p.1. The three individuals are William Mize (Witness # 1), Joshua Williams (Witness #2), and Randall Berry (Witness #3).

    4.      On September 27, 2021, this honorable Court conducted a hearing on the collective motions filed by the defendant to dismiss the indictment and/or suppress evidence, including the motion seeking dismissal of the indictment based on the government's alleged failure to preserve potentially exculpatory evidence. At the outset of the hearing, counsel for the defendant moved to withdraw their argument in this motion to dismiss with respect to the individual identified as Witness # 2, Joshua Williams. Specifically, after the Government brought certain information to his attention, defense counsel advised the Court that he realized that he and one of the defendant's other attorneys represented Mr. Williams in April of 2019 in connection with a criminal matter that resulted in Mr. Williams being sentenced by a Benton County Circuit Court Judge to serve 45 days in the county jail. Further, the Government provided the defense jail records confirming that Mr. Williams was in custody from April 15, 2019 to May 28, 2019. Based on Mr. Williams' incarceration during the timeframe charged in the indictment, the defendant's claim that some unidentified exculpatory evidence existed on Mr. Williams' phone—that is, evidence incriminating Mr. Williams and tending to prove the defendant's innocence with respect to the charges in the indictment—was meritless. This Court granted defense counsel's request to withdraw the portion of the defendant's motion to dismiss related to Mr. Williams.

    5.      During the hearing, the Government also presented evidence that, per the Wholesale Motor car records sworn to and produced by the defendant, no other employees worked at or were paid by Wholesale Motors during the timeframe of the charged conduct. (See Govt. Ex. 6-7) (reflecting Mathew Waller worked at Wholesale Motors until the end of April and Randall Berry, Witness #3, received his first paycheck on May 31, 2019, for work completed during the

week of May 24-May 31, 2019). At the close of the hearing, the defense again argued that the cellular phones belonging to Mr. Berry and Mr. Mize might have contained some sort of exculpatory evidence placing them on the defendant's car lot during timeframe identified in the indictment and tending to prove the defendant's innocence. The Court denied the defendant's motion to dismiss following the hearing. (Doc. 61).

6.  After the hearing, federal law enforcement contacted Mr. Berry, who confirmed that he did not start working at Wholesale Motors until the end of May 2019. He also informed law enforcement that after the execution of the search warrant at issue, the defendant closed his car dealership but assisted him in getting a job at the defendant's brother's car lot, where he still works today. This information has been provided to the defense in discovery. Additionally, law enforcement determined that on the morning of May 15, 2019, Mr. Mize—who was never an employee of Wholesale Motors—was in a Walmart located in Ozark, Missouri, approximately 120 miles away from Wholesale Motors.[1] This information has likewise been provided to the defense in discovery.

7.  On or about October 5, 2021, the Government filed a motion requesting that the defendant provide notice of any intended alibi defense pursuant to Federal Rules of Evidence, Rule 12.1. (Doc. 60). On or about October 19, 2021, defense counsel responded to the Government via email, stating that they "do not anticipate advancing an alibi defense triggering discovery obligations pursuant to Federal Rule of Criminal Procedure 12.1." Consequently, this Court entered an order finding the motion for any such notice moot. (Text Order 10-29-21).

---

[1] In the September motions hearing, the Government presented evidence that on May 15, 2019, at approximately 11:30 A.M., the Tor network was utilized on the HP computer to access CSAM.

8. The Government is likewise aware that the defendant has made statements to potential witnesses that his current legal situation arose because he placed too much trust in felons or ex-convicts.

9. The Supreme Court in *Holmes v. South Carolina,* 547 U.S. 319, 327 (2006), noted that it is widely accepted that "[t]he accused may introduce any legal evidence tending to prove that another person may have committed the crime with which the defendant is charged," but that such evidence "may be excluded where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial." (internal citations omitted). Thus, "courts may properly deny admission of alternative perpetrator evidence that fails to establish, either on its own or in combination with other evidence in the record, a non-speculative 'nexus' between the crime charged and the alleged perpetrator." *United States v. Jordan,* 485 F.3d 1214, 1219 (10th Cir. 2007) (quoting *United States v. McVeigh,* 153 F.3d 1166, 1191 (10th Cir .1998)).

10. As the Fourth Circuit has similarly observed, "[w]hen determining whether evidence of an alternative perpetrator should be admitted at trial," other courts "have found that such evidence is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the defendant." *United States v. Hicks*, 307 F. App'x 758, 761 (4th Cir. 2009). In *Hicks*, the court found that the district court did not abuse its discretion in excluding the defendant's theory that someone else placed child sexual abuse material on his computer because he was unable to "demonstrate a nexus between the crime charged and the alleged alternative perpetrator[.]" *Id.*; *see also United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019) ("A court must be sensitive to the special problems presented by 'alternative perpetrator' evidence and must ensure that the defendant shows a sufficient nexus

4

between the crime charged and the asserted 'alternative perpetrator.'"). Put differently, "[i]t is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime." *Jordan*, 485 F.3d at 1219. "Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *Id.*

11. Based on the above, the defendant should be prohibited from advancing evidence of third-party guilt with respect to the three individuals identified in his motion to dismiss or claiming that some yet-to-be-identified perpetrator used his computer to download and view child pornography without setting forth an actual, non-speculative nexus between the alleged perpetrator and the charged offenses. Indeed, as revealed during the prior hearing, the defendant's theory that one of the three individuals identified in his motion to dismiss might have used his computer to download and view child pornography was based on nothing more than rank speculation. The defense was actually in possession of information affirmatively establishing that one of these individuals was in jail and could not have possibly used the defendant's computer to download and view child pornography during the timeframe charged in the indictment—information that was only revealed as a result of the Government's investigation in response to the defendant's conjecture that this individual might have exculpatory evidence on his cellular phone.

12. Put simply, the mere fact that these three individuals may have been present on the car lot prior to execution of the search warrant but outside the timeframe at issue is wholly insufficient to permit the defendant to advance a theory of third-party guilt with respect to any of them. In fact, their presence at the car lot outside the timeframe at issue in the indictment places them in the same category as any customer who visited the car lot at any point in 2019 or beyond. Permitting the defendant to suggest at trial that one of these individuals or some other, unidentified perpetrator committed the charged offenses absent far more substantial evidence—evidence that

may very well be in the defendant's sole possession, to the extent any such evidence exists at all—will serve to only confuse and mislead the jury with a parade of self-serving, speculative, and ultimately irrelevant theories.

For these reasons, the United States respectfully request this Court exclude third-party guilt evidence with respect to the three individuals identified herein and any other potential alternative perpetrators unless and until the defendant sets forth sufficient admissible evidence to establish a non-speculative "nexus" between the crimes charged and the alleged perpetrator.

.

                                      Respectfully submitted,

                                      DAVID CLAY FOWLKES
                                      ACTING UNITED STATES ATTORNEY

By:     */s/ Dustin Roberts*
             Dustin Roberts
             Assistant U.S. Attorney
             Arkansas Bar No. 2005185
             414 Parker Avenue
             Fort Smith, AR 72901
             Phone: 479-783-5125
             Email: dustin.roberts@usdoj.gov

By:     */s/ Carly Marshall*
             Carly Marshall
             Assistant U.S. Attorney
             Arkansas Bar No. 2012173
             414 Parker Avenue
             Fort Smith, AR 72901
             Phone: 479-783-5125
             Email: carly.marshall@usdoj.gov

By:   */s/ William G. Clayman*
       William G. Clayman
       D.C. Bar No. 1552464
       Trial Attorney
       Child Exploitation and Obscenity Section
       U.S. Department of Justice
       1301 New York Avenue NW
       Washington, D.C. 20005
       Telephone: 202-514-5780
       Email: william.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

       */s/ Dustin Roberts*
       Dustin Roberts
       Assistant United States Attorney