**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21CR50014-001** |
| | ) | |
| **JOSHUA JAMES DUGGAR** | ) | |

**GOVERNMENT'S NOTICE PURSUANT TO FEDERAL**
**RULE OF EVIDENCE 414 AND MOTION IN LIMINE TO ADMIT EVIDENCE OF**
**THE DEFENDANT'S PRIOR CHILD MOLESTATION CONDUCT**

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, and William G. Clayman, Trial Attorney for the United States Department of Justice, hereby notices its intent to introduce at trial evidence that the defendant committed other acts of child molestation pursuant to Federal Rules of Evidence 404(b) and 414, moves *in limine* for the admission of evidence that the defendant engaged in other child molestation conduct, and states as follows:

## I.      BACKGROUND

The defendant, Joshua James Duggar, is charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). As to Count One, the indictment charges that the defendant attempted to and did in fact receive child pornography from between on or about May 14, 2019, and on or about May 16, 2019, in the Western District of Arkansas, Fayetteville Division. As to Count Two, the indictment charges that the defendant attempted to and did in fact possess material that contained child pornography in that same date range in the Western District of Arkansas, Fayetteville Division.

The charges are based in part on evidence recovered during the execution of a search warrant at the defendant's business—a used car dealership within the Western District of Arkansas. During the search, law enforcement seized an HP desktop computer from the small, shed-like office on the defendant's property, a forensic examination of which uncovered evidence that the defendant created a password-protect partition on the device and then used the partition to download, possess, and view material depicting minors engaged in sexually explicit conduct through the online BitTorrent peer-to-peer network and an anonymizing online network known as The Onion Router ("Tor"). A jury trial is scheduled to begin in this case on November 30, 2021. The government anticipates that the defendant will attempt to argue at trial that he was not the individual who used the HP desktop computer to download and view child sexual abuse material and is not interested in such material.

In light of this anticipated defense and pursuant to Federal Rules of Evidence 414 and 404(b), the government now provides the defendant with notice that it may seek to introduce evidence at trial that the defendant committed other acts of child molestation, as that term is defined by Rule 414. Specifically, the government notices its intent to introduce evidence that in approximately 2002 and 2003, before he committed the offenses charged in the indictment in this case and while living in Arkansas, the defendant attempted to and did commit a crime as defined by Arkansas state law involving contact between any part of the defendant's body and a child's genitals or anus—namely, sexual assault in the second degree, presently codified at Ark. Code Ann. § 5-14-125.  If introduced, the government anticipates that the evidence will consist of testimony that the defendant was investigated for, admitted to, and received counseling for touching and sexually molesting multiple minor females, including at least one instance involving the digital penetration of a prepubescent minor.

2

## II.      FEDERAL RULE OF EVIDENCE 414

Evidence of the defendant's uncharged prior child molestation conduct is admissible in the instant case pursuant to Federal Rule of Evidence 414. Enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, Federal Rule of Evidence 414 governs the admission of evidence of similar crimes in child sex offense cases. Rule 414(a) provides that, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."[1] Rule 414(d)(2) broadly defines the term "child molestation" to include a federal or state crime involving "any conduct prohibited by 18 U.S.C. chapter 110" or "contact between any part of the defendant's body—or an object—and a child's genitals or anus," or an attempt to commit such a crime.

The upshot of Rule 414 is that evidence of a defendant's prior acts of child molestation is presumptively admissible to establish the defendant's propensity to commit the charged child sex offense. As the Eighth Circuit has explained, "Federal Rule of Evidence 414 is an exception 'to the general rule that evidence of past crimes may not be used to prove the character of a person in order to show action in conformity therewith.'" United States v. Bentley, 561 F.3d 803, 814–15 (8th Cir. 2009) (quoting United States v. Withorn, 204 F.3d 790, 794 (8th Cir. 2000)); see also United States v. Loughry, 600 F.3d 965, 969 (7th Cir. 2011) ("Rule 414 constitutes an exception to the rule that evidence of prior bad acts is not admissible to show a defendant's propensity to commit the offense charged."); United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) ("Unlike Rule 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity

---

[1] Federal Rule of Evidence 414(b) further requires that notice of intent to introduce such evidence be provided to the defendant at least fifteen days prior to trial. This notice is filed nearly thirty days in advance of trial and is therefore timely.

to commit other sexual offenses. In allowing this evidence, Rule 414 reflects Congress's view that this propensity evidence is typically relevant and probative."). Rule 414 thus differs in an important respect from an evidentiary rule such as Rule 404(b), which permits admission of evidence for certain limited purposes, excluding propensity. Rule 414, by contrast, permits admission of evidence of a defendant's child molestation conduct precisely for the purpose of establishing that the defendant has a propensity for child molestation, and is therefore more likely to have committed the charged child molestation offense. See, e.g., Bentley, 561 F.3d at 815 (noting that "propensity evidence is admissible under Rule 414").[2]

    In addition to the plain text of Rule 414, its legislative history shows that Congress intended the rule to be an exception to the ordinary bar on propensity evidence. See, e.g., United States v. Mercer, 653 F. App'x 622, 630 (10th Cir. 2016) (citing 140 Cong. Rec. H8991-92 (1994) ("[The Rule] is critical to the protection of the public . . . [a]nd is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people."). Rule 414, in other words, reflects Congress's judgment that evidence of prior acts of child molestation are "'typically relevant and probative'" in child sex offense cases. Kelly, 510 F.3d at 436 (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole))).

---

[2] See also Withorn, 204 F.3d at 794 (explaining that "Rules 413 and 414 of the Federal Rules of Evidence … create exceptions to the general rule that evidence of past crimes may not be used to prove the character of a person in order to show action in conformity therewith." (internal quotations omitted)); Martinez v. Cui, 608 F.3d 54, 59 (1st Cir. 2010) (noting that intent of drafters of Rules 413, 414, and 415 was "to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in sexual assault cases"); United States v. Meacham, 115 F.3d 1488, 1491 (10th Cir. 1997) (citing legislative history surrounding adoption of Rule 414 and observing that the Rule "supersedes in sex offenses the restrictive aspects of Rule 404(b)" (internal quotations and alterations omitted)).

Here, both the offenses charged in the instant case and the defendant's prior conduct that is the subject of the government's proposed evidence constitute "child molestation" as defined by Rule 414. The defendant is presently charged with violations of 18 U.S.C. § 2252A, which is contained within Chapter 110 of Title 18 of the United States Code. Fed. R. Evid. 414(d)(2)(B). Further, the defendant's sexual molestation of multiple minor girls constitutes a crime under Arkansas state law—sexual assault in the second degree, codified at Ark. Code Ann. § 5-14-125— and involves sexual contact between the defendant and the genitals of the minor victims.[3] Fed. R. Evid. 414(d)(2)(C). Under Arkansas law, an individual is guilty of sexual assault in the second degree if that person engages in sexual contact—defined in pertinent part as "[a]n act of sexual gratification involving the touching, directly or through the clothing, of the sex organs, buttocks, or anus or the breast of a female," Ark. Code Ann. § 5-14-101(11)—with another person who is less than fourteen years of age and not the person's spouse. Ark. Code Ann. § 5-14-125(5)(A).

---

[3] The fact that the defendant was not convicted for this earlier conduct is not an impediment to the introduction of this evidence under Rule 414. As numerous courts have recognized, Rule 414 permits the admission of relevant, uncharged sexual offenses. See LeCompte, 131 F.3d at 769 (finding that district court abused its discretion in excluding evidence of uncharged prior sex offense offered under Rule 414); United States v. Lewis, No. 07-3143, 2009 WL 377302, at *2 (D.C. Cir. Jan. 23, 2009) (defendant's uncharged possession of child pornography found admissible under Rule 414 in prosecution for attempted coercion and enticement of a minor); United States v. Seymour, 468 F.3d 378, 384–86 (6th Cir. 2006) (defendant's prior, uncharged sexual assaults of adult females admissible under Rule 414 in case charging child molestation offenses); United States v. Norris, 428 F.3d 907, 913–14 (9th Cir. 2005) (defendant's uncharged molestation of victim's sister admissible under Rule 414). Moreover, permitting the introduction of uncharged conduct pursuant to Rule 414 accords with the Rule's legislative history. See 140 Cong. Rec. H8992 (1994) (Statements by Rep. Molinari and Senator Dole) ("Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible[.]"); see also United States v. Guidry, 456 F.3d 493, 502–03 (5th Cir. 2006) ("Because sexual assault allegations are often reduced to a swearing match, Congress aimed to assist the fact finder's assessment of credibility through allowing evidence of the defendant's extrinsic sexual misconduct as character or propensity evidence."); United States v. Mann, 193 F.3d 1172, 1173 (10th Cir. 1999) ("[C]ourts are to 'liberally' admit evidence of prior uncharged sex offense[.]").

Moreover, this evidence is highly probative of the defendant's inclination to commit the offenses with which he is currently charged. Indeed, in determining whether to admit such evidence, the Eighth Circuit has noted that courts should "recogniz[e] 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (quoting United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997). Rule 414 evidence is "typically relevant and probative, and … its probative value is normally not outweighed by any risk of prejudice or other adverse effects." United States v. Sumner, 119 F.3d 658, 662 (8th Cir. 1997) (quoting 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (Statement of Rep. Molinari). Further, based on arguments made by the defense thus far, the government anticipates that the defendant intends to claim at trial that someone else used his computer to download and view material depicting minor girls engaged in sexually explicit conduct and that he is not interested in such material. As the Eighth Circuit has explained in similar cases, evidence of the defendant's molestation of and sexual interest in minor girls—including, in this case, girls in the approximate age range of the victims depicted in the child sexual abuse material the defendant downloaded or attempted to download from the internet—is highly probative of the defendant's knowing receipt and possession of child pornography on his computer. See United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016) (affirming admission of evidence of twenty-year-old child sexual abuse as probative of defendant's "interest in underage girls" in case involving possession of child pornography). Evidence of the defendant's prior child molestation offense should therefore be admitted at trial pursuant to Federal Rule of Evidence 414.

## III.    FEDERAL RULE OF EVIDENCE 404(b)

In addition to being admissible pursuant to Federal Rule of Evidence 414, evidence of the defendant's prior child molestation conduct is independently admissible pursuant to Federal Rule

of Evidence 404(b). Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act … may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b) is understood to be a rule of inclusion, meaning that evidence offered for permissible purposes is presumed admissible absent a contrary determination.  United States v. Henson, 939 F.2d 584, 585 (8th Cir. 1991).

In the instant case, evidence of the defendant's molestation of multiple minor girls is admissible evidence tending to establish the defendant's motive, intent, knowledge, and lack of mistake in committing the child-pornography-related offenses charged in the indictment. As noted above, the government anticipates that the defendant will argue at trial that he was not the individual who used his computer to download child sexual abuse material and is not interested in such material, placing his own interest in and motivations for downloading child pornography squarely at issue. In view of this likely focus, evidence of the defendant's sexual interest in minor girls, as shown through his prior molestation conduct, is especially probative in that it strongly demonstrates that it was the defendant who sought out and possessed the child pornography material at issue in this case and that he did so intentionally. See United States v. Brumfield, 686 F.3d 960, 963 (8th Cir. 2012) (finding evidence that defendant propositioned a minor to have sex with him and to film the act admissible pursuant to Rule 404(b) and "highly probative" of knowledge and intent at trial for defendant charged with possessing child pornography).

## IV.  ADMISSION OF THIS EVIDENCE DOES NOT VIOLATE FEDERAL RULE OF EVIDENCE 403

As noted above, the Eighth Circuit has explained that "[a] court considering the admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" Gabe, 237 F.3d at 959 (quoting LeCompte, 131 F.3d at 769).

"Notwithstanding this general rule of admissibility, evidence admitted pursuant to Rule 414 is subject to Rule 403's balancing test, which calls for the exclusion of evidence whose probative value is substantially outweighed by its potential for unfair prejudice." Bentley, 561 F.3d at 815 (internal citation and quotation marks omitted). "In order to exclude evidence under Rule 403, however, it must be unfairly prejudicial," and the fact that evidence of a prior child molestation under Rule 414 suggests a propensity to molest a child "is not unfair prejudice." Id.; see also United States v. Splettstoeszer, 956 F.3d 545, 548 (8th Cir. 2020) ("[P]rejudicial Rule 414 evidence indicating the defendant's propensity to sexually exploit child is not, in itself, unfair."). Similarly, evidence offered pursuant to Rule 404(b) is subject to the same balancing requirement in Rule 403. United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008). In order to be excluded, the probative value of Rule 404(b) evidence must be "*substantially* outweighed by the danger of *unfair* prejudice." Id. (emphasis in original). Importantly, however, "even unfairly prejudicial evidence is generally admissible if the person against whom the prejudicial evidence was offered opened the door to its admission by offering related favorable evidence." Id.

Applying these principles here, evidence of the defendant's prior child molestation offenses is not unfairly prejudicial and should be admitted pursuant to Rules 404(b) and 414. As an initial matter, the evidence the government seeks to admit is no more prejudicial than the evidence related to the charges in the indictment, the latter of which includes images and videos depicting minors being raped by adults and subjected to other sadomasochistic acts. In fact, the prior child molestation offense is similar to the charged conduct in this case in at least one critical way—both offenses involve minor female victims—which only enhances the relevance and probative value of this proffered evidence. Nor is the prior child molestation conduct so old as to render it unfairly prejudicial in the instant case. Courts across the country, including the Eighth

Circuit, routinely approve of the admission of decades old conduct pursuant to Rule 414. See Emmert, 825 F.3d at 909 (finding a twenty-year intervening period acceptable); see also United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) (finding a twenty-two year intervening period did not render the prior acts inadmissible); United States v. Carino, 368 F. App'x 929, 929 (11th Cir. 2010) (admitting, in child pornography trial, decades-old evidence that the defendant molested his younger sister when he was sixteen); United States v. Eiker, 2:17-CR-72 (MSD) 2017 WL 6459510, at *1–6 (noting that "the intervening period between alleged prior acts and the instant charges—somewhere between eleven and twenty-one years—does not render the prior acts inadmissible"). The trend in favor of admissibility in the cases cited above is not surprising given that Rule 414 reflects Congress's: (1) view that the jury should be permitted "to consider a defendant's prior bad acts in the area of sexual abuse or child molestation for the purpose of showing propensity," United States v. Benais, 460 F.3d 1059, 1063 (8th Cir. 2006); and (2) rejection of "imposing any time limit on the admission of prior sex offense evidence," United States v. Reynolds, 720 F.3d 665, 671 (8th Cir. 2013). Put simply, while all Rule 414 evidence carries some inherent prejudice, such evidence is not unfairly prejudicial for the same reason it is highly probative: it tends to prove that the defendant has a sexual interest in children.

For these same reasons, evidence of the defendant's prior child molestation conduct should be deemed admissible pursuant to Federal Rule of Evidence 404(b). Extrinsic evidence of prior child molestation conduct is highly relevant to the charged conduct because it shows motive (that the defendant had an intense desire to receive and possess child pornography), and hence identity (that it was likely the defendant and not anyone else who engaged in the charged conduct). See United States v. Sebolt, 460 F.3d 910, 917 (7th Cir. 2006) ("Prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as

evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children."); Eiker, 2017 WL 6459510, at *3 ("Defendant's prior acts demonstrate an interest in prepubescent girls, and the images described as forming the basis for Counts 1–3 show victims engaged in sexual conduct similar to that of the prior acts."). Motive to obtain child pornography is especially relevant and the proposed evidence is therefore not unfairly prejudicial because such a desire does not exist in the overwhelming majority of the population. See United States v. Hawpetoss, 478 F.3d 820, 824 (7th Cir. 2007) ("In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant … that simply does not exist in ordinary people.").

This evidence is also highly relevant to show that the defendant received and possessed the charged child pornography intentionally. By pleading not guilty, the defendant has placed his knowledge and intent at issue in this case, thereby rendering any evidence of similar prior conduct especially relevant under Rule 404(b) and not unfairly prejudicial. See United States v. Smith, 978 F.3d 613, 616 (8th Cir. 2020). Even outside the child pornography context, courts routinely admit similar prior bad acts to show that the charged conduct was committed intentionally. See, e.g., Id. (finding evidence of defendant's prior conviction for possessing a firearm as a felon admissible to show that the defendant knowingly possessed a firearm in subsequent felon-in-possession prosecution); United States v. Ford, 88 F.3d 1350, 1362 (4th Cir. 1996) (prior drug arrest admissible to show intent to distribute narcotics); United States v. Aguilar-Aranceta, 58 F.3d 796, 799 (1st Cir. 1995) ("Where the evidence is susceptible to the explanation that the acts alleged to constitute the crime were innocently performed and the crucial issues of intent and knowledge are keenly disputed, . . . the government [may] introduce evidence of prior or similar offenses[.]").

In light of the above, the highly probative value of evidence of the defendant's prior child molestation conduct cannot be substantially outweighed by any claims of unfair prejudice. Moreover, to the extent the admission of such evidence creates some prejudice, the risk of such evidence being unfairly prejudice can be easily and properly remedied through a limiting instruction to the jury from the Court. United States v. Thomas, 398 F.3d 1058, 1063 (8th Cir. 2005) ("Moreover, the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of the evidence."); see also United States v. Crawford, 413 F.3d 873, 876 (8th Cir. 2005) (approving of use of limiting instruction regarding prior sexual assault of a minor under Rule 413 and noting that "[l]imiting instructions decrease the danger of unfair prejudice"); United States v. Carter, 410 F.3d 1017, 1022 (8th Cir.2005) (affirming admission of Rule 414 evidence over Rule 403 objection and noting that the district court "g[a]ve the jury a cautionary instruction with respect to how the witnesses' testimony should be used").

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court find that the proffered evidence is admissible under Federal Rules of Evidence 414 and 404(b).


Respectfully submitted,

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:    */s/ Dustin Roberts*
        Dustin Roberts
        Assistant U.S. Attorney
        Arkansas Bar No. 2005185
        414 Parker Avenue
        Fort Smith, AR 72901
        Phone: 479-783-5125
        Email: dustin.roberts@usdoj.gov

11

By:   */s/ Carly Marshall*

Carly Marshall
Assistant U.S. Attorney
Arkansas Bar No. 2012173
414 Parker Avenue
Fort Smith, AR 72901
Phone: 479-783-5125
Email: carly.marshall@usdoj.gov

By:   */s/ William G. Clayman*

William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

I, Carly Marshall, Assistant United States Attorney for the Western District of Arkansas, hereby certify that on November 3, 2021, a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, attorney for the Defendant, justin@margulisgelfand.com
Travis Story, attorney for the Defendant, travis@storylawfirm.com
Greg Payne, attorney for the Defendant, greg@storylawfirm.com

/s/ Carly Marshall
Assistant United States Attorney

12