**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21-CR-50014-001** |
| | ) | |
| **JOSHUA JAMES DUGGAR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT FROM ATTRIBUTING THE ACT OF PRODUCTION OF CORPORATE RECORDS TO DUGGAR**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully moves this Court to prohibit the Government from attributing the act of production of corporate records to Duggar.

**I.     Relevant Background**

Duggar is charged in a two-count indictment alleging receipt and possession of child pornography in May 2019. (Doc. 1). Duggar has pleaded not guilty to both counts.

During the course of the Government's criminal investigation, the Government obtained corporate records by compulsory process. The Government received these records from Duggar in his capacity as a corporate records custodian. Duggar was not summonsed or subpoenaed in an individual capacity.

**II.     *Braswell* Requires This Court to Grant This Motion**

 The Fifth Amendment provides, "No person…shall be compelled in any criminal case to be a witness against himself[.]"  U.S. Const., Amend. V.

In *Braswell v. United States*, 487 U.S. 99 (1988), the United States Supreme Court reiterated that the Fifth Amendment does not apply to corporations. *Id*. at 102. Thus, a corporate records custodian may not resist a subpoena for corporate records on Fifth Amendment grounds. *Id*. at 109.

Significantly, though, the Court also held: "Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual. Therefore, the Government concedes, as it must, that it may make no evidentiary use of the 'individual act' against the individual." *Id*. at 117-18 (emphasis added).

Thus, as a matter of law, Duggar hereby objects to the attribution of any such records to Duggar. Instead, this Court should require the Government to limit any such testimony to state that such records were provided in response to a corporate summons or subpoena served on the entity. The Government should not be permitted to attribute the records to Duggar as opposed to the entity and the Government should not be permitted to attribute the act of production to Duggar individually.

In a pleading, the Government has already foreshadowed its attribution of the records in a way that would violate *Braswell* at trial. In its motion *in limine*, the Government stated that it "presented evidence that, per the Wholesale Motor [sic] car records sworn to and produced by the defendant, no other employees worked at or were paid by Wholesale Motors during the timeframe of the charged conduct." (Doc. 67 at 2).

Given the constitutional nature of *Braswell* and its progeny, a *Braswell* violation at trial is no small matter—and the prosecution would have to establish the error was harmless beyond a reasonable doubt. *See United States v. Barton*, 731 F.2d 669, 675 (10th Cir. 1984) (citing *Chapman v. California*, 386 U.S. 18 (1967)) ("Although a violation of a criminal defendant's constitutional

2

rights is not *per se* reversible error, the prosecution must demonstrate that the error was harmless beyond a reasonable doubt"). The prosecution would have to demonstrate "that the error did not contribute in any way to the conviction of the defendant." *Eberhardt v. Bordenkircher*, 605 F.2d 275, 278 (6th Cir. 1979) (emphasis added).

Based on the foregoing, this Court should prohibit the Government from attributing the act of production of corporate records to Duggar.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice*

--- *and* ---

**Story Law Firm, PLLC**

/s/ Travis W. Story
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (877) 245-0107
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

> /s/ Justin K. Gelfand
> JUSTIN K. GELFAND, MO Bar No. 62265*
> 7700 Bonhomme Ave., Ste. 750
> St. Louis, MO 63105
> Telephone: 314.390.0234
> Facsimile: 314.485.2264
> justin@margulisgelfand.com
> *Counsel for Defendant*
> *Admitted Pro Hac Vice*