IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-CR-50014-001 |
| ) | |
| JOSHUA JAMES DUGGAR, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE IMPROPER OPINION TESTIMONY**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, 403, 701, and 702, respectfully moves this Court to enter an order prohibiting the Government and any witnesses called by the Government from eliciting any evidence or argument, whether testimonial, documentary or demonstrative, of any kind whatsoever, with respect to an opinion characterizing alleged child pornography.

**I.      Background**

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). Duggar has pleaded not guilty to both counts.

At the detention hearing in this matter, the prosecution elicited testimony from Special Agent Gerald Faulkner about a specific torrent file. Special Agent Faulkner testified, "And I can say in the 11 years of doing this and the thousands and thousands of child pornography images and videos I've unfortunately [had] to see, the 'Daisy's Destruction' series ranks in the top five of the worst-worst that I've ever had to examine." *See* Detention Hearing Transcript at 49-50.

In the context of a federal criminal jury trial, testimony of this nature is irrelevant, unfairly prejudicial, and constitutes improper opinion testimony. Therefore, this Court should exclude testimony of this nature at trial.

**II.    Discussion**

Special Agent Faulkner's subjective opinion that some alleged child pornography is apparently worse than other alleged child pornography is completely irrelevant, unfairly prejudicial, and constitutes improper opinion testimony. "Evidence that is either irrelevant or improper opinion testimony is inadmissible." *United States v. Ceballos*, 593 F. Supp. 2d 1054, 1059 (S.D. Iowa 2009) (citing Fed. R. Evid. 402, 704(b)).

A.    <u>A Witness's Opinion Characterizing Alleged Child Pornography is Not Relevant and is, Therefore, Inadmissible</u>

Any evidence relating in any way to a witness's opinion characterizing certain alleged child pornography is irrelevant to the charges pending in this case and therefore should not be admitted. *See* Fed. R. Evid. 401 (evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 (irrelevant evidence is inadmissible).

In this case, Duggar is charged with possessing and receiving child pornography. (*See* Doc. 1). To prove that Duggar is guilty of each offense, the Government will need to adduce evidence that he knowingly received and/or possessed visual depictions of child pornography, and that he knew the visual depictions were of a minor engaging in sexually explicit conduct. *See* Eighth Cir. Pattern Jury Instruction 6.18.2252. Whether the alleged child pornography was supposedly among the worst child pornography that a federal agent—or any other witness for that matter—claims he has ever seen is not an element of either offense, nor is it probative of any element.

As such, opinion testimony by a witness concerning where on the spectrum of alleged child pornography a particular image or video falls does not have any tendency to make it more or less likely that Duggar committed the crimes with which he stands accused.

> B. Opinion Testimony Characterizing Alleged Child Pornography Has No Probative Value, But Even if this Court Determines Otherwise, Such Value Would be Substantially Outweighed by the Danger of Unfair Prejudice to Duggar

The admission of any evidence relating in any way to a witness's subjective opinion that certain alleged child pornography is ostensibly among the worst he has seen would be extremely and unfairly prejudicial to Duggar. Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

If the jury learns that a witness is apparently of the opinion that the alleged child pornography at issue in this case was "worse" than other images or videos he has reviewed, an unacceptable risk will arise that the jury would convict Duggar not because the Government has proven him guilty of the crimes charged beyond a reasonable doubt, but because the jury would improperly conclude that a witness—and, in particular, a special agent—formed a subjective opinion as to the alleged severity of the crimes charged. Furthermore, permitting the jury to consider a law enforcement witness's characterization of the images and/or videos allegedly at issue in this case would confuse the issues before the jury, mislead the jury, and needlessly waste time. In this case, the jury will, among other elements, be tasked with determining whether the Government proved beyond a reasonable doubt that the images and/or videos at issue are or are not child pornography—not whether this particular alleged child pornography is more or less egregious in a witness's view.

3

Because the danger of unfair prejudice from evidence concerning a witness's opinion characterizing alleged child pornography substantially outweighs any probative value of such evidence, this Court should exclude it from trial. *See* Fed. R. Evid. 403.

        C.      <u>A Witness's Opinion Concerning Alleged Child Pornography Constitutes Improper Opinion Testimony</u>

In addition to this evidence being irrelevant and unfairly prejudicial, it also constitutes improper opinion testimony and, for this reason as well, should be excluded. Federal Rule of Evidence 701 provides: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

In this case, a witness's opinion characterizing alleged child pornography fails to satisfy Rule 701's requirements. Specifically, any such opinion would not be "helpful to clearly understanding the witness's testimony or to determining a fact in issue." *See* Fed. R. Crim. P. 701(b). Moreover, the opinion of a law enforcement witness concerning the severity of the evidence is not, in any manner, useful to help the jury understand the testimony, nor is it helpful for determining a fact at issue. Furthermore, any such opinion would be based on "specialized knowledge" and, therefore, cannot be offered pursuant to Rule 701.

Relatedly, Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

In this case, the Government has not designated any special agent as an expert witness. However, notice issues aside, the testimony of a law enforcement witness comprised of personal opinions as to the evidence fails at nearly every step of the legal analysis. Specifically, testimony of this nature would not help the jury understand the evidence or determine a fact at issue, because the issue is whether Duggar knowingly possessed and/or received child pornography, not where any alleged child pornography falls on the spectrum of severity in a special agent's personal view. That same analysis applies to any witness's opinion. Further, such testimony would not even arguably be "the product of reliable principles and methods…reliably applied…to the facts of the case." Fed. R. Evid. 702.

### III. Conclusion

Based on the foregoing, Duggar respectfully requests that this Court grant this motion, entering an order preventing the Government from presenting any evidence relating to any opinion characterizing alleged child pornography.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

*--- and ---*

**Story Law Firm, PLLC**

<u>*/s/ Travis W. Story*</u>
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (877) 245-0107
travis@storylawfirm.com
greg@storylawfirm.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

                                                 */s/ Justin K. Gelfand*
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice*