IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-CR-50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGATIONS CONCERNING ADULTERY OR A PRIOR SO-CALLED "ADDICTION" TO ADULT PORNOGRAPHY**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, and 403, respectfully moves this Court to enter an order prohibiting the Government and any witnesses called by the Government from eliciting any evidence or argument, whether testimonial, documentary or demonstrative, of any kind whatsoever, with respect to allegations or statements concerning adultery and/or a supposed "addiction" to adult pornography.

**I.      Background**

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). The allegations concern a three-day timeframe in May 2019. (*See id*.). Duggar has pleaded not guilty to both counts.

In 2015, there was media coverage concerning a hack of the "Ashley Madison" website which purported to cater to consenting adults seeking to engage in extra-marital affairs. According to media accounts of the hack of the website, Duggar was revealed as a subscriber. Duggar and his family were, at the time, television personalities. In an effort to minimize the public relations

fallout from the embarrassing revelation that Duggar was allegedly a member of the website, the Duggar family issued a press statement on "The Duggar Family" website.

The statement attributed to Duggar included, "[w]hile espousing faith and family values, I have secretly over the last several years been viewing pornography on the internet and this became a secret addiction and I became unfaithful to my wife." Discovery disclosed by the Government in this case reveals that investigative agents inquired about such allegations from certain witnesses.

Any evidence related in any manner to allegations that Duggar committed acts of adultery or was at any time "addicted" to adult pornography is irrelevant, unfairly prejudicial, and should be excluded from trial.

**II.     Discussion**

Whether Duggar allegedly characterized himself as being "addicted" to viewing adult pornography or being unfaithful to his wife is entirely irrelevant and is therefore inadmissible under Federal Rules of Evidence 401 and 402. However, to the extent the Court determines this evidence to have any minimal probative value, any such value would be substantially outweighed by the danger of unfair prejudice and the evidence should, therefore, be excluded pursuant to Rule 403.

      A.    <u>Evidence Concerning "Ashley Madison," Adultery, and a Supposed "Addiction" to Adult Pornography is Not Relevant and is, Therefore, Inadmissible</u>

Any evidence relating in any way to Duggar's involvement with "Ashley Madison," acts of infidelity, or a supposed "addiction" to adult pornography is irrelevant to the charges pending in this case and therefore should not be admitted at trial. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see also* Fed. R. Evid.

401 (evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 (irrelevant evidence is inadmissible).

Here, whether Duggar was a member years before the alleged conduct in this case of a dating website for consenting adults, whether Duggar ever committed any acts of infidelity, and whether a press statement ever attributed to Duggar a so-called "addiction" to viewing adult pornography are not in any way relevant to whether Duggar committed the crimes pending in this case. To be clear, the "Ashley Madison" website and allegations of adultery understandably trigger emotional reactions based on underlying moral and ethical beliefs—but such allegations are in no way indicative of any illegal conduct and, moreover, they have no tendency to make it more or less likely that Duggar knowingly received or possessed alleged child pornography on three days in 2019. (*See* Doc. 1).

These allegations from years before are not relevant to any material issue and this Court should exclude such evidence. *See* Fed. R. Evid. 401 and 402.

> B. Even if Such Evidence Had Some Minimal Probative Value, Such Value Would be Substantially Outweighed by the Danger of Unfair Prejudice

Allowing the admission of evidence concerning alleged adultery and a supposed "addiction" to viewing adult pornography would be extremely and unfairly prejudicial to Duggar. Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

If the jury learns of allegations that Duggar was in some way unfaithful to his wife or had a supposed "addiction" to viewing adult pornography, an unacceptable risk exists that the jury will

convict him in this case, not because the Government has proven him guilty of the crimes charged beyond a reasonable doubt, but because the jury will improperly conclude that these unrelated allegations against Duggar somehow make it more likely that he committed the charged offenses in this case. Based on moral and ethical beliefs held by certain jurors as to allegations of adultery and/or legal adult pornography, there is a very real danger of unfair prejudice that far outweighs any probative value.

Furthermore, permitting the jury to consider this evidence would confuse and mislead the jury and would needlessly waste time. Without question, the unfair prejudice from evidence of Duggar's alleged infidelity and ostensible "addiction" to viewing adult pornography substantially outweighs any probative value of such evidence. As such, this Court should enter an Order excluding it from trial.

### III.   Conclusion

Based on the foregoing, Duggar respectfully requests that this Court grant this motion, entering an order preventing the Government from presenting any evidence relating to "Ashley Madison," alleged adultery, or Duggar's supposed "addiction" to viewing adult pornography.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ *Justin K. Gelfand*
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

4

*--- and ---*

**Story Law Firm, PLLC**

<u>*/s/ Travis W. Story*</u>
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (877) 245-0107
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice
