**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21-CR-50014-001** |
| | ) | |
| **JOSHUA JAMES DUGGAR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO**
**EXCLUDE EVIDENCE OF JUVENILE ALLEGATIONS**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, 403, and 404, respectfully moves this Court to enter an order prohibiting the Government and any witnesses called by the Government from eliciting any evidence or argument, whether testimonial, documentary or demonstrative, of any kind whatsoever, with respect to certain allegations concerning Duggar when he was a juvenile.

**I.      Background**

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). Duggar has pleaded not guilty to both counts.

In discovery, the Government disclosed to Duggar a Springdale, Arkansas Police Department Offense Report dated December 7, 2006 that was obtained from an entertainment tabloid publication. The Report appears to memorialize an investigation conducted of allegations of sexual misconduct lodged against Duggar when he was a juvenile. The Report notes that the allegations were alleged to have occurred more than three years prior to the date on which the

Report was drafted. Thus, the allegations referenced in the report are more than 18 years old, allegedly occurred at a time when Duggar was a minor, and never led to any charges or convictions.

Furthermore, it appears that the only reason this Report is in the Government's possession is because it was unlawfully leaked to the media several years ago. Specifically, in May 2015, a law firm purporting to represent a magazine filed a Freedom of Information Act ("FOIA") request seeking all files related to, or mentioning, Duggar. The Report was made a part of the disclosures to the magazine pursuant to the FOIA request. However, under Arkansas law, this was not permitted. In Arkansas:

> Any data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Division of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 *et seq*.

Ark. Code Ann. § 12-18-104(a). Because the Report was created by the Arkansas State Police and was an investigation concerning children, it should not have been disclosed pursuant to a FOIA request.

However, this Court need not resolve the legality of the release of this information to rule on this motion. There is no question the allegations at issue arise at a time when Duggar was a minor and the allegations at issue in this case arise at a time when Duggar was in his 30's. Furthermore, there is no question Duggar was never charged with a crime related to those allegations.

Thus, regardless of whether this information was released pursuant to or in violation of the law, the bottom line remains that any evidence related to such allegations while Duggar was a minor are entirely irrelevant and unfairly prejudicial and this Court should enter an Order excluding such evidence.

2

## II.      Discussion

Despite the fact that the indictment focuses on a three-day period in May 2019 and focuses entirely on computer crimes, the Government seeks to introduce allegations arising when Duggar was a teenager that have nothing to do with computer-based conduct. Moreover, the allegations at issue never led to any criminal charges or convictions of any kind. Evidence concerning such allegations are therefore irrelevant and inadmissible under Federal Rules of Evidence 401, 402, and 404. However, even to the extent this Court somehow were to determine this evidence to have any minimal probative value, any such value would be substantially outweighed by the danger of unfair prejudice and the evidence should, therefore, be excluded pursuant to Rule 403.[1]

### A.      Evidence Concerning the Juvenile Allegations is Not Relevant and is, Therefore, Inadmissible

Any evidence relating in any way to juvenile allegations against Duggar is irrelevant to the charges currently pending against Duggar and therefore should not be admitted. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see also* Fed. R. Evid. 401 (evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed. R. Evid. 402 (irrelevant evidence is inadmissible).

---

[1] The defense will respond to the Government's misguided Federal Rule of Evidence 414 argument when responding to the Government's motion *in limine* concerning this subject matter as the Government's motion filed today constitutes the first such notice pursuant to the rule. However, as a matter of law, Rule 414 evidence remains subject to Rule 403. *See, e.g., United States v. Castillo*, 140 F.3d 874, 883 (10th Cir.1998) (noting that "[a]pplication of Rule 403 ... should always result in the exclusion of evidence" that is so prejudicial as to deprive the defendant of his right to a fair trial, and that "application of Rule 403 to Rule 414 evidence eliminates the due process concerns posed by Rule 414"); *see also United States v. Mound*, 149 F.3d 799, 800–02 (8th Cir.1998) (concluding that Rule 413 passes constitutional muster if Rule 403 protections remain in place).

The existence of juvenile allegations—which did not lead to charges, much less convictions—does not have any tendency to make it more or less likely that Duggar committed the crimes with which he presently stands accused. Specifically, an allegation concerning alleged conduct by Duggar as a juvenile sheds no light on whether Duggar knowingly received or possessed alleged child pornography on three days in 2019 as the indictment alleges.

Nor is this evidence admissible under Rule 404(b)(2). First, until filing its motion *in limine* concerning this subject matter, the Government has not expressly provided notice that it intends to offer such evidence. *See* Fed. R. Evid. 404(b)(2)(A) and (B) (requiring prosecutor to provide notice before trial of government's intent to use such evidence). Moreover, this type of evidence can be admitted only if it serves a purpose other than proving the defendant's character, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, the evidence of prior crimes, wrongs, or acts "must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value." *United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004) (admission of prior crimes evidence was error). *See also United States v. Carroll*, 207 F.3d 465 (8th Cir. 2000) (error to admit, in defendant's trial for armed robbery, evidence of an armed robbery committed by the defendant ten years earlier).

In this case, any allegations regarding alleged conduct by Duggar as a juvenile are not relevant to any material issue, are not similar in kind, and are remote in time to the charged crimes. Accordingly, evidence of the juvenile allegations should be excluded pursuant to Rule 404(b).

B.      Underline Evidence Concerning the Juvenile Allegations Has No Probative Value, But Even if this Court Determines Otherwise, Such Value Would be Substantially Outweighed by the Danger of Unfair Prejudice to Duggar

Evidence of the juvenile allegations would be extremely and unfairly prejudicial to Duggar. Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Like all other evidence, evidence admissible under Rule 404(b) is still subject to analysis under Rule 403, which allows admission unless the evidence's unfair prejudice substantially outweighs its probative value." *Carroll*, 207 F.3d at 467.

If the jury were to hear about the allegations lodged against Duggar when he was a minor, an unacceptable risk exists that the jury would convict him in this case, not because the Government has proven him guilty of the crimes charged beyond a reasonable doubt, but because the jury would improperly conclude that the prior allegations against Duggar somehow make it more likely that he committed the charged offenses in this case. "Our criminal justice system has long forbidden juries from convicting an individual, not for facts which prove the charged offense, but for prior acts that, at best, show a criminal propensity." *Id.* at 470. Further, allowing the jury to consider this evidence would confuse and mislead the jury, and would needlessly waste time in a mini-trial in a federal courtroom nearly two decades later about allegations that are not charged in this case and that have never been charged in any case.

Because the danger of unfair prejudice from evidence of the juvenile allegations against Duggar substantially outweighs any probative value of such evidence, this Court should exclude it pursuant to Federal Rule of Evidence 403.

### III.  Conclusion

Based on the foregoing, Duggar respectfully requests that this Court grant this motion, entering an order prohibiting the Government from presenting any evidence relating to the juvenile allegations.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
**Admitted Pro Hac Vice*

--- *and* ---

**Story Law Firm, PLLC**

/s/ Travis W. Story
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (877) 245-0107
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*\*Admitted Pro Hac Vice*