IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-CR-50014-001 |
| ) | |
| JOSHUA JAMES DUGGAR, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully invokes the rule on witnesses and moves this Court to sequester witnesses pursuant to Federal Rule of Evidence 615.

**I.  Background**

Duggar is charged in a two-count indictment alleging one count of receipt of child pornography and one count of possession of child pornography. (Doc. 1). The allegations concern a particular timeframe in May 2019. (*See id*.). Duggar has pleaded not guilty to both counts.

**II.  Discussion**

Duggar hereby invokes the rule on witnesses and requests that this Court "order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony"). Duggar also respectfully requests that this Court's order also prohibit the Government and/or its witnesses from talking to witnesses who are sequestered about the trial or other witnesses' testimony prior to or during their testimony.

"The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty." *United States v. Vallie*, 284 F.3d 917, 921 (8th Cir. 2002). "Rule 615 codified a well-established common law tradition of sequestering witnesses as a means of discouraging and exposing fabrication, inaccuracy, and collusion." *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995) (citations and quotations omitted). "[S]equestration helps to smoke out lying witnesses: It is now well recognized that sequestering witnesses is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice." *United States v. Rhynes*, 218 F.3d 310, 317–18 (4th Cir. 2000) (internal quotation marks and citations omitted); *see also United States v. Rugiero*, 20 F.3d 1387, 1392 (6th Cir. 1994) (purpose of broad sequestration rule is "to preclude coaching or the influencing of a witness' testimony by another witness"). Federal Courts of Appeal have expanded the principle broadly, interpreting a witness's consultation of the trial testimony of another witness to constitute a violation of the district court's Rule 615 sequestration order. *See, e.g., United States v. Jiminez*, 780 F.2d 975, 980 (11th Cir. 1986).

"While the purpose of the rule is apparent; its purview is not. Circuits have split on the question of whether the scope of Rule 615 extends beyond the courtroom to permit the court to preclude out-of-court communication between witnesses about the case during trial." *United States v. Solorio*, 337 F.3d 580, 592 (6th Cir. 2003) (internal quotation marks and citation omitted). It appears that the Eighth Circuit has not explicitly weighed in on this matter. However, the Eighth Circuit has "implicitly…recognized that sequestration violations are not limited to situations where a witness is present in the courtroom while another witness is testifying." *See United States v. Engelmann*, 701 F.3d 874, 878 (8th Cir. 2012) (explaining that "it would be illogical to hold that [a special agent], excluded from the courtroom pursuant to a sequestration order, could wait

outside the courtroom doors and then discuss with [another agent] the testimony which [that other agent] had just given").

This Court should adopt the broad view of Rule 615 and the Rule of Sequestration based on its common law origins and its aid to the truth-finding process.

Indeed, some courts have concluded that Rule 615 will be frustrated if a sequestration order does not automatically include an instruction that the witnesses are not to discuss the case outside of the trial. *See United States v. Johnston,* 578 F.2d 1352, 1355 (10th Cir. 1978) (concluding that Rule 615 must be interpreted to extend to communications outside the courtroom because failing to apply the Rule this way allows witnesses to "indirectly defeat its purpose by discussing testimony they have given and events in the courtroom with other witnesses who are to testify"); *see also United States v. Prichard*, 781 F.2d 179, 183 (10th Cir. 1986) ("sequestration order pursuant to Fed. R. Evid. 615 requires not only that witnesses be excluded from the courtroom, but that witnesses also refrain from discussing their testimony outside the courtroom").

While not expressly ruling on the issue, the Fourth, Fifth, and Sixth Circuits have indicated that they prefer the approach Duggar advocates here. *See e.g., United States v. Milanovich*, 275 F.2d 716 (4th Cir. 1960), *rev'd in part on other grounds* 365 U.S. 551 (1961); *United States v. McMahon*, 104 F.3d 638 (4th Cir. 1997); *United States v. Womack*, 654 F.2d 1034 (5th Cir. 1981); *United States v. Green*, 293 F.3d 886 (5th Cir. 2002); *United States v. Rugiero,* 20 F.3d 1387 (6th Cir. 1994); *United States v. Solorio*, 337 F.3d 580 (6th Cir. 2003).

In *McMahon*, the Fourth Circuit reaffirmed its view on Rule 615 where a criminal defendant was charged with criminal contempt for violating a Rule 615 order. *McMahon*, 104 F.3d at 644. There, the defendant asserted that he was only instructed to stay out of the courtroom during his son's trial and that the Rule 615 order was not violated when he read notes taken by his

secretary at the trial. *Id*. The Fourth Circuit rejected this argument and affirmed the district court's conclusion that "an instruction that he could not circumvent the sequestration order by reviewing trial transcripts would simply have stated the obvious... The Defendant knew about the sequestration order and understood its scope." *Id*. Accordingly, the *McMahon* court held that the witness willfully violated a Rule 615 order by obtaining communications about the trial, even though the judge had not expressly instructed him on this issue.

Furthermore, the Supreme Court has indicated support for the approach here advocated. In *Perry v. Leeke*, 488 U.S. 272 (1989), the Court stated that it is common for a witness to be told to refrain from discussing his testimony with anyone until after the end of trial. Such orders are viewed as:

> [A] corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.

*Id*. at 281-82. The Supreme Court cited the Tenth Circuit opinions of *Johnston, supra,* and *United States v. Greschner*, 802 F.2d 373 (10th Cir. 1986), noting that these cases held that Rule 615 extends beyond the courtroom. *Perry,* 488 U.S. at 281-82. Additionally, the Supreme Court quoted the Fourth Circuit's *Milanovich* decision:

> [O]rdinarily, when a judge exercises his discretion to exclude witnesses from the courtroom, it would seem proper for him to take the further step of making the exclusion effective to accomplish the desired result of preventing the witnesses from comparing the testimony they are about to give. If witnesses are excluded but not cautioned against communicating during the trial, the benefit of the exclusion may be largely destroyed.

*Id*. at n.4 (quoting *Milanovich,* 275 F.2d at 720). Accordingly, this Court should adopt the broad approach in construing Rule 615.

This is particularly important in this case given the nature of the allegations and the significance of prior statements certain witnesses allegedly made. For fairness, it is important that each witness's testimony not be influenced by what transpires in the courtroom during trial.

### III. Conclusion

Based on the foregoing, Duggar respectfully requests that this Court sequester witnesses pursuant to Federal Rule of Evidence 615 and prohibit the Government and/or its witnesses from talking to witnesses who are sequestered about the trial or other witnesses' testimony prior to or during their testimony, and for such other and further relief as is just and equitable in this matter.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice

--- and ---

**Story Law Firm, PLLC**

/s/ Travis W. Story
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (877) 245-0107
travis@storylawfirm.com
greg@storylawfirm.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

                                            */s/ Justin K. Gelfand*
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice*