## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case No. 5:21-CR-50014-001 |
| ) | |
| **JOSHUA JAMES DUGGAR** ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615**

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, and William G. Clayman, Trial Attorney for the United States Department of Justice, and for its Response to the Defendant's "Motion in Limine to Sequester Witnesses Pursuant to Federal Rule of Evidence 615" (Doc. 73), states:

### I.   BACKGROUND

The defendant, Joshua James Duggar, is charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). This case is currently set for trial on November 30, 2021. On November 3, 2021, the defendant filed a motion requesting this Court enter an expansive order sequestering witnesses during trial, and specifically requesting that the Government—but not the defense—be prohibited from speaking with its own witnesses during trial. (Doc. 73, p. 5).

### II.   SEQUESTRATION OF WITNESSES

Pursuant to Federal Rule of Evidence 615, "[s]equestration of most witnesses is mandatory when requested, but the district court is granted wide latitude in implementing sequestration

orders[.]" *United States v. Collins*, 340 F.3rd 672, 680 (8th Cir. 2003). Consequently, if the defendant desires to invoke "the rule" regarding witness sequestration, that is his right and the Government has no objection.[1] However, the Government does oppose defense counsel's assertion that this Court should deviate from its standard practice and adopt a more expansive interpretation of Rule 615 that is not required by, and to the degree described below, contrary to the controlling authority of this Circuit.

Federal Rule of Evidence 615 requires that: at a party's request, the court shall "order witnesses excluded so that they cannot hear other witnesses' testimony." However, this rule has traditionally been interpreted by the Eighth Circuit narrowly to only reach the actual courtroom presence of witnesses. *United States v. Engelmann*, 701 F.3d 874, 879 (8th Cir. 2012) (Gruender, J., Dissenting) (citing cases). Notably, "[t]his rule does not by its terms forbid an attorney from conferring with witnesses during trial." *United States v. Calderin-Rodriguez*, 244 F.3d 977, 984 (8th Cir. 2001); *see also United States v. Smith*, 578 F.3d 1227, 1235 (8th Cir. 1978) (finding no violation of Rule 615 or court's sequestration order where a police officer took notes during the trial and relayed them to witnesses waiting to testify); *United States v. Kindle*, 925 F.2d 272, 276 (8th Cir. 1991) ("The record does not indicate that the trial court's sequestration order prohibited agent-witness contact and such order need not do so to meet the requirements of Rule 615."). In fact, the Eighth Circuit has previously held that Rule 615 "does not authorize trial courts to prevent executive branch officials from conferring with their witnesses." *United States v. Stewart*, 878 F.2d 256, 259 (8th Cir. 1989) (holding Federal Rule of Evidence 615… does not authorize trial

---

[1] The Government does intend, however, for the case agent to sit at counsel's table as a designated representative of the United States during trial and may call that agent as a witness during the Government's case-in-chief, consistent with Eighth Circuit precedent. *See United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992) (finding no error in permitting case agent to sit at counsel's table and then testify and describing the decision as "left to the trial court's discretion").

courts to prevent executive branch officials from conferring with their witnesses).  Other courts have similarly rejected the defendant's reading of Rule 615. *See United States v. Rhynes*, 218 F.3d 310, 316–18 (4th Cir. 2000) ("[T]he relevant authorities interpreting Rule 615, including court decisions and the leading commentators, agree that sequestration orders prohibiting witnesses should, and do, permit witnesses to discuss the case with counsel for either party.").

In support of his instant motion, the defendant sets forth only a vague notion that a more expansive reading of Rule 615 is necessary, citing "the nature of the allegations and the significance of prior statements certain witnesses allegedly made." (Doc. 73, p.5). The defendant does not elaborate on what, specifically, about the "nature of the allegations" in this case warrant such a restrictive reading of Rule 615.  Indeed, the statements of witnesses are "significant" in virtually all criminal trials, and the defendant fails to provide any case-specific reasons for this Court to deviate from its normal sequestration practice. As to the defendant's specific request for an order prohibiting only the "Government … from talking to [their own] witnesses," (Doc. 73, p. 5), this request is contrary to the above-cited Eighth Circuit precedent and should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this honorable Court follow its standard and customary practice with regard to witness sequestration. To the extent the defense is requesting the Government be prohibited from speaking with its own witnesses during trial, the Government asks this Court to deny the defendant's request as it is contrary to controlling authority.

Respectfully submitted,

By: /s/ Dustin Roberts
Dustin Roberts
Assistant United States Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR 72901
Office: 479-249-9034

/s/ Carly Marshall
Carly Marshall
Assistant United States Attorney
Arkansas Bar No. 2012173
414 Parker Avenue
Fort Smith, AR 72901
Office: 479-249-9034

AND

/s/ William G. Clayman
William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

/s/ Dustin Roberts
Dustin Roberts
Assistant United States Attorney