IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case No. 5:21-CR-50014-001 |
| | ) | |
| **JOSHUA JAMES DUGGAR** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE OPINION TESTIMONY**

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, and William G. Clayman, Trial Attorney for the United States Department of Justice, and for its Response to the defendant's "Motion in Limine to Exclude Improper Opinion Testimony," (Doc. 70), states:

The defendant, Joshua James Duggar, is charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). This case is currently set for trial on November 30, 2021.

On November 3, 2021, the defendant filed a motion to exclude "the Government from presenting any evidence relating to any opinion characterizing child pornography." (Doc. 70 at p. 5). The defendant's motion focuses on a statement made during the detention hearing in this matter, in which the testifying agent described a certain series of child sexual abuse material ("CSAM") as among the worst CSAM he has ever seen. *Id.* at 1. The defendant argues that testimony of this nature should be excluded as irrelevant under Federal Rules of Evidence 401 and 402, unfairly prejudicial under Rule 403, and improper expert testimony under Rule 701. *Id.* at 2– 5.

The United States does not intend to elicit any testimony in its case in chief suggesting that the CSAM recovered from the defendant's computer is "worse" than any other CSAM. To the extent the defendant is seeking to exclude some other testimony, however, the Government opposes the defendant's motion. The defendant has not identified any other allegedly improper opinion testimony that he believes should be excluded, nor has he provided any explanation for why such unidentified testimony should be excluded under any of the Federal Rules of Evidence. Accordingly, if the defendant is seeking to exclude some other testimony beyond testimony that the CSAM found on his computer is "worse" than other CSAM, his motion is inadequately briefed and premature, at best, and should therefore be denied.

        Respectfully submitted,

        DAVID CLAY FOWLKES
        ACTING UNITED STATES ATTORNEY

By:   /s/ Dustin Roberts
        Dustin Roberts
        Assistant United States Attorney
        Arkansas Bar No. 2005185
        414 Parker Avenue
        Fort Smith, AR 72901
        Office: 479-249-9034

        /s/ Carly Marshall
        Carly Marshall
        Assistant United States Attorney
        Arkansas Bar No. 2012173
        414 Parker Avenue
        Fort Smith, AR 72901
        Office: 479-249-9034

        AND

/s/ *William G. Clayman*
William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

/s/ *Dustin Roberts*
Dustin Roberts
Assistant United States Attorney