**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 5:21-CR-50014-001 |
| | ) | |
| **JOSHUA JAMES DUGGAR** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT FROM ATTRIBUTING THE ACT OF PRODUCTION OF CORPORATE RECORDS TO DUGGAR**

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, and William G. Clayman, Trial Attorney for the United States Department of Justice, and for its Response to Defendant's Motion in Limine to Prohibit the Government from Attributing the Act of Production of Corporate Records to Duggar (Doc. 69), states:

**I.    BACKGROUND**

The defendant, Joshua James Duggar, is charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  At trial, the Government anticipates introducing evidence that Duggar committed these offenses while on the premises of Wholesale Motorcars, a business operated by Duggar and owned by Fivestone Group, LLC.

In April 2020, during the pendency of its investigation, the grand jury issued a subpoena to Fivestone Group, LLC, d/b/a Wholesale Motorcars (hereinafter "Fivestone").  The subpoena sought the following records:

> Any and all records for WHOLESALE MOTORCARS pertaining to employees and/or contractors of the business WHOLESALE MOTORCARS for the time period to include January 1, 2019 through and including December 31, 2019.  Records

should include, but are not limited to, employees and/or contract employees hired whether full time or part time; applications for employment; contracts for performance of work and the scope of work to be done; 1099s issued; names, social security numbers and addresses of employees and or contract employees; copies of paychecks issued to employees; copies of payments made to contract employees; work schedules; Wage and Tax Statements (W-2) issued; daily, weekly or monthly time sheets and work assignments for employees.

The subpoena was issued to the attention of Travis Story, who was the registered agent for Fivestone, as indicated by records maintained by the Arkansas Secretary of State and publicly-available on its website. The subpoena was served on Story on April 10, 2020. A cover letter, dated April 9, 2020 and directed to Story's attention, was included with the subpoena. In the letter, Fivestone was informed that, in lieu of personal appearance before the grand jury, it could comply with the subpoena by returning the requested records to a designated Homeland Security Investigations special agent, provided that a written waiver of grand jury appearance was executed.

On May 5, 2020, Fivestone, through Story, provided the designated HSI Special Agent with Fivestone's production of records in response to the subpoena. In addition to the requested records, Fivestone, through Story, provided a Waiver of Appearance and Receipt for Records (the "waiver"), dated May 5, 2020, and signed by Duggar. In the waiver, Duggar was identified as a custodian of records for Fivestone, and he represented that the records produced were "all the requested records." Fivestone, through Story, also returned a Certificate of Authenticity of Domestic Business Records Pursuant to Federal Rule of Evidence 902(11) (the "certificate"). The certificate was executed and signed by Duggar. In it, Duggar represented under penalty of perjury that he was an employee of Fivestone Group, LLC, d/b/a Wholesale Motorcars; that he was a member of Fivestone Group, LLC; and that he was "a custodian" of records for Fivestone. Duggar made further representations in the certificate with respect to Fivestone and the records produced in order to satisfy Rule 902(11) of the Federal Rules of Evidence.

On November 3, 2021, Duggar filed a motion seeking to prohibit the Government from attributing Fivestone's production of the records to Duggar during trial. (Doc. 69). Specifically, Duggar requests the Court to limit testimony "to state that such records were provided in response to a corporate summons or subpoena served on the entity" and that such records were not produced by Duggar individually. *Id*. To resolve this issue, the Government proposed entering a stipulation at trial that the records were produced by Fivestone Group, LLC d/b/a Wholesale Motorcars and that they are the true, accurate and complete employee pay records of Wholesale Motorcars from 2019. The Government is awaiting a final response on this proposal.

## II.    ARGUMENT

In support of his requested relief, Duggar relies on the act of production privilege referenced in in *Braswell v. United States*, 487 U.S. 99 (1988). In that case, a grand jury subpoenaed business records from two corporate entities which were owned by a single shareholder named Braswell and which were operated by Braswell as president of the entities. *Id*. at 101. Although Braswell's wife and mother served as officers and directors of the corporate entities, neither had any authority over the business affairs of either entity. *Id*. Braswell sought to quash the grand jury's subpoena on grounds that the corporate entities were in effect "so small" that they "constitute[] nothing more than his "alter ego," and thus his "act of producing the documents has independent testimonial significance, which would incriminate him individually, and that the Fifth Amendment prohibits Government compulsion of that act." *Id*. at 102-103.

After reviewing several cases, the Supreme Court held that "a corporate custodian is not entitled to resist a subpoena on the ground that his act of production will be personally incriminating[.]" *Id*. at 117. This is because "the custodian of corporate or entity records holds those documents in a representative rather than a personal capacity," *Id*. at 109-110, and because

"a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the Government." *Id*. at 110. Thus, "under those circumstances, the custodian's act of production is not deemed a personal act, but rather an act of the corporation." *Id*.

As Duggar notes in his motion, the Supreme Court in *Braswell* did recognize "that certain consequences flow from the fact that the custodian's act of production is one in his representative rather than personal capacity," namely, that the "individual act" of producing the records in response to the subpoena may not be used against the custodian in a later criminal prosecution. *Id*. at 117-18. However, the Supreme Court also made clear that "the Government has the right…to use the corporation's act of production against the custodian," and the Court offered several examples in that regard. *Id*. at 118

The Supreme Court first observed that the Government may "offer testimony—for example, from the process server who delivered the subpoena and from the individual who received the records—establishing that the corporation produced the records subpoenaed." *Id*. The Supreme Court also observed that "[t]he jury may draw from the corporation's act of production the conclusion that the records in question are authentic corporate records, which the corporation possessed, and which it produced in response to the subpoena." *Id*. Finally, the Supreme Court recognized that "if the defendant held a prominent position within the corporation that produced the records, the jury may, just as it would had someone else produced the documents, reasonably infer that he had possession of the documents or knowledge of their contents." *Id*.

In Duggar's case, if the Defendant is in agreeance with the Government's proposed stipulation, the Government agrees it will not elicit testimony that Duggar individually produced the Fivestone/Wholesale Motorcars business records in response to the subpoena, unless Duggar

opens the door to such testimony at trial.  For example, Duggar might attempt to falsely suggest to the Court or to the jury that the records produced in response to the subpoena were incomplete or inauthentic, or he might provide testimony that opens the door to cross-examination or rebuttal evidence that he individually produced the records.  Moreover, in accordance with *Braswell*, the Government reserves the right to seek to introduce any and all other relevant testimony and evidence pertaining to Fivestone/Wholesale Motorcars.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court defer ruling on the defendant's motion until the pre-trial conference to see if the parties can reach an agreement on a joint stipulation that will resolve the defendant's motion.  Should the parties be unable to reach an agreement, the Government will promptly notify the Court.

                                Respectfully submitted,

                                DAVID CLAY FOWLKES
                                ACTING UNITED STATES ATTORNEY

By:    */s/ Dustin Roberts*
        Dustin Roberts
        Assistant United States Attorney
        Arkansas Bar No. 2005185
        414 Parker Avenue
        Fort Smith, AR 72901
        Office: 479-249-9034

       */s/ Carly Marshall*
        Carly Marshall
        Assistant United States Attorney
        Arkansas Bar No. 2012173
        414 Parker Avenue
        Fort Smith, AR 72901
        Office: 479-249-9034

        AND

/s/ William G. Clayman

William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

/s/ Dustin Roberts

Dustin Roberts
Assistant United States Attorney
