IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-CR-50014-001 |
| ) | |
| JOSHUA JAMES DUGGAR, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO "ADMIT PRIOR STATEMENTS BY DEFENDANT"**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully opposes the Government's motion in limine to "admit prior statements made by defendant." (Doc. 66).

The Government's motion boils down to this: in 2015, Duggar allegedly stated he had an "addiction" to viewing adult pornography in a press release attributed to Duggar posted on "The Duggar Family" website; viewing adult pornography somehow constitutes "wrongful" conduct or a "prior bad act" even though adult pornography is protected under the First Amendment; and Duggar's alleged statement is somehow probative of whether he possessed or received child pornography between May 14 and May 16, 2019. This Court should reject the Government's position.

*First*, the statement—even if it can be attributed to Duggar as non-hearsay—is not relevant and is therefore inadmissible. *Second*, even if this Court were to conclude the statement has some minimal relevance, any such probative value is substantially outweighed by the danger of unfair prejudice and confusion, and the statement should therefore be excluded under Federal Rule of Evidence 403. *Third*, contrary to the Government's unsupported characterization, the statement

does not reflect "wrongful" conduct and is not admissible as a "prior bad act" in the United States where viewing adult pornography is generally constitutionally protected. Indeed, at its core, the Government's motion is ultimately predicated on the misguided suggestion that a purported interest in viewing adult pornography is somehow probative of whether a person knowingly received or possessed child pornography approximately four years later.

### I.     Relevant Background

Duggar is charged in a two-count indictment alleging one count of knowing receipt of child pornography and one count of knowing possession of child pornography. (Doc. 1). Duggar has pleaded not guilty to both counts.

In 2015, there was media coverage regarding the hack of a dating website which, according to media accounts, revealed Duggar as a subscriber. Duggar and his family were, at the time, television personalities. In response, a statement was published on "The Duggar Family" website and attributed to Duggar. The statement read, "[w]hile espousing faith and family values, I have secretly over the last several years been viewing pornography on the internet and this became a secret addiction and I became unfaithful to my wife." The Government seeks to introduce this statement at trial.

### II.    Discussion

This Court should deny the Government's request for a "pretrial ruling deeming admissible certain prior statements made by [Duggar] regarding an addiction to online pornography" (*see* Doc. 66 at 1) because it is entirely irrelevant; unfairly prejudicial, misleading, and confusing; and because such a statement does not constitute "wrongful conduct" (*see id.* ¶ 2) or a "crime[] or bad act[]" as the Government erroneously characterizes it (*see id.* at ¶ 10).

A. <u>The Statement is Not Relevant and is, Therefore, Inadmissible</u>

The Government contends that the statement attributed to Duggar is an "admission of a party opponent" and, therefore, is not hearsay pursuant to Federal Rule of Evidence 801(d)(2)(A). (*See* Doc. 66 at ¶ 7). However, even accepting, *arguendo*, that the statement does not constitute hearsay and even assuming the Government can properly attribute the statement to Duggar, the Government does not expressly argue that the statement is at all relevant to the crimes charged in this case. Federal Rule of Evidence 401 provides that evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 establishes that irrelevant evidence is inadmissible.

Rather than articulating how this alleged statement is somehow relevant, the Government instead argues that the computer at issue in this case had a program installed on it, "Covenant Eyes," which monitors users' internet activity and that the existence of this software on the computer is "explicable only by reference to the defendant's pornography addiction." (*See* Doc. 66 at ¶ 9). But the Government does not—and cannot—connect the dots.

Indeed, the Government makes no attempt to explain why the *only* explanation for this software is a statement allegedly made in 2015. Taken to its logical end, the Government seems to be asserting that anyone who uses Covenant Eyes has an "addiction" to pornography. However, the software can serve other purposes. For example, a person may choose to use Covenant Eyes to prevent accidental access to certain materials. Indeed, on its website, Covenant Eyes markets, among other things, the software's ability to help users and users' family members "avoid inappropriate search results."[1]

---

[1] *See* https://www.covenanteyes.com/services/ (last accessed November 8, 2021).

Ultimately, the statement is not in any way relevant to whether Duggar knowingly received or possessed child pornography in May 2019—and this Court should not permit the Government to turn this into a series of minitrials on alleged personal moral shortcomings that are in no way probative of whether Duggar committed the crimes charged. This is because even if Duggar had a self-described "addiction" to adult pornography in 2015—conduct which is in no way illegal—that is not probative as to whether he committed the crimes charged in 2019. Remarkably, and critically, the Government does not even argue to the contrary—instead focusing solely on the fact that the statement, if made by Duggar, does not constitute hearsay. (*See* Doc. 66 at ¶ 7).

Because a statement that Duggar was supposedly "addicted" to viewing adult pornography does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," this Court should exclude it. *See* Fed. R. Evid. 401.

        B.      <u>The Statement Has No Probative Value, But Even if this Court Determines Otherwise, Such Value Would be Substantially Outweighed by the Danger of Unfair Prejudice and Would Confuse and Mislead the Jury</u>

The Government plainly fails to pass the relevancy threshold for the admissibility of this statement. Moreover, the Government does not even acknowledge the inescapable fact that admission of this statement would result in unfair prejudice, confuse the issues, and mislead the jury. *See* Fed. R. Evid. 403 (relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

Some jurors will hold strong opinions about adult pornography—opinions arising out of personal, moral, or religious beliefs. As such, if the jury is permitted to hear that Duggar allegedly

4

had a supposed "addiction" to viewing adult pornography, the danger of unfair prejudice is real: the jury may improperly conclude that this entirely legal conduct somehow makes it more likely he committed the crimes charged in this case. Furthermore, permitting the jury to consider this evidence will confuse and mislead the jury and will needlessly waste time. *See United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002) ("'Unfair prejudice'...means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"); *see also United States v. Cody*, 114 F.3d 772, 777-78 (8th Cir. 1997) (finding trial court properly excluded evidence which would "confuse and mislead the jury").

The trial in this case should not devolve into a minitrial about whether Duggar had an "addiction" to adult pornography in 2015. Whether he did or did not is entirely irrelevant to whether he knowingly received or possessed child pornography in 2019 and the unfair prejudice and confusion caused by this evidence substantially outweighs any nominal probative value. As such, this Court should exclude it from trial under Federal Rules of Evidence 401, 402, and 403.

C. The Statement Does Not Constitute "Wrongful" Conduct

Relying on no authority whatsoever, the Government argues that Duggar's supposed "addiction" to viewing adult pornography somehow constitutes "wrongful conduct" as a matter of law. (*See* Doc. 66 at ¶ 8) ("evidence of the defendant's addiction to online pornography is admissible as *res gestae* evidence…'evidence of wrongful conduct other than the conduct at issue'") (quoting *United States v. Parks*, 902 F.3d 805, 813-14 (8th Cir. 2018)). This argument should be rejected outright by this Court.

While some people may find that viewing adult pornography is embarrassing or even undesirable and while others may find it totally acceptable, there is nothing inherently or legally "wrong" with this First Amendment protected conduct. *See, e.g.,* Black's Law Dictionary (11th

5

ed. 2019) (defining "wrongful conduct" as "[a]n act taken in violation of a legal duty; an act that unjustly infringes on another's rights"). That the Government is even arguing in 2021 that viewing adult pornography is "wrongful conduct" as a matter of law is as surprising as it is troubling. Because allegedly stating that one has an "addiction" to viewing adult pornography does not constitute "wrongful conduct," the Government's argument that this statement should be admitted as *res gestae* evidence necessarily fails.

Indeed, the Government itself concedes that a statement that one is "addicted" to pornography does *not* constitute wrongful conduct, explaining that "a publicly stated 'addiction' to pornography is akin to a statement of habit *as opposed to a prior bad act, crime, or wrongful conduct.*" (Doc. 66 at ¶ 7) (emphasis added).[2] After explaining that the statement is not "wrongful conduct" (*see id.*), the Government acknowledges that its argument fails unless this Court determines that the statement *is* wrongful conduct. (*See id.* at ¶ 8) ("[a]s such if the defendant's prior statements regarding a 'pornography addiction' are viewed by this Court as prior 'wrongful conduct,' the statements remain admissible").

Ultimately, this Court should conclude that the statement does not constitute "wrongful conduct" as that term has legal significance and should, instead, conclude that the statement is entirely irrelevant, unfairly prejudicial, confusing, and misleading.

This Court should also reject the Government's assertion that evidence of Duggar's alleged statement concerning a supposed "addiction" to adult pornography is somehow "necessary to

---

[2] This Court should reject the Government's undeveloped, passing reference to "habit" as it finds no support in the law or the evidence. *First*, a party seeking to admit habit evidence must "establish the habitual nature of the alleged practice." *United States v. Newman*, 982 F.2d 665, 668 (1st Cir. 1992) (citing *Weil v. Seltzer*, 873 F.2d 1453, 1461 (D.C. Cir. 1989)). "[T]he regularity of the conduct alleged to be habitual rest on an analysis of instances 'numerous enough to [support] an inference of systematic conduct' and to establish 'one's regular response to a repeated specific situation.'" *Newman*, 982 F.2d at 668 (quoting *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 511 (4th Cir. 1977)). *Second*, even if the Government could somehow establish that Duggar actually had an "addiction" to adult pornography (as opposed to merely establishing that Duggar made such a statement), a "habit" of viewing adult pornography does not establish that one also had a "habit" of viewing child pornography.

provide 'the context in which the charged crime[s] occurred'" (Doc. 66 at ¶ 4) (quoting *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013). This argument fails for at least two reasons. As a threshold matter, the Government fails to explain how a supposed "addiction" to adult pornography in 2015 provides necessary context in this case for alleged child pornography crimes allegedly committed in May 2019. But even if the Government could somehow connect the dots compellingly, the Government's reliance on *Brooks* is misplaced as it stands only for the notion that "[e]vidence of other *wrongful conduct*…is admitted because the *other crime evidence* completes the story or provides a total picture of the charged crime." *Brooks*, 715 F.3d at 1076 (emphasis added). In this case, the statement at issue is neither "wrongful conduct" nor "other crime evidence." As such, the Government's reliance on the *res gestae* doctrine is entirely without merit.

      In a last-ditch effort to convince this Court to admit the statement, the Government asserts that it has a "right" to "fashion its own case and present a continuing, logical story to satisfy its ultimate burden." (Doc. 66 at ¶ 9) (quoting *United States v. Basham*, 789 F.3d 358, 386 (4th Cir. 2015)). But the Government's view of its supposed "right" is misplaced, especially when considered within the context of a criminal defendant's constitutional right to a fair trial consistent with the Federal Rules of Evidence. In fact, the authority on which the Government relies is entirely inapposite. In *Basham*, the Fourth Circuit noted that the defendant's lawyers' strategy to not object on Rule 403 grounds to certain evidence and cited *Old Chief v. United States* for the notion that "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense." *Old Chief v. United States*, 519 U.S. 172, 189 (1997). But Duggar is objecting on Rule 403 grounds to the admission of the statement and is not attempting to stipulate to any evidence to prevent the Government from

7

presenting the evidence. As such, neither *Brooks* nor *Old Chief* lends support to the Government's argument.

Finally, the Government also argues that absent admission of the statement, the Government will be unable to explain who allegedly installed the Covenant Eyes software on the computer at issue and why it was installed. (Doc. 66 at ¶ 9). But the Government again fails to connect the dots. Whether Duggar ever stated that he had an "addiction" to adult pornography or not does not establish "who installed the software and why." (*Id.*). This is a non sequitur.

### D. The Statement is Not Admissible Pursuant to Rule 404(b)

The Government curiously argues the statement is admissible pursuant to Rule 404(b) as it "provides motive, intent, knowledge, and identity." (Doc. 66 at ¶ 10). However, this position is belied by the Government's concession that "a publicly stated 'addiction' to pornography is akin to a statement of habit *as opposed to a prior bad act, crime, or wrongful conduct.*" (Doc. 66 at ¶ 7) (emphasis added).

The Government correctly acknowledges that "Federal Rule of Evidence 404(b) bars admission of a Defendant's *other crimes or bad acts* from being used as character evidence, while permitting *such evidence* to prove other factors such as motive, opportunity, intent, identity, preparation, plan, knowledge, or absence or mistake or accident." (Doc. 66 at ¶ 10) (emphasis added). The problem with the Government's argument, thus, is that a statement that one has a supposed "addiction" to adult pornography is not a "crime," or a "bad act, or a "wrong." (*See id.*). As such, this evidence is expressly barred by Federal Rule of Evidence 404(b).

### III. Conclusion

Based on the foregoing, Duggar respectfully requests that this Court deny the Government's motion in limine to "admit prior statements made by defendant."

Respectfully submitted,

**Margulis Gelfand, LLC**

/s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice*

--- and ---

**Story Law Firm, PLLC**

/s/ Travis W. Story
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

                                                    */s/ Justin K. Gelfand*
JUSTIN K. GELFAND, MO Bar No. 62265\*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
\**Admitted Pro Hac Vice*