IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-CR-50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO "ADMIT EVIDENCE OF THE DEFENDANT'S PRIOR CHILD MOLESTATION CONDUCT"**

Defendant Joshua James Duggar ("Duggar"), by and through undersigned counsel, respectfully opposes the Government's motion in limine to "admit evidence of the defendant's prior child molestation conduct." (Doc. 68).

At its core, the Government seeks to turn a trial about whether Duggar knowingly received or possessed child pornography during a 3-day period in May 2019 into a series of minitrials concerning whether Duggar violated an Arkansas law approximately 18 years ago when he was a child despite never being charged or convicted. The Government's motion should be denied for at least five independent reasons, any of which alone necessitates denial and which, collectively, speak volumes.

First, to grant the relief the Government seeks will create the need for minitrials concerning conduct that allegedly occurred nearly two decades ago to determine whether the conduct actually occurred *and* whether the conduct constituted "child molestation" for purposes of Federal Rule of Evidence 414.

Second, the Government has failed to comply with Rule 414(b)'s disclosure requirements as it has not provided Duggar "witnesses' statements or a summary of the expected testimony" with respect to the conduct that allegedly occurred nearly 20 years ago.

Third, while Rule 414 theoretically permits the introduction of evidence related to prior acts of "child molestation"—if this Court were to theoretically conclude that the alleged prior acts occurred *and* that the alleged conduct constituted "child molestation" *and* that the Government has complied with its disclosure requirements related to the prior acts—this Court must still conduct an analysis pursuant to Rule 403 to determine whether any minimal probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusion, or a risk of misleading the jury. Because such dangers do substantially outweigh the probative value of the evidence the Government seeks to introduce, this Court should exclude it.

Fourth, the uncharged allegations are not admissible pursuant to Rule 404(b) as the allegations are nothing more than an attempt by the Government to prove that Duggar acted in accordance with a character or trait, and because the uncharged allegations are not relevant to a material issue, are overly remote in time, and are not supported by sufficient evidence. *See United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004).

Fifth, the Government's allegations stem from a heavily redacted police report, dated December 7, 2006, that was unlawfully obtained by an entertainment tabloid publication and the Government disclosed the tabloid publication's report in discovery as opposed to any traditional law enforcement record, presumably because a state judge ordered the juvenile records destroyed.

I.   **Relevant Background**

Duggar is charged in a two-count indictment alleging one count of knowing receipt of child pornography and one count of knowing possession of child pornography. (Doc. 1). Duggar has

pleaded not guilty to both counts.

In discovery, the Government disclosed to Duggar a heavily redacted Springdale, Arkansas Police Department Offense Report dated December 7, 2006, that was obtained from an entertainment tabloid publication. The Report appears to memorialize an investigation conducted concerning allegations of sexual misconduct lodged against Duggar when he was a child. The Report notes that the allegations were alleged to have occurred more than three years prior to the date on which the Report was drafted. Thus, the allegations referenced in the Report are more than 18 years old, allegedly occurred at a time when Duggar himself was a child, and never led to any charges or convictions.

Further, it appears that the only reason this particular Report is in the Government's possession is because it was unlawfully leaked to the media several years ago. Specifically, in May 2015, a law firm purporting to represent a magazine filed a Freedom of Information Act ("FOIA") request seeking all files related to, or mentioning, Duggar. The Report was made a part of the disclosures to the magazine pursuant to the FOIA request. However, under Arkansas law, this was not permitted. In Arkansas:

> Any data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Division of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 *et seq*.

Ark. Code Ann. § 12-18-104(a). Because the Report was created by the Arkansas State Police and was an investigation concerning children, it should not have been disclosed pursuant to a FOIA request.

However, this Court need not resolve the legality of the release of this information to rule on this motion. There is no question the allegations at issue arise at a time when Duggar was a

child and the allegations at issue in this case arise at a time when Duggar was in his 30's. Furthermore, there is no question Duggar was never charged with a crime related to those allegations.

## II. Discussion

This Court should deny the Government's motion for several, equally important reasons. Any of these justifications, individually, support denial of the Government's motion—collectively, these justifications overwhelmingly require denial of the Government's request.

> A. This Court Will Need to Conduct Minitrials to Determine Whether the Government Can Prove the Decades-Old, Uncharged Allegations Actually Occurred and Actually Constituted a Crime Under State Law

The Government asserts that the uncharged allegations occurred "approximately" in 2002 and 2003. (*See* Doc. 68 at 2). And the Government contends that the uncharged allegations constituted a crime as defined by Arkansas state law, specifically Arkansas Code § 5-14-125. (*See id.*). The Government makes these assertions as its entire argument that the uncharged allegations should be admitted at this trial crumbles absent a conclusion by this Court that the uncharged allegations amounted to a "crime under federal law or under state law." *See* Fed. R. Evid. 414(d)(2).

The problem with the Government's position, however, is that it is far from clear that the uncharged allegations actually constitute a crime under Arkansas state law. Section 5-14-125 provides, in relevant part, that an individual commits sexual assault in the second degree if he:

(5)(A) Being a minor, engages in sexual contact with another person who is:

    (i) Less than fourteen (14) years of age; and

    (ii) Not the person's spouse.

(B) It is an affirmative defense to a prosecution under this subdivision (a)(5) that the actor was not more than:

>> (i) Three (3) years older than the victim if the victim is less than twelve (12) years of age; or
>
> (ii) Four (4) years older than the victim if the victim is twelve (12) years of age or older[.]

Ark. Code Ann. § 5-14-125(a)(5)(A) – (B).

This is the only provision of the statute that could theoretically apply because, notwithstanding the Government's omission of this fact in its motion, Duggar was a child in "approximately 2002 and 2003" when this conduct allegedly occurred. (*See* Doc. 68 at 2). Furthermore, the evidence disclosed to Duggar by the Government related to these uncharged allegations creates more questions than answers. The Report is heavily redacted and, importantly, includes no names or dates of birth of anyone involved making it exceedingly difficult for anyone, much less this Court in ruling on the application of Rule 414, to determine whether Duggar actually committed the acts alleged in the Report *and* whether the conduct, if committed, constituted a crime, particularly in light of the affirmative defenses clearly set out in the statute.

This Court should reject the Government's request that it engage in minitrials in advance of trial so that the Government can attempt to convince this Court to admit evidence of uncharged, decades-old conduct that allegedly occurred when Duggar was a child.

### B. The Government Has Not Complied with Rule 414(b)'s Disclosure Requirements

Rule 414(b) provides, "[i]f the prosecutor intends to offer this evidence, the prosecutor *must* disclose it to the defendant, including witnesses' statements or a summary of the expected testimony. The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause" (emphasis added). Although the Government asserts that it has complied with these requirements and that its notice is timely (*see* Doc. 68 at n.1), the Government has not

5

disclosed, as the Rule requires, "witnesses' statements or a summary of the expected testimony." For this reason, too, this Court should exclude evidence of the uncharged allegations.

        C.        <u>The Probative Value of the Uncharged Allegations is Substantially Outweighed by a Danger of Unfair Prejudice, Confusion, or a Risk of Misleading the Jury</u>

The Eighth Circuit has made clear that the only reason Rule 414 does not constitute an unconstitutional violation of a defendant's due process rights, is because it is subject to the constraints of Rule 403. *See, e.g., United States v. Coutentos*, 651 F.3d 809, 819 (8th Cir. 2011) ("To determine whether [Rule 414] fails 'the due process test of fundamental fairness,' we consider whether 'the introduction of this type of evidence is so extremely unfair that its admission violates fundamental conceptions of justice.'" *United States v. Mound,* 149 F.3d 799, 801 (8th Cir. 1998) (citing *Dowling v. United States,* 493 U.S. 342, 352 (1990)). Other circuits have rejected similar facial attacks on the constitutionality of Rule 414 in light of the fact that Rule 414 is subject to the constraints of Rule 403. *See United States v. LeMay,* 260 F.3d 1018, 1031 (9th Cir. 2001) ("In sum, we hold that Rule 414 is constitutional and does not violate due process, equal protection, or any other constitutional guarantee."); *United States v. Charley,* 189 F.3d 1251, 1259 (10th Cir. 1999) ("We recently held that Rule 414 is not unconstitutional on its face, because Rule 403 applies to Rule 414 evidence, and application of Rule 403 ... should always result in the exclusion of evidence that is so prejudicial that it violates a defendant's due process right to a fair trial").

While the Government acknowledges that this Court must be convinced that any minimal probative value of the extremely-old uncharged allegations is not substantially outweighed by a danger of unfair prejudice or confusion of the issues, the Government fails to grapple with the fact that the uncharged conduct allegedly occurred at a time when Duggar himself was a child.

6

Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, the allegations against Duggar were never charged, allegedly occurred nearly 20 years ago, and occurred at a time when Duggar was a child. For these reasons, evidence concerning the uncharged ancient allegations is completely irrelevant. However, for these very same reasons, any marginal probative value that could be provided by the introduction of this evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, the risk that the jury will be misled, and it will waste time.

When reviewing the Government's motion, it is especially telling that the Government provides this Court with only a single citation to an out-of-Circuit, unpublished opinion in which a court appears to have admitted evidence that a defendant committed an act constituting "child molestation" when he was 16 years old. (*See* Doc. 68 at 9) (citing *United States v. Carino*, 368 F. App'x 929 (11th Cir. 2010)). It is not surprising that it is exceptionally rare that a court would admit the type of evidence the Government asks this Court to admit in this case—the danger of unfair prejudice and confusion is simply too great.

The probative value of acts allegedly committed by a child is, at best, minimal with respect to crimes allegedly committed more than 18 years later as an adult. Indeed, there is an abundance of scientific literature concluding that the brain is not even fully developed until early adulthood such that it is inherently erroneous to ascribe propensity within that construct. This is precisely why juvenile allegations—even those actually prosecuted unlike those the Government brings before this Court—remain sealed as a matter of law.

        D.       The Uncharged Allegations are Not Admissible Pursuant to Rule 404(b)

Evidence of the uncharged allegations can be admitted pursuant to Rule 404(b) only if it serves a purpose *other than* proving the defendant's character in an attempt "to prove that on a particular occasion the person acted in accordance with the character or trait." *See* Fed. R. Evid. 404(a)(1). However, the Government's lengthy argument concerning its request that this Court admit evidence of the uncharged allegations pursuant to Rule 414 makes clear that the Government seeks to admit this evidence for this exact purpose, which is expressly prohibited by Rule 404. Specifically, the Government seeks to admit this evidence "to establish the defendant's propensity to commit the charged child sex offense." (Doc. 68 at 3).

In addition to the disqualifying fact that the Government makes no attempt to disguise the fact that it seeks to admit evidence of the nearly twenty-year-old uncharged allegations to attempt to prove Duggar's propensity to commit the crimes he is alleged to have committed, it is clear that Rule 404(b) does not permit admission of the evidence the Government seeks to admit.

To be admissible under Rule 404(b), the evidence of prior crimes, wrongs, or acts "must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value." *United States v. Crenshaw*, 359 F.3d 977, 998 (8th Cir. 2004) (admission of prior crimes evidence was error) (citing *United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002)). *See also United States v. Carroll*, 207 F.3d 465 (8th Cir. 2000) (error to admit, in defendant's trial for armed robbery, evidence of an armed robbery committed by the defendant ten years earlier).

Here, the uncharged allegations are not relevant to a material issue. And the decades-old uncharged allegations are not similar in kind and are overly remote in time to the charged crimes.

Additionally, the uncharged allegations are not supported by sufficient evidence and any minimal probative value is substantially outweighed by a danger of unfair prejudice. As such, Rule 404(b) bars admission of this evidence. *See Crenshaw*, 359 F.3d at 998.

    E.  Evidence of the Uncharged Allegations Was Unlawfully Obtained

Finally, this information was unlawfully leaked to the media several years ago. Specifically, the police report was disclosed to an entertainment magazine pursuant to the FOIA request. However, under Arkansas law, this was not permitted, because:

> Any data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Division of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 *et seq.*

Ark. Code Ann. § 12-18-104(a). Because the Report was created by the Arkansas State Police and was an investigation concerning children, it should not have been disclosed pursuant to a FOIA request. And, but for the unlawful disclosure, the Government would not be in possession of the Report and would not be seeking to admit evidence of the Report at an entirely unrelated trial being conducted nearly 20 years after the allegations allegedly occurred. This Court should reject the Government's attempts to shoehorn this unlawfully obtained information into this trial.

**III. Conclusion**

Based on the foregoing, Duggar respectfully requests that this Court deny the Government's motion in limine to "admit evidence of the defendant's prior child molestation conduct."

Respectfully submitted,

**Margulis Gelfand, LLC**

/s/ Justin K. Gelfand
JUSTIN K. GELFAND, MO Bar No. 62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted Pro Hac Vice

--- and ---

**Story Law Firm, PLLC**

/s/ Travis W. Story
Travis W. Story, AR Bar No. 2008278
Gregory F. Payne, AR Bar No. 2017008
2603 Main Drive, Suite 6
Fayetteville, AR 72704
Telephone: (479) 448-3700
Facsimile: (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

                                                     */s/ Justin K. Gelfand*
                                                     JUSTIN K. GELFAND, MO Bar No. 62265*
                                                     7700 Bonhomme Ave., Ste. 750
                                                     St. Louis, MO 63105
                                                     Telephone: 314.390.0234
                                                     Facsimile: 314.485.2264
                                                     justin@margulisgelfand.com
                                                     *Counsel for Defendant*
                                                     **Admitted Pro Hac Vice*