IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:21CR50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JUVENILE ALLEGATIONS**

Comes now the United States of America, by and through Dustin Roberts and Carly Marshall, Assistant United States Attorneys for the Western District of Arkansas, and William G. Clayman, Trial Attorney for the United States Department of Justice, and for its Response to the defendant's "Motion in Limine to Exclude Evidence of Juvenile Allegations," (Doc. 72), states:

**I.     BACKGROUND**

The defendant, Joshua James Duggar, is charged in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  This case is currently set for trial on November 30, 2021.

On November 3, 2021, the defendant filed a motion seeking to exclude "any evidence or argument, whether testimonial, documentary or demonstrative, of any kind whatsoever, with respect to certain allegations concerning Duggar when he was a juvenile."  Doc. 72 at 1.  The allegations the defendant is referring to are the subject of the government's motion *in limine* to admit evidence of the defendant's prior child molestation conduct pursuant to Federal Rule of Evidence 414 and, independently, pursuant to Federal Rule of Evidence 404(b).  Doc. 68.  For the reasons that follow, the defendant's instant motion should be denied.

## II.     RESPONSE

The defendant seeks to exclude evidence that he was investigated for, admitted to, and received counseling for sexually molesting multiple minor girls and digitally penetrating at least one prepubescent minor girl. As more thoroughly outlined in the government's motion *in limine*, this conduct constitutes "child molestation" as that term is defined in Federal Rule of Evidence 414(d)(2). Doc. 68 at 2. Because the defendant is currently charged with a child molestation crime under Rule 414(d)(2), evidence of the defendant's prior child molestation conduct is admissible under Rule 414 for any purpose for which it is relevant, including to show "the defendant's propensity to commit such offenses" and his motive and intent to commit the charged crimes. *See United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001). And as the Eighth Circuit and other courts have explained, evidence of a defendant's molestation of minor girls—including, in this case, girls in the approximate age range of the victims depicted in the child sexual abuse material the defendant downloaded from the internet—is relevant to and highly probative of the defendant's knowing receipt and possession of child pornography. *See United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (upholding admission of decades-old evidence that the then-minor defendant sexually abused a younger victim as probative of defendant's "interest in underage girls" in possession-of-child-pornography case); *see also United States v. Libbey-Tipton*, 948 F.3d 694, 702 (6th Cir. 2020) ("It is logical to infer that Libbey-Tipton's preference for pornography depicting prepubescent girls would translate from his actions in the molestation of [a four-year-old] and serve as relevant evidence of whether it was Libbey-Tipton that downloaded the images.").

The defendant addresses Rule 414 only in passing in his instant motion, however, choosing to focus instead on the admissibility of his prior child molestation conduct under Rule 403 and Rule 404(b). Relying on *United States v. Crenshaw*, 359 F.3d 977 (8th Cir. 2004)—a murder-in-

aid-of-racketeering case in which the admission of a defendant's prior conviction for second-degree assault under Federal Rule of Evidence 404(b) was deemed harmless error—the defendant argues that evidence of his prior child molestation conduct is "not relevant to any material issue," "not similar in kind," and "remote in time to the charged crimes."[1]  Doc. 72 at 4.  The defendant also argues that the evidence is unfairly prejudicial under Rule 403.  *Id.* at 5.  The defendant is mistaken on all counts.

First, as explained in the government's motion *in limine*, (Doc. 68 at 9–10), evidence of the defendant's prior child molestation conduct is relevant to and highly probative of the defendant's intent, motive, identity, and absence of mistake in downloading and possessing the child sexual abuse material found on his computer.  Fed. R. Evid. 404(b) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."); *see also United States v. Stefanyuk*, 944 F.3d 761,764 (8th Cir. 2019) (noting that "Rule 404(b) is a rule of inclusion" and finding that evidence of a previous child pornography conviction was relevant under Rule 404(b) "to show motive, opportunity, knowledge, and absence of mistake" in a child pornography case); *United States v. Brumfield*, 686 F.3d 960, 963 (8th Cir. 2012) ("The testimony that Brumfield propositioned a minor to have sex with him and to help him produce child pornography was relevant to the material issues of Brumfield's knowledge and intent to possess child pornography."); *United States v. Russell*, 662 F.3d 831, 847 (7th Cir. 2011) (recognizing that "prior

---

[1] The defendant also appears to suggest that the fact that the prior child molestation conduct occurred when he was a minor somehow renders it inadmissible. Doc. 72 at 4.  That is incorrect. *See Emmert*, 825 F.3d at 909 (affirming admission under Rule 414 of evidence of sexual abuse that occurred when defendant was seventeen years old); *United States v. Carino*, 368 F. App'x 929, 929 (11th Cir. 2010) (affirming admission, in child pornography trial, of decades-old evidence that the defendant molested a minor when he was sixteen years old).

acts of molestation can be relevant to [defendant's] motive" under Rule 404(b) where "a defendant is charged an offense involving child pornography"); *United States v. Lieu*, 298 F. Supp. 3d 32, 55 (D.D.C. 2018) ("[L]ike possession of child pornography, a prior act of molestation demonstrates a prurient interest in children, and courts have frequently admitted evidence of such acts under Rule 404(b) in cases involving charges of child pornography[.]").

Second, courts across the country have found that evidence of a defendant sexually abusing a child is similar enough to warrant admission under both Rule 404(b) and Rule 414 in cases involving child-pornography offenses. *See Emmert*, 825 F.3d at 909 (noting in the context of Rule 414 that the defendant's "sexual abuse and child pornography victims were similar in age" and finding evidence of decades-old acts of sexual abuse admissible in child-pornography case); *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (noting that evidence of defendant's molestations, admitted through Rule 404(b), and the child-pornography charges "were similar in character"); *United States v. Wellman*, 1:08-cr-00043, 2009 WL 159301, at *5 (S.D.W. Va. Jan. 20, 2009) ("[T]hough possession of child pornography is different from sexual abuse of a child, each involves the exploitation of a child."). And importantly, exact similarity is not a requirement for admissibility under Rule 404(b). Rather, "'[e]vidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent [under Rule 404(b)],' but that evidence is not required to have 'exact congruence.'" *Lieu*, 298 F. Supp. 3d at 52 (citing *United States v. Long*, 328 F.3d 655, 661 (D.C. Cir. 2003)).

Third, the fact that the proposed child molestation evidence that the defendant now seeks to exclude involves conduct from the 2000s does not mean that the conduct is so remote as to render the evidence inadmissible under Rule 404(b). Indeed, "there is no absolute rule regarding the number of years that can separate offenses" under Rule 404(b). *United States v. Engleman*,

4

648 F.2d 473, 479 (8th Cir. 1981); *see also United States v. Sullivan*, 751 F. App'x 799, 807 (6th Cir. 2018) ("Rule 404(b) does not contain a time limit."). Accordingly, courts routinely admit evidence under Rule 404(b) relating to conduct that occurred many years prior. *Engleman*, 648 F.2d at 479 (affirming admission of evidence from thirteen years prior); *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005) (affirming admission under 404(b) where approximately sixteen years elapsed between defendant's earlier convictions and the current one); *United States v. Hernandez-Guevara*, 162 F.3d 863, 873 (5th Cir. 1998) (upholding admission of conviction under 404(b) that "was nearly eighteen years old").

The defendant's remaining claim that the admission of his prior child molestation conduct would be unfairly prejudicial, (Doc. 72 at 5), has been adequately addressed in the government's prior motion *in limine* and the government's arguments will not be repeated here, (Doc. 68 at 7–11). To be sure, the government's arguments with respect to the relevance and probative value of this evidence both in the government's case in chief and rebuttal case carry even more force now that the defendant has filed his motions *in limine*, which indicate that he intends to put his interest in and motivations for downloading child pornography squarely at issue in the upcoming trial.

For the reasons stated above, the United States respectfully requests that the Court deny the defendant's motion *in limine*. Doc. 72.

                                                  Respectfully submitted,

By:   */s/ Dustin Roberts*
       Dustin Roberts
       Assistant United States Attorney
       Arkansas Bar No. 2005185
       414 Parker Avenue
       Fort Smith, AR 72901
       Office: 479-249-9034

/s/ Carly Marshall
Carly Marshall
Assistant United States Attorney
Arkansas Bar No. 2012173
414 Parker Avenue
Fort Smith, AR 72901
Office: 479-249-9034

AND

/s/ William G. Clayman
William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780
Email: william.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I, William G. Clayman, Trial Attorney for the United States Department of Justice, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Gregory Payne, Attorneys for the Defendant

/s/ William G. Clayman
Trial Attorney