**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                               **PLAINTIFF**

**V.**                            **CASE NO. 5:21-CR-50014**

**JOSHUA JAMES DUGGAR**                                               **DEFENDANT**

## ORDER

Defendant Joshua James Duggar was indicted on April 28, 2021, on one count of receipt of child pornography, one count of possession of child pornography, and a forfeiture allegation.  *See* Doc. 1.  This case is scheduled for a jury trial to commence on November 30, 2021.  Pending before the Court are the following ripe motions in limine, which the Court will rule on in turn:

> (1) the Government's Motion in Limine Concerning Trademark Inscriptions (Doc. 65);
>
> (2) the Government's Motion in Limine to Admit Prior Statements Made by Defendant (Doc. 66) and Defendant's Motion in Limine to Exclude Evidence of Allegations Concerning Adultery or a Prior So-Called "Addiction" to Adult Pornography (Doc. 71);
>
> (3) the Government's Motion in Limine to Exclude Third-Party Guilt Evidence (Doc. 67);
>
> (4) Defendant's Motion in Limine to Exclude Improper Opinion Testimony (Doc. 70);
>
> (5) Defendant's Motion in Limine to Sequester Witnesses Pursuant to Federal Rule of Evidence 615 (Doc. 73); and
>
> (6) Defendant's Motion in Limine to Exclude Any Reference to Defendant's Stated Decision Declining to Answer Certain Questions Posed by Law Enforcement (Doc. 74).

## I.  GOVERNMENT'S MOTION CONCERNING TRADEMARK INSCRIPTIONS

The Government seized an HP desktop computer from Defendant's business, Wholesale Motorcars, and intends to introduce this computer as evidence in the case.  A trade inscription on the computer indicates that it was made in China.  The Government contends that the computer is self-authenticating as to its origin and no additional evidence of authenticity should be required per Federal Rule of Evidence 902(7). Defendant agrees.  *See* Doc. 86, p. 1.  Further, Defendant agrees that the trade inscription does not constitute inadmissible hearsay under Rule 801(a).  *Id.* at p. 2.  However, Defendant asks that the Court withhold ruling on the ultimate admissibility of this evidence at trial, pursuant to any ground for objection other than authentication or hearsay.  This is a reasonable request, and the Court agrees that Defendant may lodge other objections to the admissibility of this evidence, if appropriate, at trial.

Accordingly, **IT IS ORDERED** that the Government's Motion in Limine Concerning Trademark Inscriptions (Doc. 65) is **GRANTED***,* and the trademark inscription on the HP desktop computer described in the Motion is found to be both self-authenticating under Rule 902(7) and non-hearsay under Rule 801(a).

## II.  GOVERNMENT'S MOTION TO ADMIT PRIOR STATEMENTS AND DEFENDANT'S MOTION TO EXCLUDE ALLEGATIONS CONCERNING ADULTERY OR A PRIOR SO-CALLED "ADDICTION" TO ADULT PORNOGRAPHY

The Government and Defendant each filed a motion concerning similar subject matter.  The Government's Motion asks the Court to find certain prior statements Defendant made in a 2015 social media posting to be admissible.  Defendant allegedly stated:

> I have been the biggest hypocrite ever. While espousing faith and family values, I have secretly over the last several years been viewing pornography on the internet and this has become an addiction.

(Doc. 66, pp. 1–2).

According to the Government, Defendant's statement regarding his addiction to adult pornography is admissible under Rule 404(b)(2) because it tends to show his motive, intent, knowledge, or plan to commit the crimes charged.  In the Government's view, this addiction to adult pornography is the only possible reason why a program called "Covenant Eyes" was installed on the HP desktop computer at Defendant's workplace. The Government describes Covenant Eyes as "a computer program designed to help an individual overcome 'pornography addiction' with the assistance of the individual's friends, family, and even their church . . . ."  (Doc. 66, pp. 4–5).  The child sexual abuse materials that are the subject matter of the charged conduct in this case were located on a portion of the HP desktop's hard drive that could not be detected by Covenant Eyes.   The Government reasons that "the defendant's motive for creating the Linux partition on the HP computer was to mask the downloading and viewing of [child sexual abuse materials] from being detected and reported by Covenant Eyes."  (Doc. 66, p. 4).  Therefore, in the Government's estimation, Defendant's admission that he was addicted to adult pornography is a necessary piece of evidence in a chain of events that prove his "motive, opportunity, intent, preparation, [or] plan" to download child pornography on the HP desktop at work, pursuant to Rule 404(b)(2).  Further, the Government believes that all of these facts in combination—the adult pornography addiction, the installation of Covenant Eyes, and the location of the child sexual abuse materials on a partitioned section of the hard drive—establishes under Rule 404(b)(2) Defendant's "identity" as the person who committed the crimes charged.

Unsurprisingly, Defendant moves to exclude all statements or allegations that he was or is addicted to viewing adult pornography; he also moves to exclude any mention of the fact that he might have committed adultery in the past. *See* Doc. 71. He explains that he posted the 2015 social-media statement about being addicted to adult pornography "to minimize the public relations fallout from the embarrassing revelation that [he] was allegedly a member of the website" called "Ashley Madison," "which purported to cater to consenting adults seeking to engage in extra-marital affairs." *Id.* at pp. 1–2. He contends that his alleged involvement with the Ashley Madison website and subsequent admission that he might have been unfaithful to his wife are facts that are irrelevant to the crimes charged.

The Government generally agrees that facts about Ashley Madison and adultery/infidelity are irrelevant here. The Government also agrees that it will not mention this website or Defendant's alleged infidelity in its case-in-chief. *See* Doc. 79, p. 2. As for Defendant's so-called pornography addiction, however, the Government is adamant that the jury must be informed of this admission, or else the jury will not understand why Covenant Eyes was installed on the workplace computer. Defendant responds that Covenant Eyes could have been installed for any number of reasons—not necessarily to address a pornography addiction. Defendant refers the Court to the Covenant Eyes website, which states that the application can be used to help a family generally "avoid inappropriate search results" and "prevent accidental access to certain materials" online. (Doc. 83, p. 3).

In Defendant's view, any reference to his alleged adult pornography usage and/or addiction is irrelevant under Rule 401 because this evidence does not tend to show he

4

committed the crimes charged.  Further, he contends that if this evidence were disclosed to the jury, the result would be more prejudicial than probative under Rule 403, since some jurors who are morally offended by adult pornography may jump to the conclusion that Defendant must have committed some sort of crime, while other jurors might assume that a person who is addicted to viewing adult pornography is more likely to be interested in viewing child pornography.

The Court, having considered both sides' arguments, finds the Government's Motion should be denied and Defendant's Motion should be granted.  Defendant's 2015 public statement that he developed an addiction to adult pornography is irrelevant to this case under Rule 401.  The Government admits that viewing adult pornography is not illegal and that a so-called addiction to adult pornography is not a recognized medical condition.  The only logical conclusion to be drawn from the Government's briefing is that it seeks to improperly introduce this evidence "to prove [Defendant's] character in order to show that on a particular occasion [he] acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Court rejects the notion that an addiction to adult pornography could tend to show Defendant's motive, intent, or knowledge to commit the crimes he has been charged with, pursuant to Rule 404(b)(2).  The Court also rejects the notion that the existence of Covenant Eyes on Defendant's work computer "is itself explicable *only* by reference to the defendant's pornography addiction."  (Doc. 66, p. 4) (emphasis added). Covenant Eyes may be installed to deter or prevent a number of behaviors.  The Government can present evidence about the configuration of the hard drive, the applications that were running on the hard drive (including Covenant Eyes), the names of the individuals who purchased, registered, and used Covenant Eyes, and the possible

reasons why a user might wish to install Covenant Eyes *without having to disclose* the fact that Defendant previously admitted to an adult pornography addiction.  That fact is irrelevant to the crimes charged and, contrary to the Government's position, is not needed to "complete the story" or "provide a total picture of these crimes."  *Id.* at p. 3.

The Court also agrees with Defendant that even if his admission about adult pornography were relevant under Rule 404(b), it would nevertheless merit exclusion under Rule 403.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  Knowing that Defendant is or was addicted to adult pornography may mislead the jury into assuming he is likely to have downloaded child pornography.  That said, the Court can also imagine scenarios where the defense might open the door to the introduction of such evidence.  For example, If Defendant takes the stand and testifies that he did not view adult pornography or was not addicted to pornography, or if he otherwise contradicts any statement he made in the social media post in 2015, the Government may seek leave to introduce the statement to impeach his credibility.

Accordingly, **IT IS ORDERED** that the Government's Motion in Limine to Admit Prior Statements Made by Defendant (Doc. 66) is **DENIED** pursuant to Rules 401, 404(b), and 403, and Defendant's Motion in Limine to Exclude Evidence of Allegations Concerning Adultery or a Prior So-Called "Addiction" to Adult Pornography (Doc. 71) is **GRANTED**.

### III.  GOVERNMENT'S MOTION TO EXCLUDE THIRD-PARTY GUILT EVIDENCE

The Government's next Motion asks the Court to bar Defendant from suggesting to the jury that someone else might have committed these crimes.  The Government identifies three possible individuals whom Defendant is likely to accuse of having downloaded child sexual abuse materials on the HP desktop. The Government then proceeds to explain in detail why it believes none of these men could have committed the crimes alleged on the dates and times specified in the indictment.

It is the Government's burden to prove that Defendant committed the crimes set forth in the indictment beyond a reasonable doubt, and Defendant is entitled to create reasonable doubt in the jury's minds by pointing the finger at others who may have possibly committed the crimes.[1]   The Court will not pre-judge that evidence and in the process violate Defendant's right to a jury trial.  **IT IS THEREFORE ORDERED** that the Government's Motion to Exclude Third-Party Guilt Evidence (Doc. 67) is **DENIED**.

### IV.  DEFENDANT'S MOTION TO EXCLUDE IMPROPER OPINION TESTIMONY

Defendant seeks to exclude under Rules 401 and 403 any opinion by law enforcement officers that certain child pornography images are considered "worse" than others.  Defendant cites specifically to the testimony of Special Agent Faulkner, who at Defendant's detention hearing testified that a particular video was "in the top five of the worst-worst that I've ever had to examine."  (Doc. 70, p. 1).  The Government responds that it "does not intend to elicit any testimony in its case in chief suggesting that the [child sexual abuse material] recovered from the defendant's computer is 'worse' than

---

[1] This does not mean the Court will permit the defense to present speculative testimony or make purely speculative arguments to the jury.

any other [child sexual abuse material]." (Doc. 80, p. 2).  Therefore, **IT IS ORDERED** that Defendant's Motion in Limine to Exclude Improper Opinion Testimony (Doc. 70) is **GRANTED**.

## V. DEFENDANT'S MOTION TO SEQUESTER WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 615

Rule 615 provides that, upon one party's request, "a court must order witnesses excluded so that they cannot hear other witnesses' testimony."  Defendant's Motion invokes Rule 615 in a specific way, asking the Court in advance of trial to "prohibit the Government and/or its witnesses from talking to witnesses who are sequestered about the trial or other witnesses/ testimony prior to or during their testimony."  (Doc. 73, p. 1).

It is not at all uncommon for one party to invoke Rule 615 prior to the start of trial; it is unusual for a party to ask the Court to explain the contours of the Rule and impose specific prohibitions on the parties' conduct.  "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty." *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012) (internal quotation marks and citation omitted).  The Court in its discretion may control "the mode and order of examining witnesses and presenting evidence" at trial pursuant to Rule 611 and has "wide latitude" to fashion an appropriate sequestration order for each case. *Engelmann*, 701 F.3d at 877.

At the trial of this matter, the Court will permit the Government's case agent to sit at counsel table as the Government's designated representative. This same case agent may be called as a witness during the Government's case-in-chief.  *See United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992) ("The decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout

the trial is left to the trial court's discretion.").  This case agent—and indeed any witness who gives testimony at trial—will not be permitted to discuss the substance of his or her own testimony with any witness who has not yet testified.

If a case agent sitting at counsel table were permitted to discuss the substance of his trial testimony or another witness's trial testimony with a witness who had not yet testified, this would defeat the purpose of the sequestration rule.  This exact scenario occurred in *United States v. Engelmann*, where the government's designated representative, Agent Huber, spoke to a sequestered agent named McMillan about the substance of Huber's testimony at trial.  *Id.* at 875.  The Eighth Circuit opined that "it would be illogical to hold that Agent McMillan, excluded from the courtroom pursuant to a sequestration order, could wait outside the courtroom doors and then discuss with Agent Huber the testimony which Agent Huber had just given."  *Id.* at 878.

Given the Court's reasoning above, **IT IS ORDERED** that Defendant's Motion in Limine to Sequester Witnesses Pursuant to Federal Rule of Evidence 615 (Doc. 73) is **GRANTED** to the extent that any witness who has testified—including the Government's designated case agent sitting at counsel table—is prohibited from discussing the substance of his or her own testimony with any witness who has not yet testified and been formally excused from their obligations as a witness. Defendant and his witnesses will be subject to the same sequestration rule.  The Court's rule does *not* limit counsel from conferring with their own witnesses and preparing them to testify; however, counsel are cautioned that when an attorney conveys the substance of a witness's trial testimony to a witness who has not yet testified, this contravenes the purposes of Rule 615.  To the extent any relief requested in the Motion is not specifically discussed herein, it is **DENIED**.

9

## VI.  DEFENDANT'S MOTION TO EXCLUDE ANY REFERENCE TO DEFENDANT'S STATED DECISION DECLINING TO ANSWER CERTAIN QUESTIONS POSED BY LAW ENFORCEMENT

In this Motion, Defendant asks the Court to prohibit the Government from referring at trial to the fact that he refused to answer certain questions posed to him by law enforcement during a non-custodial interview on November 8, 2019. Specifically, Defendant seeks to exclude ten separate statements he made invoking his Fifth Amendment right to remain silent.  *See* Doc. 74, p. 9.  The Government responds that it "does not intend to introduce in its case in chief any of the ten portions of the defendant's recorded interview identified in his motion" but "reserves the right to introduce any portions of the defendant's non-custodial interview during cross-examination or in its rebuttal case as those portions may be relevant . . . ."  (Doc. 81, p. 2).

Disclosing to the jury the fact that Defendant invoked his Fifth Amendment right by refusing to answer certain questions is both irrelevant to the issues in this matter under Rule 401 and more prejudicial than probative under Rule 403.  As to the Government's reservation of its right to introduce any portion of these statements during cross-examination or rebuttal, the Court reserves its ruling for trial and instructs the Government—if the need arises—to request a sidebar and make its argument outside the presence of the jury.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine to Exclude Any Reference to Defendant's Stated Decision Declining to Answer Certain Questions Posed by Law Enforcement (Doc. 74) is **GRANTED**, subject to the Court's instruction above.

**IT IS SO ORDERED** on this 17th day of November, 2021.

 

 

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE