**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **CASE NO. 5:21-CR-50014-001**

**JOSHUA JAMES DUGGAR** **DEFENDANT**

# FINAL JURY INSTRUCTIONS

## General Instructions

1. Introduction
2. Duty of Jury
3. Evidence; Limitations
4. Evidence Summary and Demonstrative Aid
5. Credibility of Witnesses
6. Expert Testimony

## Instructions on the Charges

7. Description of Charges and Burden of Proof
8. Defendant's Prior Similar Acts

## Elements of the Crimes Charged

9. Count One: Receipt of Child Pornography
10. Count Two: Possession of Child Pornography

## Definitions and Additional Terminology

11A. Definitions of Terms Found in the Elements
11B. Other Terminology

## Other Instructions

12. Reasonable Doubt

**Deliberation Instructions**

13. Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form

**FINAL INSTRUCTION NO. 1**

**INTRODUCTION**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

## FINAL INSTRUCTION NO. 2

## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**FINAL INSTRUCTION NO. 3**

**EVIDENCE; LIMITATIONS**

I have mentioned the word “evidence.” The “evidence” in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

**FINAL INSTRUCTION NO. 4**

**EVIDENCE SUMMARY AND DEMONSTRATIVE AID**

You will remember that a summary was admitted in evidence [Government's Exhibit 85]. You may use the summary as evidence. It is for you to decide how much weight, if any, you will give to the summary. In making that decision, you should consider all of the testimony you heard about the way in which it was prepared.

Certain demonstrative aids have been shown to you in order to help explain the expert testimony, records, and other underlying evidence in the case. Those demonstrative aids are used for convenience. They are not themselves evidence or proof of any facts.

**FINAL INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**FINAL INSTRUCTION NO. 6**

**EXPERT TESTIMONY**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also sate their reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all of the other evidence in the case.

**FINAL INSTRUCTION NO. 7**

**DESCRIPTION OF CHARGES AND BURDEN OF PROOF**

The Indictment in this case charges Mr. Duggar with two different crimes:

- *Count One* charges that Mr. Duggar committed the crime of Receipt of Child Pornography in violation of federal law;
- *Count Two* charges that Mr. Duggar committed the crime of Possession of Child Pornography in violation of federal law.

Mr. Duggar has pleaded not guilty to these charges.

The Indictment is simply the document that formally charges Mr. Duggar with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Mr. Duggar to be innocent. Thus, he began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find Mr. Duggar not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a verdict for each count. Please also remember that only Mr. Duggar, not anyone else, is on trial here, and that Mr. Duggar is only on trial for the two crimes charged, and not for anything else.

There is no burden on Mr. Duggar to prove that he is innocent. Instead the burden of proof remains on the government throughout the trial. Accordingly, the fact that Mr. Duggar did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

**FINAL INSTRUCTION NO. 8**

**DEFENDANT'S PRIOR SIMILAR ACTS**

You heard evidence that the defendant may have previously committed another offense of child molestation. The defendant is not charged with this other offense. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard of proof than proof beyond a reasonable doubt.

If you find that this offense has not been proved, you must disregard it. If you find that this offense has been proved, you may consider it to help you decide any matter to which it is relevant. You should give it the weight and value you believe it is entitled to receive. You may consider the evidence of such other acts of child molestation for its tendency, if any, to show the defendant's propensity to engage in child molestation, as well as its tendency, if any, to determine whether the defendant committed the acts charged in the Indictment, and to determine the defendant's intent.

Remember, the defendant is only on trial for the crimes charged. You may not convict a person simply because you believe he may have committed similar acts in the past.

**FINAL INSTRUCTION NO. 9**

**ELEMENTS OF COUNT ONE**

The crime of Receipt of Child Pornography, as charged in *Count One (1)* of the Indictment, has *three* elements, which are:

***First***, that between on or about May 14, 2019, and on or about May 16, 2019, Mr. Duggar knowingly received visual depictions of child pornography;

***Second***, Mr. Duggar knew that the visual depictions were of a minor engaging in sexually explicit conduct; and

***Third***, that the visual depictions had been mailed, shipped or transported by any means, including by computer, in interstate or foreign commerce.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Duggar, then you must find Mr. Duggar guilty of the crime charged under Count One; otherwise you must find Mr. Duggar not guilty of Count One.

**FINAL INSTRUCTION NO. 10**

**ELEMENTS OF COUNT TWO**

The crime of Possession of Child Pornography, as charged in *Count Two (2)* of the Indictment, has *four* elements, which are:

***First***, that between on or about May 14, 2019, and on or about May 16, 2019, Mr. Duggar knowingly possessed computer files on a HP all-in-one desktop computer that contained multiple visual depictions of child pornography;

***Second***, Mr. Duggar knew that the visual depictions were of a minor engaging in sexually explicit conduct; and

***Third***, that Mr. Duggar knew that such items contained child pornography, which involved a prepubescent minor or a minor who had not attained the age of 12 years of age;

***Fourth***, that the HP computer, or the computer files containing the visual depictions, had been shipped or transported using any means or facility of interstate or foreign commerce, or affected interstate or foreign commerce by any means, including by computer.

---

You have heard evidence of more than one visual depiction involved in the offense. You must agree ***unanimously*** that at least one specific visual depiction possessed by Mr. Duggar involved a minor under the age of twelve (12) years old ***and*** that this specific visual depiction was possessed using or affecting interstate or foreign commerce by any means.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Duggar then you must find Mr. Duggar guilty of the crime charged under Count Two; otherwise you must find Mr. Duggar not guilty of this crime under Count Two.

**FINAL INSTRUCTION NO. 11A**

**DEFINITIONS**

Some of the terms used in the elements of the offenses, and elsewhere in these instructions, are defined, or further explained, as follows:

1. **VISUAL DEPICTION:** As used in these instructions, the term "visual depiction" includes any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

2. **CHILD PORNOGRAPHY:** The phrase "child pornography" means any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the depiction.

3. **MINOR:** The term "minor" means any person under the age of eighteen years.

4. **SEXUALLY EXPLICIT CONDUCT:** The term "sexually explicit conduct" means actual or simulated:

   (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

   (ii) masturbation;

   (iii) sadistic or masochistic abuse; or

   (iv) lascivious exhibition of the genitals or pubic area of any person.

5. **LASCIVIOUS:** Whether a visual depiction of the anus, genitals, or pubic area of any person constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's anus, genitals, or pubic area; (2) whether

the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

6. **COMPUTER:** The term "computer" as used in this instruction means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

7. **INTERSTATE OR FOREIGN COMMERCE:** The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The phrase foreign commerce means commerce between any state, territory, or possession of the United States and a foreign country.

The term commerce includes, among other things, travel, trade, transportation and communication.

Images transmitted or received over the Internet have moved in interstate or foreign commerce.

It is for you to determine, however, if the HP computer had been shipped or transported using any means or facility of interstate or foreign commerce, or if the computer files containing the visual depictions had been transmitted or received over the internet.

**FINAL INSTRUCTION NO. 11B**

**ADDITIONAL TERMINOLOGY**

1. **PROOF OF INTENT OR KNOWLEDGE:** Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

   You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

2. **POSSESSION:** The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

   A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

   A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

   If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

   Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

## FINAL INSTRUCTION NO. 12

## REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**FINAL INSTRUCTION NO. 13**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decisions that you reach in this case.

[Read form]

You will take these forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.