IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 5:21-CR-50014-001 |
| | ) | |
| JOSHUA JAMES DUGGAR | ) | |

## MOTION FOR A PRELIMINARY ORDER OF FORFEITURE

Comes now the United States of America, by counsel, and moves this Honorable Court pursuant to Fed. R. Crim. P. 32.2(b) to enter a Preliminary Order of Forfeiture of an HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326, based upon the evidence presented at trial and the uncontested findings in the Presentence Report. In support of its Motion, the United States of America states:

### PROCEDURAL HISTORY

On April 28, 2021, a Grand Jury sitting in the Western District of Arkansas returned an Indictment against the Defendant, Joshua James Duggar, charging him with one count of Receipt of Child Pornography, in violation of Title 18 U.S.C. §§ 2252A(a)(2) and (b)(1); one count of Possession of Child Pornography, in violation of Title 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and a forfeiture allegation.

In the forfeiture allegation of the Indictment, the United States sought forfeiture, pursuant to Title 18 U.S.C. § 2253 of:

1. Any visual depiction described in Title 18, United States Code Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter, which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offenses in the Indictment;

2.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses in the Indictment; and,

3.  Any property, real or personal, including any and all computer equipment, used or intended to be used to commit or to promote the commission of the offenses in the Indictment, or any property traceable to such property, including, but not limited to computer equipment used in the commission of the offenses in the Indictment.

(Doc. 1).

On November 1, 2021, the United States filed a Bill of Particulars, providing notice to the Defendant of its intent to seek forfeiture of an HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326. (Doc. 64). On December 9, 2021, the Defendant was found guilty of the offenses charged in Counts One and Two of the Indictment. (Doc. 120). After the finding of guilt by the jury, neither the United States nor the Defendant requested that the jury be retained to determine the forfeitability of the HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326.

In advance of sentencing, the United States provided defense counsel the standard purposed Preliminary Order of Forfeiture included with this motion. In response, the defense requested alterations to the standard Order to which the United States could not agree. To date,  the United States has not received a signed agreed upon Preliminary Order of Forfeiture. Accordingly, the United States files the instant motion.

## APPLICABLE LAW

Federal Rule of Criminal Procedure Rule 32.2(b)(1) states:

(A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty…on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the

2

requisite nexus between the property and the offense.

(B) Evidence and Hearing. *The court's determination may be based on evidence already in the record*, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(emphasis added).

There is no deadline for the United States to submit a motion for forfeiture order. *United States v. Tardon*, 56 F. Supp. 3d 1309 (S.D. Fla. 2014) (Rule 32.2 contains no deadline for government's submission of a motion for a forfeiture order; motion submitted four days before scheduled sentencing hearing was timely).

The United States' burden is to establish that the property is subject to forfeiture by a preponderance of the evidence. *United States v. Hull*, 606 F.3d 524, 527 (8th Cir. 2010) (preponderance standard applies to the forfeiture of property used to commit a child pornography offense; 18 U.S.C. § 2253).

In determining the forfeiture, the United States need not provide the Court with any additional evidence and can rely upon the evidence presented at trial. *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for government to reintroduce that evidence in the forfeiture hearing).

## EVIDENCE IN SUPPORT OF FORFEITURE[1]

In May of 2019, an Arkansas Internet Crimes Against Children taskforce officer downloaded two files of child sexual abuse material (CSAM) from the user of an IP address at the Defendant's used car business. Trial Tr. at pp, 68-80, 125-134.

Law enforcement officers with the Department of Homeland Security, Homeland Security Investigations ("HSI") executed a federal warrant to search the Defendant's used car business on November 8, 2019, and encountered the Defendant on the property. *Id*. at p. 144. Prior to being formally interviewed and without knowledge of the nature of the investigation, the Defendant asked if someone had been downloading child pornography. *Id.* at p. 156.

During a later post-*Miranda* interview, the Defendant admitted to being familiar with peer-to-peer programs, specifically mentioned Tor, and acknowledged that both were on his computer, an HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326, at the car lot. *Id.* at pp. 177-179, 180-183. At that point, law enforcement was unaware that the Defendant had also downloaded CSAM via Tor.

A forensic examination of the Defendant's computer in the office on the lot, an HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326, uncovered evidence that he had installed a password-protected Linux partition on the device and had used the partition to download CSAM using both uTorrent and Tor. *Id.* at pp. 475-483. Additional forensic evidence recovered from the Defendant's seized Apple iPhone and Apple MacBook laptop confirmed that the Defendant was the individual using the HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326 to download CSAM, including evidence showing that the password to the Linux partition is one that the Defendant used for years on his personal accounts. *Id.* at pp. 474, 598, 604-673.

---

[1] This is a summary of only some of the evidence presented at trial. The Court should consider all of the evidence before it, including any uncontested findings in the Presentence Report.

## CONCLUSION

Pursuant to Fed. R. Crim. P. 32.2(b), based upon the guilty verdict of the Defendant as to Counts One and Two in the Indictment and the evidence already in the record showing a requisite nexus between the property and the offense by a preponderance of the evidence, this Court should enter a Preliminary Order of Forfeiture finding that the HP Desktop All-In-One Model 27-a257c, serial number 8CC7201326, is subject to forfeiture to the United States as property facilitating illegal conduct or as property involved in illegal conduct giving rise to forfeiture.

If the Defendant contests the forfeiture, the United States asks that the issue of forfeiture be set for hearing at the time of sentencing.

Respectfully submitted,

DAVID CLAY FOLWKES
UNITED STATES ATTORNEY

By:    /s/ Dustin Roberts
       Dustin Roberts
       Assistant United States Attorney
       Arkansas Bar No. 2005185
       414 Parker Avenue
       Fort Smith, AR 72901
       Office: 479-783-5125

       /s/ Carly Marshall
       Carly Marshall
       Assistant United States Attorney
       Arkansas Bar No. 2012173
       414 Parker Avenue
       Fort Smith, AR 72901
       Office: 479-783-5125

       and,

5

/s/ William G. Clayman

William G. Clayman
D.C. Bar No. 1552464
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-514-5780

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Justin Gelfand, Travis Story, Ian Murphy, and Gregory Payne Attorneys for the Defendant

/s/ Dustin Roberts

Dustin Roberts
Assistant United States Attorney