IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs                                        CASE NO. 5:21-CR-50014

JOSHUA JAMES DUGGAR                                                                          DEFENDANT

**ORDER**

    Before the Court for consideration is Defendant's Motion to Appoint Counsel (ECF No. 175) for a potential habeas corpus proceeding pursuant to 28 U.S.C. § 2255.

    A district court has discretion to appoint counsel "for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2); *see also United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants.").

    Before appointing counsel, a district court "should first determine whether the petition has presented a nonfrivolous claim[.]" *Martin v. Fayram,* 849 F.3d 691, 699 (8th Cir. 2017) (cleaned up) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)). Even if there is a nonfrivolous claim presented in a habeas petition, a district court should still consider several factors to determine if appointing counsel is appropriate, including "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims[.]" *Wiseman v. Wachendorf,* 984 F.3d 649, 655 (8th Cir. 2021) (quoting *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994)).

    Defendant has not yet filed a habeas petition and his Motion to Appoint Counsel says only that "[a]s time has unfolded, new legal theories and strategies have emerged in public discourse that

may be relevant to the Defendant's case." Defendant seeks counsel to "evaluate the potential of these emergent strategies and how they may support a motion for relief under 28 U.S.C. § 2255." Unfortunately, the Motion does not illuminate what claims – emergent or otherwise – that he wishes to raise in a § 2255 habeas proceeding and thus, the undersigned cannot determine, in advance, whether Defendant has any nonfrivolous issues to raise, or whether other factors such as the complexity of his case warrant appointment of counsel.

Courts in the Eighth Circuit routinely deny motions to appoint counsel that are filed *prior* to a habeas petition. *See, e.g., United States v. Franco,* No. 8:21-CR-159, 2023 WL 4705997 (D. Neb. July 24, 2023), citing *United States v. Kidd*, No. CR 16-338 (MJD/BRT), 2020 WL 5898745, at *1 (D. Minn. Oct. 5, 2020); *United States v. Nunez-Reynoso*, No. CRIM. 10-69 MJD/JJK, 2013 WL 6062146, at *1 (D. Minn. Nov. 18, 2013); *Mcfadden v. Steele*, No. 4:11CV2070 AGF, 2012 WL 266455, at *2 (E.D. Mo. Jan. 27, 2012).

For these reasons, Defendant's Motion to Appoint Counsel (ECF No. 175) is **DENIED.**

**The Court Clerk is directed to mail to Defendant a 28 U.S.C. § 2255 Habeas Corpus Form, and Defendant is reminded there are deadlines governing the filing of § 2255 actions.**

**IT IS SO ORDERED.**

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE