IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 5:21-CR-50014-001 |
| v. ) | |
| ) | |
| JOSHUA DUGGAR ) | |

### UNITED STATES' MOTION TO STRIKE ERRONEOUSLY FILED DOCUMENT AND CORRECT RECORD

Comes now the United States of America, by and through Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas and hereby requests this Honorable Court to strike Document 179-entitled Motion to Vacate- from the record as it was legal mail addressed to the U.S Attorney's Office mistakenly opened and filed by the Clerk of the Court. The United States further request this Honorable Court to correctly identify Document 182 -currently filed as a "duplicate copy"- as the operative 2255 motion to was properly mailed to and filed of record by the Clerk of the Court. For all matters relevant, the United States maintains the following:

### Procedural Background

On April 28, 2021, Duggar was named in a two-count Indictment filed by the Grand Jury in the Western District of Arkansas. (Doc. 1). Count One charged Duggar with Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and Count Two charged him with Possession of Child Pornography, including images of minors under the age of 12, in violation of 18 U.S.C. § 2252A(a)(5)(B). (*Id.*). On December 9, 2021, after an eight-day jury trial, Duggar was convicted on both counts. (Doc. 120). On May 25, 2022, Duggar appeared before the Honorable Timothy L. Brooks for sentencing. (Doc. 158). At sentencing, the Court dismissed Duggar's possession conviction, which was Count Two of the Indictment, on the basis that Count Two was a lesser-

included offense of the receipt conviction under Count One. (Doc. 159). The Court proceeded to sentence Duggar to, among other things, 151 months in prison, to be followed by 20 years of supervised release. (Doc. 162).

Duggar filed a timely notice of appeal. (Doc. 165). On appeal, Duggar argued (1) this Court violated his constitutional right to present a complete defense by precluding him from calling and, if necessary, impeaching a critical witness at trial; (2) this Court erred by denying his motion to suppress statements after a federal agent physically stopped him from contacting his attorney and subsequently interrogated him outside the presence of his counsel; and (3) that this Court erred by permitting the government's expert to offer testimony on EXIF metadata and prohibiting his expert from testifying to the unreliability of the methodology used by the government's expert. Brief for Appellant, *United States v. Duggar*, No. 22-2178, 2022 WL 7113171 (8th Cir. Oct. 4, 2022). As to Duggar's first argument, the Eighth Circuit found this Court had "unquestionably constitutional" discretion to exclude the conviction under Federal Rule of Evidence 403 and, as a result, this Court's application of this "well-established rule[ ]" could not have violated Duggar's Fifth and Sixth Amendment rights. *United States v. Duggar*, 76 F.4th 788, 792 (8th Cir.2023). As to Duggar's second argument, the Eighth Circuit found that admission of his incriminating statements did not violate *Miranda*. *Id*. at 794. As to Duggar's third argument, the Eighth Circuit determined this Court did not abuse its discretion in admitting expert testimony by the government's forensic analyst about metadata from Duggar's cell phone and that this Court did not abuse its discretion by limiting testimony of Duggar's expert. *Id*. at 795 – 96.

After the Eighth Circuit affirmed the judgment of this Court, Duggar petitioned for a writ of certiorari on the question of, "[d]oes the exclusion of relevant evidence of an alternative perpetrator based on a trial court's conclusion it is too speculative violate a criminal defendant's

Case 5:21-cr-50014-TLB-CDC      Document 183      Filed 08/29/25      Page 3 of 8 PageID #: 4195

constitutional right to present a complete defense?" Petition for a Writ of Certiorari, *Duggar v. United States*, No. 23-937, 2024 WL 865943, (Doc. 173). On June 24, 2024, the Supreme Court denied Duggar's petition. *Duggar v. United States*, 144 S.Ct. 2685 (2024), (Doc. 174).

On May 27, 2025, Duggar filed a *Pro Se* Motion Requesting Appointment of Counsel Pursuant to 18 U.S.C. § 3006A For Potential 28 U.S.C. § 2255 Proceeding. (Doc. 175). The Court denied Duggar's motion on June 6, 2025. (Doc. 178).

On July 29, 2025, the Clerk of the Court filed Document 179, which was styled as "Motion to Vacate under 28 U.S.C. § 2255." The last page of Document 179, is, per standard practice, a scanned copy of the envelope from which the document was received by the Clerk's Office. The envelope is clearly addressed to the United States Attorney's Office and stamped "Received WD/AR July 29, 2025, US Clerk's Office." Based on this filing, the Court ordered the United States to respond to Duggar's § 2255 Motion on or before September 4, 2025. (Doc. 181). On August 22, 2025, Document 182, styled as "Duplicate Copy of Motion to Vacate under 28 U.S.C. § 2255" was filed of record. The last page of Document 182 is likewise a scanned copy of the envelope in which the document was received by the Clerk's Office. This envelope is post-marked by the United States' Postal Service August 8, 2025, and was mailed from Dallas, Texas. (Note, Duggar is housed in FCI Seagoville, located outside of Dallas, Texas). This envelope is also labeled with a US Mail tracking code. As noted by the Clerk in the styling of the docket entry, the contents of Document 182 are exactly the same as Document 179, but for the intended recipient listed on the outer envelope.

### Document 179 should be Stricken from the Record and Document 182 should be Identified as the Operative 2225 Motion Properly Filed of Record

As noted above, Document 179-the original 2255 motion- was filed by the Clerk of the Court on July 29, 2025. However, what went unnoticed until recently highlighted by the filing of

Page 3 of 8

Document 182, is that Document 179, was not addressed nor directed to the Court/Clerk of the Court. Instead, the envelope was addressed to the United States Attorney's Office, 35 E. Mountain Street, Suite 300, Fayetteville Arkansas. (See Attached Government's Exhibit A, Doc. 179). As such, Document 179 was, in fact, legal mail addressed to U.S. Attorney's Office and mistakenly opened, then filed of record, by the Clerk's Office.[1]

Legally, the fact that Document 179 was mistakenly opened/filed on July 29, 2025, is significant, as 28 U.S.C. § 2255(f)(1) places a time limit on the filing of 2255 motions. The limitation period runs from the date when the judgment of conviction became final. A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." *United States v. Johnson*, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The Supreme Court denied Duggars petition for a writ of certiorari on June 24, 2024 (Doc. 174); therefore, his conviction became final that day. The time to file for relief, under subsection (f)(1), began to run on June 24, 2024, and expired a year later on June 24, 2025. Document 179 (the mistakenly opened and filed version) was docketed on July 29, 2025, over a month late and, as a result, his motion was not timely filed under subsection (f)(1).

To avoid this legal default, Duggar included in the documents filed as both Document 179

---

[1] As a legal aside, the envelope itself bears no indicia that it was sent through the U.S Postal system. Notably, there is no postmark and the stamps themselves are not cancelled out. A clearer version obtained from the clerk's office is attached hereto as Exhibit B. This is in stark contrast to the envelope in Document 182 (designated "Duplicate Copy"), which contains a postmark, tracking label, and cancelled stamps (Attached hereto as Exhibit C).

and 182, a signed "certificate of service" indicating that "on June 24, 2025, he placed a true and correct copy of the forgoing Motin to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the prison legal mail system, with first class postage prepaid, addressed to the following: Clerk of the Court (address omitted herein) and United States Attorney's Office (address omitted herein)." (See page 48, Doc. 179 & 182).

The United States acknowledges that under the "prison mailbox rule" a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir.1999) (explaining that under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline). The prisoner mailbox rule for habeas corpus petitions provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rules Governing Section 2255 Proceedings R. 3(d). "[U]nder the common law mailbox rule, ... an inmate bears the initial burden of alleging timely filing." *United States v. Caballero-Gonzalez*, No. NO. 5:18-CR-50023-003, 2021 WL 3177416, at *2 (W.D.Ark. July 27, 2021) (*citing United States v. Winkles*, 795 F.3d 1134, 1146 (9th Cir. 2015)); *See Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir.2001) (inmate bears burden of proving his entitlement to benefit of prison mailbox rule). As noted in *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Supreme Court held that the petitioner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities ***for forwarding to the court clerk***." The Eighth Circuit has held that the prison mailbox rule announced in *Houston v. Lack* applies to a *pro se* prisoner's petition for a writ of habeas corpus

and therefore, for the purposes of applying the one year statute of limitations in 28 U.S.C. § 2244(d)(1), the petition "is filed on the date it is delivered to prison authorities for **mailing to the clerk of the court**." *Nichols v. Bowersox*, 172 F .3d 1068, 1077–78 (8th Cir.1999). That rule is equally applicable to the one-year statute of limitations established for § 2255 motions. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir.1999). In this case, what has been filed as Document 179 was not addressed to the Court Clerk but, in fact, legal mail directed to the United States Attorney's Office. In contrast, the motion currently filed as a "duplicate" (Doc. 182), which was received nearly 2 months after Duggar's cutoff for filing a 2555 motion, was properly addressed to the Clerk of the Court and properly filed of record.

Consequently, the Clerk of the Court mistakenly opened and filed as Document 179 legal mail addressed from Duggar to the United States Attorney's Office, and it should therefore be stricken from the record.[2] And, Document 182, correctly mailed to the Court of the Clerk, and filed of record on August 18, 2025, should be deemed the "operative" or "original" filing in this matter. To be clear, the United States does intend to respond in substance to all the allegations raised by Duggar in his 2255 motion, however the contemplated correction of the record is necessary to properly respond regarding Duggar's compliance -or noncompliance- with the legal time restrictions and/or the prison mailbox rule.

---

[2] To be clear, the United States is not casting blame on the US Clerk for the filing of Doc. 179. All available evidence supports that Document 179 was in fact hand-delivered by a 3rd party (meaning an individual, not the US Postal Service nor a common carrier) and, therefore the fact it was addressed to the USAO went innocently unnoticed. The United States intends to fully address this argument in its substantive response to Duggar's 2255 filing.

## **CONCLUSION**

Based on the foregoing, the United States submits that Document 179 should be struck from the record as it was legal mail mistakenly opened and filed. Consequently, the record should be corrected to reflect that Document 182 should be deemed Duggar's properly filed 2255 motion.

Respectfully submitted,

David Clay Fowlkes
United States Attorney

By: */s/ Dustin Roberts*

Dustin Roberts
Assistant United States Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR 72901
Phone: 479-494-4058

## CERTIFICATE OF SERVICE

      I, Dustin Roberts, Assistant United States Attorney for the Western District of Arkansas, hereby certify that on August 29, 2025, a true and correct copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF System which will send notification of such filing and that a copy of the foregoing was also sent via United States Postal Service to the following non CM/ECF participant:

Joshua Duggar
#42501-509
FCI Seagoville
P.O. box 9000
Seagoville, Tx 75159

*/s/ Dustin Roberts*
Dustin Roberts
Assistant United States Attorney