US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

DEC 15 2025

By  Ronald E. Dowling
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

| | |
|---|---|
| JOSHUA JAMES DUGGAR, ) | |
|    Movant, ) | |
| v. ) | Case No. 5:21-CR-50014 |
| UNITED STATES OF AMERICA, ) | |
|    Respondent. ) | |

## MOTION FOR APPOINTMENT OF PRIVATE COUNSEL PURSUANT TO 18 U.S.C. § 3006A AND RULE 8(C) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS

**COMES NOW** Movant, Joshua James Duggar, proceeding *pro se*, and respectfully moves this Honorable Court to appoint **private counsel from the Criminal Justice Act (CJA) panel** to represent him in the evidentiary hearing scheduled for March 4, 2026, and in all further proceedings related to his Motion under 28 U.S.C. § 2255. Movant previously requested counsel on May 27, 2025 (Doc. 176), denied without prejudice on June 6, 2025 (Doc. 178). With the hearing now ordered, appointment is mandatory. In support, Movant states:

**1. Mandatory Appointment Under Rule 8(c)**

This Court has ordered an evidentiary hearing on Movant's § 2255 Motion (Doc. 179). **Rule 8(c) of the *Rules Governing Section 2255 Proceedings*** explicitly provides:

> "If an evidentiary hearing is warranted, the judge **must** appoint an attorney to represent a movant who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

Movant is indigent and qualifies for appointment under **18 U.S.C. § 3006A**. Movant's indigency was previously established via the financial affidavit submitted with the § 2255 motion (Doc. 179 at pp. 49-53), satisfying § 3006A eligibility. The condition precedent for appointing counsel is therefore mandatory.

## 2. Need for Private CJA Specialist Over Staff Counsel

Appointment of counsel is mandatory, and while there is no conflict of interest with the Federal Public Defender's Office, as it was not involved in the underlying proceedings, Movant submits that assignment of **private CJA panel counsel** is essential to effectively litigate the unique claims presented in this § 2255 action. Given the complexity and nature of the claims, private counsel **specializing in habeas corpus litigation** is necessary to meet the high standard of due process, including:

4

- **Distinct Expertise:** The issues involve highly specialized areas of law (habeas corpus procedure) and technology (forensic digital evidence), requiring a practitioner whose primary focus is often outside the scope of general criminal defense or staff public defender work.
- **Resource Allocation:** Private CJA attorneys are often better positioned to devote the extensive time and specialized technical resources necessary for a thorough, complex habeas investigation and preparation for an evidentiary hearing that has already been ordered.

### 3. Complexity of the Claims Requires Specialized Counsel

Movant's § 2255 claims present a substantial undertaking for appointed counsel, demanding specialized knowledge to adequately prepare the case for the March 4, 2026 hearing. The issues include:

- **Forensic Digital Evidence:** Counsel must have the capacity to analyze, challenge, and potentially rebut the forensic digital evidence, requiring specialized knowledge of computer forensics, data interpretation, and technical authentication.
- **Witness-Related Issues and Suppressed Material:** Effective representation demands comprehensive pre-hearing

investigation into allegations of false or unreliable expert and lay witness testimony, as well as the litigation of potential suppression of critical impeachment material (*Brady* claims).

- **Highly Technical Legal Questions:** Counsel must apply the Federal Rules of Evidence and Procedure expertly during the hearing, and advance complex arguments regarding constitutional violations of the Fifth and Sixth Amendments.

### 4. Incarceration Precludes Adequate Preparation

Movant is currently incarcerated at FCI Seagoville, and his ability to conduct the essential, immediate investigation and preparation is severely restricted. Counsel is required to conduct crucial activities that Movant cannot perform from custody, including:

- Interviewing and investigating potential witnesses.
- Gathering documents, records, or subpoenaed evidence necessary for presentation.
- Obtaining and analyzing the substantial trial and pretrial record.

Courts in this Circuit recognize that appointment of counsel is required where incarceration prevents meaningful preparation for

6

an evidentiary hearing. *See, e.g., Green v. United States*, 262 F.3d 715, 716 n.1 (8th Cir. 2001) (confirming mandatory appointment under Rule 8(c) for indigent movants at evidentiary hearings).

### 5. Appointment of Specialized Counsel Promotes Judicial Economy

The assignment of qualified, specialized CJA counsel will significantly benefit the Court and promote judicial economy. Counsel will ensure that the issues are presented clearly, evidence is authenticated properly, and the Court receives well-researched legal argument, avoiding the delays and procedural difficulties inherent in handling such complex, technical matters without specialized representation.

**WHEREFORE**, Movant respectfully requests that this Honorable Court enter an Order appointing **private counsel from the Criminal Justice Act panel** to represent him immediately in all further proceedings related to his § 2255 Motion, including the March 4, 2026 evidentiary hearing, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

_____

Joshua James Duggar, Pro Se

Reg. No. 42501-509

FCI Seagoville

P.O. Box 9000

Seagoville, TX 75159

Dated: 12/03/2025

42501-509
Joshua Duggar
#42501-509#
Federal Correctional Facility
P.O. BOX 9000
Seagoville, TX 75159
United States

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION
35. E. MOUNTAIN ST., ROOM 510
FAYETTEVILLE, AR 72701

Received WD/AR
DEC 15 2025
U.S. Clerk's Office





