IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs                                         CASE NO. 5:21-CR-50014

JOSHUA JAMES DUGGAR                                                                          DEFENDANT

## ORDER

Before the Court for consideration is Defendant's Second Motion to Appoint Counsel (ECF No. 191) filed on December 15, 2025, and referred to the undersigned for consideration.

In the Motion, Defendant seeks appointment of an attorney from the Court's CJA Panel to represent him "in the evidentiary hearing scheduled for March 4, 2026, and in all further proceedings related to his Motion under 28 U.S.C. § 2255." Defendant's Motion requests that a private CJA Panel Attorney "specializing in habeas corpus litigation" be appointed, arguing that appointed counsel is mandatory under Rule 8(c) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. Defendant says that he not only qualifies under 18 U.S.C. § 3006A, but that pursuing his complex habeas claims will require counsel with an understanding of forensic digital evidence and the abilities to evaluate false or unreliable testimony, to investigate suppressed evidence, and to advance complex constitutional arguments. (ECF No. 191). Defendant asks that he not be appointed an attorney from the Federal Public Defender's Office.

As referenced in the undersigned's prior Order, a district court has discretion to appoint counsel "for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2); *see also United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for

1

criminal defendants."). Before appointing counsel, a district court "should first determine whether the petition has presented a nonfrivolous claim[.]" *Martin v. Fayram,* 849 F.3d 691, 699 (8th Cir. 2017) (cleaned up) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)). Even if there is a nonfrivolous claim presented in a habeas petition, a district court should still consider several factors to determine if appointing counsel is appropriate, including "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims[.]" *Wiseman v. Wachendorf,* 984 F.3d 649, 655 (8th Cir. 2021), *cert denied,* 142 S.Ct. 253 (2021) (quoting *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994)).

  Several observations: First, Judge Brooks has not yet determined whether Defendant's Motion to Vacate (pursuing habeas relief) was filed in a timely manner, and Judge Brooks' January 7, 2026, Order makes clear that the upcoming Hearing on March 4th is <u>not</u> to address the merits of Defendant's habeas claims but "is instead limited to whether [Defendant's] Motion to Vacate was timely filed under the prison mailbox rule. *See Grady v. United States,* 269 F.3d 913 (8th Cir. 2001)." (ECF No. 194). Defendant is uniquely situated to testify as to what steps he took in compliance with Rule 4(c) of the Federal Rules of Appellate Procedure (while incarcerated at his facility) with respect to his Motion to Vacate; this particular issue is neither overly complex nor legally onerous and is well within Defendant's ability.

  Second, should Judge Brooks determine that Defendant's Motion to Vacate was timely filed, this is only the first step; there would need thereafter to be a determination of whether any of Defendant's habeas claims are sufficiently meritorious to entitle him to an evidentiary hearing. Importantly, Rule 8(c) creates no <u>requirement</u> to appoint counsel except for an evidentiary hearing on the merits of a § 2255 Motion. The appointment of counsel remains discretionary when no

evidentiary hearing is necessary. *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994)*; see also Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up) (no evidentiary hearing required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). Judge Brooks has been crystal clear – the March 4th hearing is not a hearing on the merits of Defendant's § 2255 Motion. That decision is one to be made in the future.

Finally, while Defendant is permitted to hire his own legal counsel, unless an evidentiary hearing is scheduled, "[t]here is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard, supra.* The law does not require that Defendant be appointed counsel for the purpose of "[i]nterviewing and investigating potential witnesses[;] [g]athering documents, records, or subpoenaed evidence necessary for presentation[; or] [o]btaining and analyzing the substantial trial and pretrial record" as described by and requested in Defendant's Motion. Should Defendant be permitted to advance his habeas claims, the undersigned would need to conduct the evaluation contemplated by *Wiseman, supra* before appointing counsel.

For these reasons, the undersigned views Defendant's Motion to Appoint Counsel (ECF No. 191) as **premature.** For the sake of efficiency, the Motion is **taken under advisement,** and the undersigned will reevaluate Defendant's request following the Court's determination on the timeliness of Defendant's § 2255 Motion.

**IT IS SO ORDERED this 14th day of January 2026.**

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE